John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh J. Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>GALLEON MANAGEMENT, LP, et al. §<br>§<br>Defendants. §<br>§ | No. 09-CV-8811-JSR<br>ECF CASE |

## ANSWER ON BEHALF OF DEFENDANT RAJ RAJARATNAM

Defendant Raj Rajaratnam ("Mr. Rajaratnam"), by his attorneys Akin Gump Strauss

Hauer & Feld LLP and in Answer to the Amended Complaint of the Securities and Exchange

Commission ("SEC"), states as follows:

## GENERAL DENIALS AND PRELIMINARY STATEMENT

A.    Mr. Rajaratnam denies that he received and/or traded on the basis of material non-

public information in the securities of Akamai, Advanced Micro Devices, Clearwire, Google,

Hilton, Intel, PeopleSupport, or Polycom as alleged in the Amended Complaint.

1

B.      Galleon employed professional analysts who covered various companies and provided in-depth analysis that was utilized for investment decisions. Those analysts conducted their own examination of the companies at issue in this Amended Complaint, utilizing their own expertise as well as third party research reports and other publicly available information to formulate their opinions. The research performed by the Galleon analysts was more detailed and precise than any of the information that the Amended Complaint alleges was purportedly conveyed to Mr. Rajaratnam.

C.      In each of the stocks where Mr. Rajaratnam is alleged to have traded based on inside information, the information that was allegedly conveyed to Mr. Rajaratnam was already public as it was widely disseminated through the press or through analysts.

D.      Galleon pursued a strategy that was in place before the alleged inside information described in the Amended Complaint was purportedly conveyed to Mr. Rajaratnam. His subsequent securities transactions were consistent with those positions and strategies.

E.      Mr. Rajaratnam did not know, and could not have reasonably known, that anyone breached a duty of trust or confidence in any discussions that he had regarding the stocks alleged in the Amended Complaint.

F.      Mr. Rajaratnam did not provide any benefit to anyone in exchange for any alleged inside information.

G.      The Government's unprecedented use of electronic surveillance in this case violated Title III and Mr. Rajaratnam's constitutional rights. Under Title III, electronic surveillance is permitted only when necessary for the investigation of specified crimes and only

when alternative investigative procedures have been tried or appear unlikely to succeed. At or around the time the Government sought authorization to intercept communications, the SEC, under the guise of an investigation of another unrelated hedge fund, had already interviewed numerous witnesses under oath, including Mr. Rajaratnam, and questioned them about the conduct alleged in the Amended Complaint. In response to requests made by the SEC, Galleon produced tens of thousands of pages of documents. None of these facts were brought to the Court's attention as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2510-2522) in connection with the wire tap applications (which are, by their nature, *ex parte*) despite the fact that the lead SEC staff attorney who participated in that SEC investigation is now a Special Assistant United States Attorney assigned to the parallel criminal case and who submitted applications in support of the Government's requests for electronic surveillance. Although these facts were well known to the Government, the Government misrepresented to the court that interviews of Mr. Rajaratnam and others could not be done and were "too risky," and that a "failed interview" would "seriously compromise the entire insider trading investigation." Furthermore, there were additional materially false statements made to the court by the Government in support of these wiretap applications including, but not limited to, the misrepresentation that CS-1, who has been identified as Roomy Khan, had "not yet been charged with any crimes," when in truth and in fact, Khan had been convicted of wire fraud in the United States District Court for the Northern District of California in 2001. Khan also pleaded guilty as part of her cooperation agreement to destroying evidence in connection with an SEC investigation in early 2008. The destruction of evidence occurred at the time Khan was a cooperating government witness and prior to the time that most of the wiretap applications were made to the court. In addition, Khan fabricated evidence in a civil case in

federal court in the Northern District of California, further calling her credibility and reliability into question.

## SUMMARY

1.     Mr. Rajaratnam currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 as to Robert Moffat ("Moffat"), New Castle, Spherix Capital, and S2 Capital. Mr. Rajaratnam admits that Galleon, at times relevant to the Amended Complaint, was a multi-billion dollar New York hedge fund that he co-founded and where he served as Managing General Partner. Mr. Rajaratnam admits that Rajiv Goel ("Goel") was employed by Intel Corporation. Mr. Rajaratnam admits that Anil Kumar ("Kumar") was employed by McKinsey & Co ("McKinsey"). Mr. Rajaratnam denies the remaining allegations in paragraph 1.

2.     Mr. Rajaratnam denies the allegations in paragraph 2 to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to other defendants.

(i)     Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(ii)     Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(iii)    Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(iv)    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

(v)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(vi)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(vii)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(viii)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(ix)    Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(x)    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

(xi)    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

3.     To the extent that paragraph 3 consists of a description of the SEC's enforcement authority, it does not require a response. Mr. Rajaratnam denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4.     Mr. Rajaratnam admits the allegations in paragraph 4.

5.     Mr. Rajaratnam admits the allegations in the first sentence. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, except he admits he lives in New York, New York and works at Galleon's New York, New York headquarters.

## DEFENDANTS

6.     Mr. Rajaratnam admits the allegations in paragraph 6, except he denies that the Diversified Fund is a tech fund.

7.     Mr. Rajaratnam admits the allegations in the first sentence. As to the second sentence, he admits he is the co-founder and the Managing General Partner of Galleon and that he serves as a portfolio manager of the Galleon Tech funds. He admits the allegations in the third and fourth sentences. Mr. Rajaratnam denies the remaining allegations in paragraph 7.

8.     Mr. Rajaratnam admits the allegations in the first sentence. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Mr. Rajaratnam admits the allegations in the third and fourth sentences.

9.      Mr. Rajaratnam admits that Kumar is a friend and that Kumar is employed by McKinsey, a global business consulting firm.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.      Mr. Rajaratnam admits that Chiesi resides in New York, New York and that she was a portfolio manager at New Castle, a hedge fund investment adviser.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.      Mr. Rajaratnam admits that Kurland is employed by New Castle.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.      Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.      Mr. Rajaratnam admits that New Castle was formerly part of Bear Stearns Asset Management, and that New Castle serves as an investment adviser to several hedge funds.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.      Mr. Rajaratnam admits that Khan was employed by Intel in the late 1990s and subsequently was employed at Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.      Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Mr. Rajaratnam admits that Far resides in California, that he is a managing partner, portfolio manager, and co-founder of Spherix Capital, a hedge fund investment adviser, and that he was previously a managing director, portfolio manager, and analyst at Galleon. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Mr. Rajaratnam admits that Lee resides in California, that he is a managing partner, portfolio manager, and co-founder of Spherix Capital, a hedge fund investment adviser. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Mr. Rajaratnam admits that Spherix Capital is a Delaware limited liability company, is a hedge fund investment adviser based in California, and is in the process of winding down its operations. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Mr. Rajaratnam admits that Hariri worked at Atheros. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. Mr. Rajaratnam admits that Goffer was affiliated with Schottenfeld and Incremental Capital. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

## RELEVANT ENTITIES

27.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except that Mr. Rajaratnam admits that Akamai provides services for facilitating the delivery of content and applications over the internet and that Akamai's stock trades on the Nasdaq under the symbol "AKAM."

28.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except that Mr. Rajaratnam admits that AMD is a semiconductor company headquartered in Sunnyvale, California and that AMD's stock trades on the NYSE under the symbol "AMD."

29.	Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, except Mr. Rajaratnam admits that Atheros is a

developer of semiconductor systems for wireless and other network communication products, and that Atheros's stock trades on the Nasdaq under the symbol "ATHR."

30.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except Mr. Rajaratnam admits that Clearwire builds and operates wireless broadband networks in the United States and abroad, that it is headquartered in Washington, and that Clearwire's stock trades on the Nasdaq under the symbol "CLWR." Mr. Rajaratnam admits that Intel or an Intel subsidiary provided financing for Clearwire's joint venture with Sprint.

31.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except that Mr. Rajaratnam admits that Google hosts an internet search engine, that it is headquartered in Mountain View, California, and that Google's stock trades on the Nasdaq under the symbol "GOOG."

32.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except that Mr. Rajaratnam admits that Hilton is an international hotel chain, that Hilton was taken private by The Blackstone Group, and that Hilton ceased trading on the NYSE, but formerly traded under the symbol "HLT."

33.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except that Mr. Rajaratnam admits that IBM is a computer technology and IT consulting firm and that IBM's stock trades on the NYSE under the symbol "IBM."

34.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except that Mr. Rajaratnam admits that Intel is a microprocessor manufacturer headquartered in Santa Clara, California, that Intel or an Intel subsidiary invested $1 billion in a joint venture in which Clearwire and Sprint agreed to combine their wireless broadband or WiMax businesses, and that Intel's stock trades on the Nasdaq under the symbol "INTC."

35.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except Mr. Rajaratnam admits that Kronos makes workforce management software for businesses, that Kronos was acquired by Hellman & Friedman, and that Kronos's stock traded on the Nasdaq under the symbol "KRON."

36.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, except Mr. Rajaratnam admits that McKinsey is a global management consulting firm that advises on issues of strategy, organization, technology, and operations, and that McKinsey provided consulting services to AMD.

38.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, except Mr. Rajaratnam admits that Moody's is a rating agency that performs research and analysis on borrower credit-worthiness, and that Moody's is a registered Nationally Recognized Statistical Rating Organization.

39.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, except that Mr. Rajaratnam admits that PeopleSupport was a business process outsourcing provider offering customer management, transcription, captioning and other services, that it merged with Aegis BPO Services Ltd., and that PeopleSupport's stock traded on the Nasdaq under the symbol "PSPT."

40.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, except that Mr. Rajaratnam admits that Polycom produces applications for voice, video, and data networking and that Polycom's stock trades on the Nasdaq under the symbol "PLCM."

41.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, except that Mr. Rajaratnam admits that SUN provides network computing infrastructure, that it is headquartered in Santa Clara, California, that SUN's stock trades on the Nasdaq under the symbol "JAVA," and that Oracle Corporation announced that it had entered into a definitive merger agreement pursuant to which it would acquire SUN.

**FACTS**

**A. Insider Trading in Polycom Securities**

42.     Mr. Rajaratnam admits that he first met Khan in the late 1990s, when she was employed at Intel.  Mr. Rajaratnam admits that Khan worked at Galleon for a time.  Mr. Rajaratnam admits that Khan approached him to inquire about working at Galleon but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that she was

facing financial difficulties at that time. Mr. Rajaratnam denies the remaining allegations in paragraph 42.

43.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Mr. Rajaratnam denies the second and third sentences of paragraph 47. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 47.

48.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date, number of shares, or number of call option contracts. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, price, or

alleged profit. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom. Mr. Rajaratnam denies the remaining allegations in paragraph 49.

50.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Mr. Rajaratnam denies the allegations in paragraph 51, except that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.

52.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning price or date. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.

53.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning price, date, or alleged profit. Mr. Rajaratnam denies the third sentence. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53.

**B. Insider Trading in Hilton Securities**

54.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, except that he denies the allegations to the extent they suggest that he received and/or traded on the basis of material non-public information in the securities of Hilton.

57.     Mr. Rajaratnam admits that Galleon traded in Hilton but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of shares. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Hilton. Mr. Rajaratnam denies that the stated purpose of the Galleon Tech funds is to make investments in the technology sector to the exclusion of other industries. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. Mr. Rajaratnam admits that Galleon traded in Hilton but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date or alleged profit.

62. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

## C. Insider Trading in Google Securities

66. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Mr. Rajaratnam denies the allegations in paragraph 68.

69.     Mr. Rajaratnam admits that Galleon traded in Google but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Google. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Mr. Rajaratnam denies the allegations in paragraph 72.

73.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

**D. Insider Trading in Kronos Securities**

78.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

## E.  Insider Trading in Intel Securities

91.     Mr. Rajaratnam denies the allegations in the first sentence.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91.

92.     Mr. Rajaratnam denies the allegations in paragraph 92.

93.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, price, or number of shares.  Mr. Rajaratnam denies that the purpose of any contact with Goel was to exchange material, nonpublic information.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, except that he denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, price, number of shares, or alleged profit. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence. To the extent the phrase "abruptly shifted course with respect to Intel" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

95.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Mr. Rajaratnam denies the allegations in the first sentence. Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97.

98.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material

non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98. To the extent that the phrase "reversed course" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

99. Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99.

100. Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101. Mr. Rajaratnam denies the allegations in paragraph 101.

102. Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102.

103.    Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, price, or alleged profit. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

**F. Insider Trading in Clearwire Securities**

104.    Mr. Rajaratnam denies the allegations in paragraph 104.

105.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106.

107.    Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire. Mr. Rajaratnam lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 107. To the extent the phrase "timely contacts" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

108.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108.

109.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.

110.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110.

111.     Mr. Rajaratnam denies the allegations in paragraph 111.

## G. Insider Trading in PeopleSupport Securities

112.    Mr. Rajaratnam denies the allegations in paragraph 112.

113.    Mr. Rajaratnam admits that Galleon once held a 25% ownership stake in PeopleSupport and that a Galleon designee was a member of the Board for some period of time. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113.

114.    Mr. Rajaratnam denies the allegations in paragraph 114.

115.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, except that he denies that he received and/or traded on the basis of material non-public information in the securities of PeopleSupport.

116.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, except that he denies that he received and/or traded on the basis of material non-public information in the securities of PeopleSupport.

## H. Insider Trading in Akamai Securities

117.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Mr. Rajaratnam denies the allegations in paragraph 120 to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

121.     Mr. Rajaratnam admits that Galleon traded in Akamai but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, price, or alleged profit. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Akamai. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121. To the extent the phrase "dramatic increase" is a characterization, it requires no response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

122.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

## I.   Insider Trading in SUN Securities

123.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

**J.   Insider Trading in AMD Securities**

130.    Mr. Rajaratnam admits that AMD announced a spinoff of its semiconductor manufacturing operations into a joint venture with a company formed by the government of Abu Dhabi and that an Abu Dhabi sovereign wealth fund would be investing in AMD. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130.

131.    Mr. Rajaratnam admits that Kumar is a friend and that Kumar is employed by McKinsey. Mr. Rajaratnam denies that received and/or traded on the basis of material non-public information in the securities of AMD. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 131.

132.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Mr. Rajaratnam denies the allegations in the first sentence of paragraph 133. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133.

134.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Mr. Rajaratnam admits that Galleon traded in AMD but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of AMD. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136. To the extent the phrase "dramatically increased" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

137.    Mr. Rajaratnam denies that he and Chiesi exchanged material, nonpublic information about the AMD Transactions. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137.

138.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    Mr. Rajaratnam denies that he and Chiesi exchanged material nonpublic information about the AMD Transactions. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140.

141.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

**K.  Insider Trading in IBM Securities**

144.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

**L.  Insider Trading in Atheros Securities**

149.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

151. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

## CLAIMS FOR RELIEF

### CLAIM 1
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against all Defendants)

154. Mr. Rajaratnam re-alleges and incorporates his answers to paragraphs 1 through 153, as though fully set forth herein.

155. Mr. Rajaratnam denies the allegations in paragraph 155 to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 as they apply to other defendants.

156. Mr. Rajaratnam denies the allegations in paragraph 156 to the extent they relate to Goel or Kumar. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 156.

157.     Mr. Rajaratnam denies the allegations in paragraph 157 to the extent they relate to Goel or Kumar.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157.

158.     Mr. Rajaratnam denies the allegations in paragraph 158 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158.

159.     Mr. Rajaratnam denies the allegations in paragraph 159 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 159.

160.     Mr. Rajaratnam denies the allegations in paragraph 160.

161.     Mr. Rajaratnam denies the allegations in paragraph 161 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 as they apply to other defendants.

162.     Mr. Rajaratnam denies the allegations in paragraph 162 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 as they apply to other defendants.

163.     Mr. Rajaratnam denies the allegations in paragraph 163 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 as they apply to other defendants.

164.    Mr. Rajaratnam denies the allegations in paragraph 164 to the extent they apply to him or to Galleon. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 as they apply to other defendants.

## CLAIM II

### Violations of Section 17(a) of the Securities Act
### (Against Galleon, Rajaratnam, Goel, Chiesi, Kurland, New Castle, Khan, Far, Lee, Far & Lee, Spherix Capital, Hariri, Shankar, Schottenfeld, Fortuna and S2 Capital)

165.    Mr. Rajaratnam re-alleges and incorporates his answers to paragraphs 1 through 164, as though fully set forth herein.

166.    Mr. Rajaratnam denies the allegations in paragraph 166 to the extent they apply to him or to Galleon. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 as they apply to other defendants.

167.    Mr. Rajaratnam denies the allegations in paragraph 167 to the extent they apply to him or to Galleon. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 as they apply to other defendants.

## RELIEF SOUGHT

Mr. Rajaratnam denies that the Commission is entitled to the relief sought in sub-sections I-V of this section to the extent the relief sought applies to him.

To the extent any allegation in the Amended Complaint is not admitted herein, it is denied.

Dated: November 24, 2009

By: _____/s/ Robert H. Hotz, Jr._____

John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh J. Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

*Attorneys for Raj Rajaratnam*