UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

- against -

GALLEON MANAGEMENT, LP, et al.,

          Defendants.

Civ. No.
09-CIV-8811 (JSR)

Defendant Anil Kumar ("Defendant"), by his attorneys, Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, PC, as and for his Answer to the Amended Complaint of November 5, 2009, states as follows:

## SUMMARY

1. That this case involves widespread and repeated insider trading at several hedge funds, including Galleon Management, LP ("Galleon"), is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that he was a Director at McKinsey & Co. ("McKinsey"), asserts his right not to be a witness against himself at this time to the extent that the allegations contained in ¶ 1 concern his own activities, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations with regard to other persons. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

2. That this case involves unlawful trading concerning insider information from at least 12 different companies is a legal conclusion to which no response is required.

(i) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(i).

(ii) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(ii).

(iii) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(iii).

(iv) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(iv).

(v) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(v).

(vi) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(vi).

(vii) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(vii).

(viii) The allegations in ¶ 2(viii) contain legal conclusions to which no response is required. To the extent that a response is required, Defendant asserts his right not to be a witness against himself at this time with respect to the allegations contained in ¶ 2(viii). Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

(ix) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(ix).

(x) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(x).

(xi) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2(xi).

## NATURE OF THE PROCEEDINGS AND THE RELIEF SOUGHT

3. The allegations in paragraph 3 contain legal conclusions and requests for relief to which no response is required.

## JURISDICTION AND VENUE

4. Paragraph 4 contains legal conclusions to which no response is required.

5. Defendant admits that Raj Rajaratnam ("Rajaratnam") lives in New York, New York and worked at Galleon's New York, New York headquarters. As to the activities of others, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 5. The remainder of ¶ 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts his right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

## **DEFENDANTS**

6. Defendant admits that Galleon was founded in 1997. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in ¶ 6.

7. Defendant admits, that Rajaratnam is 52, that Rajaratnam resides in New York, New York, that Rajaratnam is the founder and was the Managing General Partner at Galleon, that, prior to founding Galleon, Rajaratnam worked at Needham & Co. for 11 years, and that Rajaratnam obtained a degree from the University of Sussex in 1980 and an MBA from Wharton in 1983. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in ¶ 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 8.

9. Defendant admits, that he is 51 years old, that he resides in Saratoga, California, that he was a Director at McKinsey, that he is on the Executive Board of the Indian School of Business, and that he is an acquaintance of Rajaratnam. As to the remainder of ¶ 9, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 23.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 25.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 26.

## RELEVANT ENTITIES

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 27.

28. Defendant admits that AMD is headquartered in Sunnyvale, California, that AMD is a global semiconductor company, and that AMD's stock trades under the symbol "AMD." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of ¶ 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 30.

31. Defendant admits that Google is headquartered in Mountain View, California, that Google hosts one of the leading internet search engines, and that Google's stock trades under the symbol "GOOG." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 31.

32. Defendant admits that Hilton is an international hotel chain. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 32.

33. Defendant admits that IBM is headquartered in Armonk, New York, that IBM is a computer technology and IT consulting firm, and that IBM's stock trades on the New York Stock Exchange under the symbol "IBM." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 33.

34. Defendant admits that Intel is headquartered in Santa Clara, California, that Intel is one of the leading manufacturers of microprocessors, and that Intel trades on the Nasdaq under the symbol "INTC." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 34.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 36.

37. Defendant admits that McKinsey advises businesses, governments, and other institutions on issues of strategy, organization, technology, and operations, and that McKinsey provided consulting services to AMD. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 37.

38. Defendant admits that Moody's is a rating agency. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 38.

39. Defendant admits that PeopleSupport was a business process outsourcing provider offering customer management, transcription, captioning and other services, and that PeopleSupport was traded on the Nasdaq under the symbol "PSPT." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 39.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 40.

41. Defendant admits that SUN is headquartered in Santa Clara, California, that SUN provides network computing infrastructure, and that SUN's stock trades on the Nasdaq under the symbol "JAVA." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of ¶ 41.

# FACTS

## A. Insider Trading in Polycom Securities

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 42.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 43.

### a. Polycom's Q4 2005 Earnings Release – January 25, 2006.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 44.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 45.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 46.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 47.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 48.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 49.

### b. Polycom's Q1 2006 Earnings Release – April 19, 2006

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 50.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 51.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 52.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 53.

**B. Insider Trading in Hilton Securities**

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 54.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 55.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 56.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 57.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 58.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 59.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 60.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 61.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 62.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 63.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 64.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 65.

**C. Insider Trading in Google Securities**

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 66.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 68.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 69.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 70.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 72.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 73.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 74.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 75.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 76.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 77.

**D.** **Insider Trading in Kronos Securities**

78. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 78.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 79.

80. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 80.

81. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 81.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 82.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 83.

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 84.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 85.

86. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 86.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 87.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 88.

89. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 89.

90. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 90

E. **Insider Trading in Intel Securities**

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 91.

   a. **Intel's Q4 2006 Earnings Release – January 16, 2007**

92. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 92.

93. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 93.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 94.

95.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 95.

96.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 96.

**b.  Intel's Q1 2007 Earnings Release – April 17, 2007**

97.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 97.

98.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 98.

99.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 99.

100.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 100.

101.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 101.

**c.  Intel's Q3 2007 Earnings Release – October 16, 2007**

102.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 102.

103.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 103.

**F.  Insider Trading in Clearwire Securities**

104.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 104.

105.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 105.

106.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 106.

107.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 107.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 108.

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 109.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 110.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 111.

G. **Insider Trading in PeopleSupport Securities**

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 112.

113. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 113.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 114.

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 115.

116. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 116.

H. **Insider Trading in Akamai Securities**

117. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 117.

118. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 118.

119. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 119.

120. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 120.

121. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 121.

122. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 122.

### I. <u>Insider Trading in SUN Securities</u>

123. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 123.

124. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 124.

125. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 125.

126. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 126.

127. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 127.

128. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶128.

129. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 129.

### J. <u>Insider Trading in AMD Securities</u>

130. Defendant admits ¶ 130.

131. To the extent ¶ 131 calls for a legal conclusion, no response is required. To the extent a response is required, Defendant asserts his right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

132. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 132.

133. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 133. To the extent that a response is required, Defendant asserts the right not be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

134. Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

135. Defendant admits that Moffat was an IBM employee. As to the remainder of the allegations in ¶ 135, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

136. That Defendant conveyed material nonpublic information to Rajaratnam on August 15, 2008 is a legal conclusion to which no response is required. To the extent that ¶ 136 implicates his own conduct, Defendant asserts the right not to be a witness against himself at this time. As to the allegations regarding others, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 136. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

137. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 137.

138. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 138.

139. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 139.

140. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 140. To the extent that a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

141. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 141.

142. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 142.

143. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 143.

K. **Insider Trading in IBM Securities**

144. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 144.

145. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 145.

146. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 146.

147. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 147.

148. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 148.

L. **Insider Trading in Atheros Securities**

149. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 149.

150. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 150.

151. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 151.

152. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 152.

153. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 153.

## CLAIMS FOR RELIEF

### Claim I
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against all Defendants)

154. Defendant incorporates his responses to paragraphs 1 through 153, as though fully set forth herein.

155. Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

156. Paragraph 156 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts the right not to be a witness

against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

159. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 159.

160. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 160.

161. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 162.

163. Paragraph 163 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent a response is required, Defendant asserts the right not to be a witness against himself at this time. Defendant reserves the right to alter this response after receiving discovery materials that clarify the allegations herein.

### Claim II
### Violations of Section 17(a) of the Securities Act
(Against Galleon, Rajaratnam, Goel, Chiesi, Kurland, New Castle, Khan, Far, Lee, Far & Lee, Spherix Capital, Harari, Shankar, Schottenfeld, Fortuna and S2 Capital)

165. Defendant incorporates his responses to paragraphs 1 through 153, as though fully set forth herein.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 166.

167. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 167.

## RELIEF SOUGHT

The prayer for relief contains summary allegations, legal conclusions and requests for relief to which no response is required.

## DEFENSES

### Affirmative Defenses

To the extent they are relevant here, Defendant adopts and incorporates any affirmative defenses raised by any other defendants in this action.

Dated: New York, New York
November 9, 2009

MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.

BY: _____
Robert G. Morvillo
Gregory Morvillo
565 Fifth Ave.
New York, NY 10017
T: (212) 856-9600
F: (212) 856-9494

*Attorneys for Anil Kumar.*

ND: 4833-3038-4133, v. 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

GALLEON MANAGEMENT, LP, et al.,

Defendants.

Civ. No.
09-CIV-8811 (JSR)

## CERTIFICATE OF SERVICE

I, THOMAS PIRRAGLIA, hereby certify that I am not a party to these actions, am over eighteen years old, and am employed by Morvillo, Abramowitz, Grand, Anello & Bohrer, P.C., 565 Fifth Avenue, New York, New York 10017. On the 9th day of December, 2009, I caused true and correct copies of the attached Answer to the Amended Complaint, dated December 9, 2009, to be served in the above captioned proceeding by First-Class Mail via the United States Postal Services upon:

**John M. Dowd**
Akin, Gump, Strauss, Hauer & Feld
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, DC 20036

**David Rosenfeld**
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center
Suite 400
New York, NY 10281

_____
Thomas Pirraglia