UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>GALLEON MANAGEMENT, LP, RAJ RAJARATNAM, RAJIV GOEL, ANIL KUMAR, DANIELLE CHIESI, MARK KURLAND, ROBERT MOFFAT, NEW CASTLE FUNDS LLC, ROOMY KHAN, DEEP SHAH, ALI T. FAR, CHOO-BENG LEE, FAR & LEE LLC, SPHERIX CAPITAL LLC, ALI HARIRI, ZVI GOFFER, DAVID PLATE, GAUTHAM SHANKAR, SCHOTTENFELD GROUP LLC, STEVEN FORTUNA, and S2 CAPITAL MANAGEMENT, LP<br><br>Defendants. | 09 CV 8811 (JSR)<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant Danielle Chiesi, by her attorneys, Kelley Drye & Warren LLP, as and for her Answer to the Amended Complaint (the "Amended Complaint") of plaintiff, the Securities and Exchange Commission (the "Commission"), hereby responds and alleges as follows[1]:

1. To the extent paragraph 1 of the Amended Complaint contains allegations of wrongdoing by Ms. Chiesi, they are denied. Ms. Chiesi denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

---

[1] Nothing herein shall constitute, or shall be deemed to constitute, a waiver of any rights that Ms. Chiesi may have pursuant to the Fifth Amendment to the United States Constitution.

2.    To the extent paragraph 2 of the Amended Complaint contains allegations of wrongdoing by Ms. Chiesi, they are denied.  Ms. Chiesi denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

(i)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(i) of the Amended Complaint.

(ii)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(ii) of the Amended Complaint.

(iii)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(iii) of the Amended Complaint.

(iv)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(iv) of the Amended Complaint.

(v)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(v) of the Amended Complaint.

(vi)    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(vi) of the Amended Complaint.

(vii)   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(vii) of the Amended Complaint.

(viii)   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(viii) of the Amended Complaint.

(ix)   With respect to the allegations contained in paragraph 2(ix) of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

(x)   With respect to the allegations contained in paragraph 2(x) of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

(xi)   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(xi) of the Amended Complaint.

3.   States that paragraph 3 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Chiesi denies any allegations of wrongdoing by her, and denies knowledge or information sufficient to form a belief as to any remaining allegations.

4.     Admits the allegations contained in paragraph 4 of the Amended Complaint.

5.     Admits the allegations contained in the first sentence contained in paragraph 5 of the Amended Complaint.  With respect to the remaining allegations, Ms. Chiesi admits that she resides within the Southern District of New York, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.    Denies the allegations contained in paragraph 10 of the Amended Complaint, except admits that Ms. Chiesi is 43 years old, resides in New York, New York,  and is a registered hedge fund investment advisor and holds Series 7 and 63 licenses.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint, except admits that New

Castle is a registered investment adviser based in White Plains, New York, that was formerly part of Bear Stearns Asset Management.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, except admits that Akamai's stock trades on the Nasdaq under the symbol "AKAM."

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, except admits that AMD's stock trades on the New York Stock Exchange ("NYSE") under the symbol "AMD."

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, except admits that Google's stock trades on the Nasdaq under the symbol "GOOG."

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint, except admits that IBM's stock trades on the NYSE under the symbol "IBM."

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint, except admits that Intel's stock trades on the Nasdaq under the symbol "INTC."

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint, except admits that SUN's stock trades on the Nasdaq under the symbol "JAVA.".

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Amended Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Amended Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Amended Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Amended Complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Amended Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Amended Complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Amended Complaint.

108.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Amended Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Amended Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Amended Complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Amended Complaint.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Amended Complaint.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Amended Complaint.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Amended Complaint.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Amended Complaint.

117. With respect to the allegations contained in paragraph 117 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Amended Complaint.

119. With respect to the allegations contained in paragraph 119 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

120. With respect to the allegations contained in paragraph 120 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information.

121. With respect to the allegations contained in paragraph 121 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

122. With respect to the allegations contained in paragraph 122 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

123. Denies the allegations contained in paragraph 123 of the Amended Complaint.

124. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Amended Complaint.

125. With respect to the allegations contained in paragraph 125 of the Amended Complaint, denies that Ms. Chiesi and Moffat "are friends," and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

126. With respect to the allegations contained in paragraph 126 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

127. With respect to the allegations contained in paragraph 127 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

128. With respect to the allegations contained in paragraph 128 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Amended Complaint.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Amended Complaint.

131. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Amended Complaint.

132. Denies the allegations contained in paragraph 132 of the Amended Complaint.

133. Denies the allegations contained in paragraph 133 of the Amended Complaint.

134. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Amended Complaint.

135. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Amended Complaint.

136. With respect to the allegations contained in paragraph 136 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

137. With respect to the allegations contained in paragraph 137 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

138. Denies the allegations contained in paragraph 138 of the Amended Complaint.

139. Denies the allegations contained in paragraph 139 of the Amended Complaint.

140. Denies the allegations contained in paragraph 140 of the Amended Complaint.

141. With respect to the allegations contained in paragraph 141 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

142. With respect to the allegations contained in paragraph 142 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

143. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Amended Complaint.

144. Denies the allegations contained in paragraph 144 of the Amended Complaint.

145. With respect to the allegations contained in paragraph 145 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

146. With respect to the allegations contained in paragraph 146 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

147. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Amended Complaint.

148. With respect to the allegations contained in paragraph 148 of the Amended Complaint, denies any allegation that Ms. Chiesi received, distributed or otherwise made use of material nonpublic information, and denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained therein.

149.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Amended Complaint.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Amended Complaint.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Amended Complaint.

152.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Amended Complaint.

153.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Amended Complaint.

154.     Repeats and realleges her responses to paragraphs 1 through 153 of the Amended Complaint, as if fully stated herein.

155.     Denies the allegations contained in paragraph 155 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

156.     Denies the allegations contained in paragraph 156 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

157.     Denies the allegations contained in paragraph 157 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

158.     Denies the allegations contained in paragraph 158 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

159.     Denies the allegations contained in paragraph 159 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

160.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Amended Complaint.

161.     Denies the allegations contained in paragraph 161 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

162.     Denies the allegations contained in paragraph 162 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

163.     Denies the allegations contained in paragraph 163 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

164. Denies the allegations contained in paragraph 164 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

165. Repeats and realleges her responses to paragraphs 1 through 164 of the Amended Complaint, as if fully stated herein.

166. Denies the allegations contained in paragraph 166 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else.

167. Denies the allegations contained in paragraph 168 of the Amended Complaint to the extent they are asserted against Ms. Chiesi, and denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are asserted against anyone else, and denies that the Commission is entitled to any of the relief requested against Ms. Chiesi in the following WHEREFORE clause.

WHEREFORE defendant Danielle Chiese demands judgment dismissing the Complaint on the merits in its entirety with prejudice, and awarding her costs, disbursements, reasonable attorney's fees, and any such additional relief that the Court deems just and proper.

Dated: New York, New York
December 9, 2009

KELLEY DRYE & WARREN LLP

By: _____

Alan R. Kaufman
Thomas B. Kinzler
David Zalman
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
akaufman@kelleydrye.com
tkinzler@kelleydrye.com
dzalman@kelleydrye.com

*Attorneys for Defendant Danielle Chiesi*