Norman A. Bloch (norman.bloch@thompsonhine.com)
Sunny H. Kim (sunny.kim@thompsonhine.com)
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
(212) 344-5680

Attorneys for Defendant Rajiv Goel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 09 Civ. 8811 (JSR)<br>ECF Case |
| Plaintiff, | |
| - vs - | **ANSWER OF DEFENDANT RAJIV GOEL TO THE AMENDED COMPLAINT** |
| GALLEON MANAGEMENT, LP, ET AL., | |
| Defendants. | |

Defendant Rajiv Goel ("Mr. Goel"), by and through his attorneys, hereby answers the

Amended Complaint filed on November 5, 2009 by the Securities and Exchange Commission

(the "Amended Complaint") as follows:

## SUMMARY[1]

1.    To the extent the allegations contained in paragraph 1 of the Amended Complaint

do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the

truth of the allegations.  The subject matter of the Amended Complaint is also alleged in certain

pending prosecutions brought by the United States Attorney's Office for the Southern District of

New York, one of which names Mr. Goel as a defendant.  Accordingly, to the extent the

---

[1]    The headings in this Answer serve only as references to the corresponding sections of the Amended Complaint. The use and wording of these headings are not intended to be and should not be construed as an admission of what the facts or evidence will show.

allegations contained in paragraph 1 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

2.     To the extent the allegations contained in paragraph 2 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 2 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

(i)     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(ii)    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(iii)   Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(iv)     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(v)      To the extent the allegations contained in this subparagraph of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in this subparagraph of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

(vi)     To the extent the allegations contained in this subparagraph of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in this subparagraph of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

(vii)   To the extent the allegations contained in this subparagraph of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in this subparagraph of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

(viii)  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(ix)    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(x)     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

(xi)    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this subparagraph of the Amended Complaint.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

3.     Paragraph 3 of the Amended Complaint states legal conclusions for which no responsive pleading is required.  To the extent the allegations contained in paragraph 3 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 3 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

## JURISDICTION AND VENUE

4.     Paragraph 4 of the Amended Complaint states a legal conclusion for which no responsive pleading is required.

5.     The first sentence of paragraph 5 of the Amended Complaint states a legal conclusion for which no responsive pleading is required.  To the extent the allegations contained in paragraph 5 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 5 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

## DEFENDANTS

6. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Mr. Goel admits that he is 51 years old and that he resides in Los Altos Hills, California. With regard to the other allegations contained in paragraph 8 of the Amended Complaint, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

9. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

## RELEVANT ENTITIES

27.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, except Mr. Goel admits that Akamai is headquartered in Cambridge, Massachusetts and trades on the NASDAQ Stock Market ("NASDAQ") under the symbol "AKAM."

28.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, except Mr. Goel admits that AMD is headquartered in Sunnyvale, California and trades on the New York Stock Exchange ("NYSE") under the symbol "AMD."

29.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint, except Mr. Goel admits that Atheros is headquartered in Santa Clara, California and trades on the NASDAQ under the symbol "ATHR."

30.     On the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself in response to the allegations contained in paragraph 30 of the Amended Complaint, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading, except Mr. Goel admits that Clearwire is headquartered in Kirkland, Washington and trades on the NASDAQ under the symbol "CLWR."

31.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, except Mr. Goel admits that Google is headquartered in Mountain View, California and trades on the NASDAQ under the symbol "GOOG."

32.     On the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself in response to the allegations contained in paragraph 32 of the Amended Complaint, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading, except Mr. Goel admits that Hilton is headquartered in Beverly Hills, California.

33.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint, except Mr. Goel admits that IBM is headquartered in Armonk, New York and trades on the NYSE under the symbol "IBM."

34.     On the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself in response to the allegations contained in paragraph 34 of the Amended Complaint, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading, except Mr. Goel admits that Intel is headquartered in Santa Clara, California and trades on the NASDAQ under the symbol "INTC."

35. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint, except Mr. Goel admits that Kronos is headquartered in Chelmsford, Massachusetts.

36. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. On the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself in response to the allegations contained in paragraph 39 of the Amended Complaint, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading, except Mr. Goel admits that PeopleSupport is headquartered in Los Angeles, California.

40. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint, except Mr. Goel admits that Polycom is headquartered in Pleasanton, California and trades on the NASDAQ under the symbol "PLCM."

41. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint, except Mr. Goel admits that SUN is headquartered in Santa Clara, California and trades on the NASDAQ under the symbol "JAVA."

## FACTS

**A.    Insider Trading in Polycom Securities**

42.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

**B.** **Insider Trading in Hilton Securities**

54. To the extent the allegations contained in paragraph 54 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 54 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

55. To the extent the allegations contained in paragraph 55 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 55 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

56. To the extent the allegations contained in paragraph 56 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent the allegations contained in paragraph 56 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

57. To the extent the allegations contained in paragraph 57 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 57 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

58. To the extent the allegations contained in paragraph 58 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 58 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

59. To the extent the allegations contained in paragraph 59 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 59 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

60. To the extent the allegations contained in paragraph 60 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 60 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

61. To the extent the allegations contained in paragraph 61 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 61 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

62.     To the extent the allegations contained in paragraph 62 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 62 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

63.     To the extent the allegations contained in paragraph 63 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 63 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

64.     To the extent the allegations contained in paragraph 64 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 64 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to

be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

65. To the extent the allegations contained in paragraph 65 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 65 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

## C. Insider Trading in Google Securities

66. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint.

77. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.

**D.**     **Insider Trading in Kronos Securities**

78. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint.

83.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint.

85.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint.

87.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint.

88.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint.

89.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.

90.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint.

**E.    Insider Trading in Intel Securities**

91.    To the extent the allegations contained in paragraph 91 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 91 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his

right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

92.    To the extent the allegations contained in paragraph 92 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 92 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

93.    To the extent the allegations contained in paragraph 93 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 93 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

94.    To the extent the allegations contained in paragraph 94 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 94 of

the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

95. To the extent the allegations contained in paragraph 95 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 95 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

96. To the extent the allegations contained in paragraph 96 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 96 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

97. To the extent the allegations contained in paragraph 97 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent the allegations contained in paragraph 97 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

98. To the extent the allegations contained in paragraph 98 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 98 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

99. To the extent the allegations contained in paragraph 99 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 99 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

100. To the extent the allegations contained in paragraph 100 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 100 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

101. To the extent the allegations contained in paragraph 101 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 101 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

102. To the extent the allegations contained in paragraph 102 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 102 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

103. To the extent the allegations contained in paragraph 103 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 103 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

F. **Insider Trading in Clearwire Securities**

104. To the extent the allegations contained in paragraph 104 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 104 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

105. To the extent the allegations contained in paragraph 105 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 105 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts

his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

106. To the extent the allegations contained in paragraph 106 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 106 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

107. To the extent the allegations contained in paragraph 107 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 107 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

108. To the extent the allegations contained in paragraph 108 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 108

of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

109. To the extent the allegations contained in paragraph 109 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 109 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

110. To the extent the allegations contained in paragraph 110 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 110 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

111. To the extent the allegations contained in paragraph 111 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent the allegations contained in paragraph 111 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

### G.    Insider Trading in PeopleSupport Securities

112.    To the extent the allegations contained in paragraph 112 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 112 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

113.    To the extent the allegations contained in paragraph 113 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 113 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

114. To the extent the allegations contained in paragraph 114 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 114 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

115. To the extent the allegations contained in paragraph 115 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 115 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

116. To the extent the allegations contained in paragraph 116 of the Amended Complaint do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 116 of the Amended Complaint relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for

purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

**H.  Insider Trading in Akamai Securities**

117.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Amended Complaint.

118.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Amended Complaint.

119.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Amended Complaint.

120.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Amended Complaint.

121.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Amended Complaint.

122.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Amended Complaint.

**I.  Insider Trading in SUN Securities**

123.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Amended Complaint.

124.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Amended Complaint.

125.  Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint.

126.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint.

127.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint.

128.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Complaint.

129.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Amended Complaint.

**J.      Insider Trading in AMD Securities**

130.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Amended Complaint.

131.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Amended Complaint.

132.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Amended Complaint.

133.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Amended Complaint.

134.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Amended Complaint.

135.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Amended Complaint.

136.     Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Amended Complaint.

137.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Amended Complaint.

138.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Amended Complaint.

139.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Amended Complaint.

140.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Amended Complaint.

141.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Amended Complaint.

142.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Amended Complaint.

143.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Amended Complaint.

## K.    Insider Trading in IBM Securities

144.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Amended Complaint.

145.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Amended Complaint.

146.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Amended Complaint.

147.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Amended Complaint.

148.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Amended Complaint.

**L.    Insider Trading in Atheros Securities**

149.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Amended Complaint.

150.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Amended Complaint.

151.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Amended Complaint.

152.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Amended Complaint.

153.    Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Amended Complaint.

## CLAIMS FOR RELIEF

### CLAIM I
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against All Defendants)

154.    Mr. Goel repeats his responses to each and every allegation contained in paragraphs 1 through 153 of the Amended Complaint as if set forth fully herein.

155.    To the extent paragraph 155 of the Amended Complaint states a legal conclusion, no responsive pleading is required.  To the extent the allegations contained in paragraph 155 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 155 of the Amended Complaint require a response and relate

to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

156. To the extent paragraph 156 of the Amended Complaint states a legal conclusion, no responsive pleading is required. To the extent the allegations contained in paragraph 156 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 156 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

157. To the extent paragraph 157 of the Amended Complaint states a legal conclusion, no responsive pleading is required. To the extent the allegations contained in paragraph 157 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 157 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R.

Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

158. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Amended Complaint.

159. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Amended Complaint.

160. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Amended Complaint.

161. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Amended Complaint.

162. Mr. Goel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Amended Complaint.

163. To the extent paragraph 163 of the Amended Complaint states a legal conclusion, no responsive pleading is required. To the extent the allegations contained in paragraph 163 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 163 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

164.    To the extent paragraph 164 of the Amended Complaint states a legal conclusion, no responsive pleading is required.  To the extent the allegations contained in paragraph 164 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 164 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

### CLAIM II
### Violations of Section 17(a) of the Securities Act
**(Against Galleon, Rajaratnam, Goel, Chiesi, Kurland, New Castle, Khan, Far, Lee, Far & Lee, Spherix Capital, Hariri, Shankar, Schottenfeld, Fortuna and S2 Capital)**

165.    Mr. Goel repeats his responses to each and every allegation contained in paragraphs 1 through 164 of the Amended Complaint as if set forth fully herein.

166.    To the extent paragraph 166 of the Amended Complaint states a legal conclusion, no responsive pleading is required.  To the extent the allegations contained in paragraph 166 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations contained in paragraph 166 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R.

Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

167. To the extent paragraph 167 of the Amended Complaint states a legal conclusion, no responsive pleading is required. To the extent the allegations contained in paragraph 167 of the Amended Complaint require a response and do not relate to Mr. Goel, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations contained in paragraph 167 of the Amended Complaint require a response and relate to Mr. Goel, on the advice of counsel, Mr. Goel hereby asserts his right under the Fifth Amendment to the Constitution of the United States not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 8, Fed. R. Civ. P., and is subject to Mr. Goel's right under Rule 15(a), Fed. R. Civ. P., to amend this pleading.

## RELIEF SOUGHT

Subsections I-V of this section make no allegations for which a responsive pleading is required.

## AFFIRMATIVE DEFENSES

Mr. Goel presently lacks sufficient knowledge or information upon which to form a belief as to whether there may be available any as yet unstated affirmative defenses. Mr. Goel hereby gives notice that he intends to rely upon any such defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer and assert all such defenses.

Dated: New York, New York
      December 9, 2009

Norman A. Bloch
Sunny H. Kim
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680

Attorneys for Defendant Rajiv Goel