Harlan J. Protass (HP-2826)
LAW OFFICES OF HARLAN J. PROTASS, PLLC
305 Madison Avenue – Suite 1301
New York, New York 10165
T. 212-922-1080
F. 212-949-8255
hprotass@protasslaw.com

*Counsel for Defendant Ali Mr. Hariri*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,   :

                      Plaintiff,   :

          v.   :

GALLEON MANAGEMENT, LP,   :
RAJ RAJARATNAM,   :
RAJIV GOEL,   :
ANIL KUMAR,   :
DANIELLE CHIESI,   :
MARK KURLAND,   :
ROBERT MOFFAT,   :
NEW CASTLE FUNDS LLC,   :
ROOMY KHAN,   :
DEEP SHAH,   :
ALI T. FAR,   :
CHOO-BENG LEE,   :
FAR & LEE LLC,   :
SPHERIX CAPITAL LLC,   :
ALI HARIRI,   :
ZVI GOFFER,   :
DAVID PLATE,   :
GAUTHAM SHANKAR,   :
SCHOTTENFELD GROUP LLC,   :
STEVEN FORTUNA,   :
   and   :
S2 CAPITAL MANAGEMENT, LP,   :

                    Defendants.   :

-------------------------------------------------------------x

Case No. 09 Civ. 8811 (JSR)

ECF CASE

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALI HARIRI

Defendant Ali Hariri, by his undersigned counsel, answers and asserts the following affirmative defenses in response to the amended complaint (the "Amended Complaint") of plaintiff Securities and Exchange Commission. This unsworn and non-testimonial answer, filed by and through the undersigned counsel, does not constitute, and is not intended to constitute, a waiver of Mr. Hariri's privilege against self-incrimination as provided for by the Fifth Amendment to the Constitution of the United States and/or Article I, Section 6 of the Constitution of the State of New York (the "Privilege Against Self-Incrimination"). Mr. Hariri reserves the right to assert the Privilege Against Self-Incrimination or any other applicable privilege or protection in this or any other proceeding.

1.     Paragraph 1 of the Amended Complaint contains legal conclusions to which no response is necessary. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 1 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Amended Complaint.

2.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraphs 2(i) through 2(x) of the Amended Complaint. Mr. Hariri admits that he is an employee of Atheros Communications, Inc. On the advice of counsel Mr. Hariri otherwise respectfully declines to respond to the allegations in Paragraph 2(xi) of the Amended Complaint based on the Privilege Against Self-Incrimination.

3.     Paragraph 3 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri denies the allegations in Paragraph 3 of the Amended Complaint, and, for a further answer, refers the Court

to 15 U.S.C. § 77t, 15 U.S.C. § 78u, 15 U.S.C. § 78u-1, 15 U.S.C. § 78l and 15 U.S.C. § 78o for true and complete statements of those sections of the United States Code.

4.      Paragraph 4 of the Amended Complaint contains legal conclusions to which no answer is required.  To the extent that an answer may be required, Mr. Hariri denies the allegations in Paragraph 4 of the Amended Complaint, and, for a further answer, refers the Court to 15 U.S.C. § 77t, 15 U.S.C. §77v, 15 U.S.C. § 78u and 15 U.S.C. §78aa for true and complete statements of those sections of the United States Code.

5.      The first sentence of Paragraph 5 of the Amended Complaint contains legal conclusions to which no answer is required.  To the extent that an answer may be required, Mr. Hariri denies the allegations in the first sentence of Paragraph 5 of the Amended Complaint, and, for a further answer, refers the Court to 15 U.S.C. § 77t, 15 U.S.C. § 77v, 15 U.S.C. § 78u, 15 U.S.C. § 78u-1 and 15 U.S.C. § 78aa for true and complete statements of those sections of the United States Code.  On the advice of counsel Mr. Hariri respectfully declines to respond to the allegations in the second sentence of Paragraph 5 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination.  Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 5 of the Amended Complaint.

6.      Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Amended Complaint.

7.      Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Amended Complaint.

8.      Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Amended Complaint.

9.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Amended Complaint.

10.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Amended Complaint.

11.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Amended Complaint.

12.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Amended Complaint.

13.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Amended Complaint.

14.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint.

15.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Amended Complaint.

16.    Mr. Hariri admits that defendant Ali Far resides in Saratoga, CA. Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Amended Complaint.

17.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Amended Complaint.

18.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Amended Complaint.

19.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Amended Complaint.

20.    Mr. Hariri admits the allegations in Paragraph 20 of the Amended Complaint.

21.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Amended Complaint.

22.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Amended Complaint.

23.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint.

24.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Amended Complaint.

25.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Amended Complaint.

26.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint.

27.     Mr. Hariri admits that the securities of Akamai Technologies, Inc. trade under the symbol "AKAM." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Amended Complaint.

28.     Mr. Hariri admits that the securities of Advanced Micro Devices Inc. trade under the symbol "AMD." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Amended Complaint.

29.     Mr. Hariri admits the allegations in the first and second sentences of Paragraph 29 of the Amended Complaint. Mr. Hariri admits that the securities of Atheros Communications, Inc. trade under the symbol "ATHR." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 29 of the Amended Complaint.

30.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Amended Complaint.

31.     Mr. Hariri admits that the securities of Google, Inc. trade under the symbol "GOOG." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Amended Complaint.

32.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint.

33.     Mr. Hariri admits that the securities of IBM Corporation trade under the symbol "IBM." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Amended Complaint.

34.     Mr. Hariri admits that the securities of Intel Corporation trade under the symbol "INTC." Mr. Hariri is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Amended Complaint.

35.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Amended Complaint.

36.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Amended Complaint.

37.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Amended Complaint.

38.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint.

39.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Amended Complaint.

40.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Amended Complaint.

41.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Amended Complaint.

42.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Amended Complaint.

43.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Amended Complaint.

44.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Amended Complaint.

45.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Amended Complaint.

46.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Amended Complaint.

47.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Amended Complaint.

48.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Amended Complaint.

49.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Amended Complaint.

50.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Amended Complaint.

51.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Amended Complaint.

52.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Amended Complaint.

53.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Amended Complaint.

54.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Amended Complaint.

55.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint.

56.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Amended Complaint.

57.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint.

58.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Amended Complaint.

59.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Amended Complaint.

60.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Amended Complaint.

61.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Amended Complaint.

62.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Amended Complaint.

63.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Amended Complaint.

64.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Amended Complaint.

65.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Amended Complaint.

66.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Amended Complaint.

67.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Amended Complaint.

68.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Amended Complaint.

69.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Amended Complaint.

70.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Amended Complaint.

71.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Amended Complaint.

72.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Amended Complaint.

73.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Amended Complaint.

74.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Amended Complaint.

75.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Amended Complaint.

76.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Amended Complaint.

77.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Amended Complaint.

78.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Amended Complaint.

79.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Amended Complaint.

80.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Amended Complaint.

81.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Amended Complaint.

82.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Amended Complaint.

83.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Amended Complaint.

84.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Amended Complaint.

85.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Amended Complaint.

86.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Amended Complaint.

87.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Amended Complaint.

88.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Amended Complaint.

89.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Amended Complaint.

90.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Amended Complaint.

91.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Amended Complaint.

92.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Amended Complaint.

93.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Amended Complaint.

94.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Amended Complaint.

95.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Amended Complaint.

96.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Amended Complaint.

97.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Amended Complaint.

98.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Amended Complaint.

99.     Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Amended Complaint.

100.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Amended Complaint.

101.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Amended Complaint.

102.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Amended Complaint.

103.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Amended Complaint.

104.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Amended Complaint.

105.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Amended Complaint.

106.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Amended Complaint.

107.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Amended Complaint.

108.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Amended Complaint.

109.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Amended Complaint.

110.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Amended Complaint.

111.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111 of the Amended Complaint.

112.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Amended Complaint.

113.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Amended Complaint.

114.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Amended Complaint.

115.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Amended Complaint.

116.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Amended Complaint.

117.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Amended Complaint.

118.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Amended Complaint.

119.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 119 of the Amended Complaint.

120.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Amended Complaint.

121.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Amended Complaint.

122.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Amended Complaint.

123.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Amended Complaint.

124. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 124 of the Amended Complaint.

125. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Amended Complaint.

126. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 126 of the Amended Complaint.

127. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 127 of the Amended Complaint.

128. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the Amended Complaint.

129. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 129 of the Amended Complaint.

130. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 130 of the Amended Complaint.

131. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Amended Complaint.

132. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Amended Complaint.

133. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Amended Complaint.

134. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Amended Complaint.

135. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Amended Complaint.

136.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Amended Complaint.

137.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Amended Complaint.

138.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 138 of the Amended Complaint.

139.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the Amended Complaint.

140.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 140 of the Amended Complaint.

141.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the Amended Complaint.

142.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the Amended Complaint.

143.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 143 of the Amended Complaint.

144.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Amended Complaint.

145.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Amended Complaint.

146.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Amended Complaint.

147.    Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 147 of the Amended Complaint.

148. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Amended Complaint.

149. Mr. Hariri admits that he is a Vice President at Atheros Communications, Inc., and that he knows defendant Ali Far. On the advice of counsel Mr. Hariri otherwise respectfully declines to respond to the allegations in Paragraph 149 of the Amended Complaint based on the Privilege Against Self-Incrimination.

150. Mr. Hariri admits the allegations in the first and fourth sentences of Paragraph 150 of the Amended Complaint. On the advice of counsel Mr. Hariri respectfully declines to respond to the allegations in the second sentence of Paragraph 150 of the Amended Complaint based on the Privilege Against Self-Incrimination. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the third and fifth sentences of Paragraph 150 of the Amended Complaint.

151. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Amended Complaint.

152. Mr. Hariri admits the allegations in the first sentence of Paragraph 152 of the Amended Complaint. On the advice of counsel Mr. Hariri respectfully declines to respond to the allegations in the second sentence of Paragraph 152 of the Amended Complaint based on the Privilege Against Self-Incrimination. Mr. Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 152 of the Amended Complaint.

153. Mr. Hariri admits the allegations in the first and fifth sentences of Paragraph 153 of the Amended Complaint. On the advice of counsel Mr. Hariri respectfully declines to respond to the allegations in the second and fourth sentences of Paragraph 153 of the Amended Complaint based on the Privilege Against Self-Incrimination. Mr. Hariri is without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in the third and sixth sentences of Paragraph 153 of the Amended Complaint.

154. Mr. Hariri incorporates by reference his responses to Paragraphs 1 to 153 of the Amended Complaint as though fully restated herein.

155. Paragraph 155 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 155 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Amended Complaint.

156. Paragraph 156 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 156 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Amended Complaint.

157. Paragraph 157 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 157 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 157 of the Amended Complaint.

158. Paragraph 158 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of

counsel, respectfully declines to respond to the allegations in Paragraph 158 of the Amended

Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is

otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of

the allegations in Paragraph 158 of the Amended Complaint.

159. Paragraph 159 of the Amended Complaint contains legal conclusions to which no

answer is required. To the extent that an answer may be required, Mr. Hariri is without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph

159 of the Amended Complaint.

160. Mr. Hariri is without sufficient knowledge of information to form a belief as to

the truth or falsity of the allegations in the first sentence of Paragraph 160 of the Amended

Complaint. The second sentence of Paragraph 160 of the Amended Complaint contains legal

conclusions to which no answer is required. To the extent that an answer may be required, Mr.

Hariri is without sufficient knowledge or information to form a belief as to the truth or falsity of

the allegations in the second sentence of Paragraph 160 of the Amended Complaint.

161. Paragraph 161 of the Amended Complaint contains legal conclusions to which no

answer is required. To the extent that an answer may be required, Mr. Hariri is without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph

161 of the Amended Complaint.

162. Paragraph 162 of the Amended Complaint contains legal conclusions to which no

answer is required. To the extent that an answer may be required, Mr. Hariri is without sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph

162 of the Amended Complaint.

163. Paragraph 163 of the Amended Complaint contains legal conclusions to which no

answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of

counsel, respectfully declines to respond to the allegations in Paragraph 163 so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Amended Complaint.

164. Paragraph 164 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 164 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the Amended Complaint, and, for a further answer, refers the Court to 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 for true and complete statements of those sections of the United States Code and the Code of Federal Regulations, respectively.

165. Mr. Hariri incorporates by reference his responses to Paragraphs 1 to 164 of the Amended Complaint as though fully restated herein.

166. Paragraph 166 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 166 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, and is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Amended Complaint.

167. Paragraph 167 of the Amended Complaint contains legal conclusions to which no answer is required. To the extent that an answer may be required, Mr. Hariri, on the advice of counsel, respectfully declines to respond to the allegations in Paragraph 167 of the Amended Complaint so far as they relate to him based on the Privilege Against Self-Incrimination, is

otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Amended Complaint, and, for a further answer, refers the Court to 15 U.S.C. § 77q(a) for a true and complete statement of that section of the United States Code.

RELIEF SOUGHT

The "Relief Sought" section of the Amended Complaint contains summary allegations, legal conclusions and requests for relief for which no answer is required.

AFFIRMATIVE DEFENSES

Mr. Hariri adopts and incorporates by reference any and all affirmative defenses raised by any of the defendants in the referenced matter to the extent they are relevant here.

Dated: New York, New York
       December 16, 2009

LAW OFFICES OF HARLAN J. PROTASS, PLLC

By: _____
      Harlan J. Protass (HP-2826)
      305 Madison Avenue – Suite 1301
      New York, New York 10165
      T. 212-922-1080
      F. 212-949-8255
      hprotass@protasslaw.com

*Counsel for Defendant Ali Hariri*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 16, 2009 I caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALI HARIRI to be: (1) filed electronically and served on all parties by operation of this Court's electronic filing system, who may access this filing through the Court's CM/ECF System; and (2) served by first class mail, postage prepaid upon the following:

> John M. Dowd, Esq.
> Akin, Gump, Straus, Hauer & Feld
> 1333 New Hampshire Avenue, NW
> Suite 400
> Washington, DC 20036

> David Rosenfeld, Esq.
> U.S. Securities and Exchange Commission
> Northeast Regional Office
> 3 World Financial Center
> New York, NY 10281

Harlan J. Protass