SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – Suite 400
New York, New York 10281-1022
(212) 336-0175

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

  -against-

GALLEON MANAGEMENT, LP,
RAJ RAJARATNAM,
RAJIV GOEL,
ANIL KUMAR,
DANIELLE CHIESI,
MARK KURLAND,
ROBERT MOFFAT,
NEW CASTLE FUNDS LLC,
ROOMY KHAN,
DEEP SHAH,
ALI T. FAR,
CHOO-BENG LEE,
FAR & LEE LLC,
SPHERIX CAPITAL LLC,
ALI HARIRI,
ZVI GOFFER,
DAVID PLATE,
GAUTHAM SHANKAR,
SCHOTTENFELD GROUP LLC,
STEVEN FORTUNA,
 and
S2 CAPITAL MANAGEMENT, LP,

       Defendants.

09 Civ. 8811 (JSR)

ECF CASE

---

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT

# TABLE OF CONTENTS

                                                                                            **Page**

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................. 1

Statement of Facts ................................................................................................... 1

    Background ...................................................................................................... 1

    The Proposed Amendment .............................................................................. 2

Argument ................................................................................................................. 4

Conclusion ............................................................................................................... 7

# TABLE OF AUTHORITIES

                                                               Page

**Cases**

Block v. First Blood Assocs., 988 F.2d 344 (2d Cir. 1993) .............................. 4

Cornell & Co. Inc. v. Occupational Safety & Health Review Comm'n,
   573 F.2d 820 (3d Cir. 1978) ........................................................................ 6

Foman v. Davis, 371 U.S. 178 (1962) ................................................................ 4

Harrison Beverage Co. v. Dribeck Imps., Inc.,
   133 F.R.D. 463 (D.N.J. 1990) ..................................................................... 6

Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647 (2d Cir. 1987) .......... 4

SEC v. Cavanagh, 98 Civ. 1818 (DLC), 1998 WL 440029
   (S.D.N.Y. Jul. 27, 1998) .............................................................................. 4

SEC v. DCI Telecom, Inc., 207 F.R.D. 32 (S.D.N.Y. 2002) .............................. 4

S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1
   Housing Dev. Fund Co., 608 F.2d 28 (2d Cir. 1979) .................................. 4

**Statutes and Rules**

15 U.S.C. § 77q(a) .............................................................................................. 2

15 U.S.C. § 78j(b) ............................................................................................... 2

17 C.F.R. § 240.10b-5 ......................................................................................... 2

Fed. R. Civ. P. 15(a)(2) ....................................................................................... 4

**Treatises**

6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure
§ 1488 (2009) ..................................................................................................... 4

## PRELIMINARY STATEMENT

The Securities and Exchange Commission ("Commission") respectfully seeks leave, pursuant to Fed. R. Civ. P. 15(a)(2), to file a Second Amended Complaint ("SAC") in the form attached as Exhibit A to the Declaration of Matthew J. Watkins ("Decl."). The SAC incorporates information that only recently came to light as a result of defendant Anil Kumar's ("Kumar's") guilty plea in a related criminal proceeding. The SAC adds allegations concerning instances of insider trading in the securities of two additional companies by two defendants in this action, Raj Rajaratnam ("Rajaratnam") and Kumar. It also adds details of an illicit payment scheme between Rajaratnam and Kumar. Finally, the SAC adds a claim relating to these allegations against Kumar for violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"). The Court should grant leave to file the SAC because discovery in this case is in a relatively early stage, defendants can demonstrate no prejudice from the proposed amendment, and the proposed amendment will not delay the resolution of this action.

## STATEMENT OF FACTS

### I. Background

On October 16, 2009, the Commission filed a complaint charging six individuals, including Rajaratnam and Kumar, and two hedge funds with engaging in widespread and repeated insider trading that generated over $25 million in profits. Rajaratnam is the founder and a Managing General Partner of Galleon Management, LP ("Galleon"), a New York hedge fund which at the time had billions of dollars under management. When the complaint was filed, Kumar, a friend of Rajaratnam's and a Galleon investor, was a director at the global consulting firm McKinsey & Co. ("McKinsey"). The Commission's complaint alleged that Rajaratnam unlawfully traded based on inside information involving eight different companies. It further

1

alleged that in 2008 Kumar acquired material non-public information while working as a McKinsey consultant to Advanced Micro Devices Inc. ("AMD") and passed that information to Rajaratnam, who traded on it. The complaint charged Rajaratnam and Kumar with violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Rajaratnam with violations of Section 17(a) of the Securities Act.[1] On November 5, 2009, the Commission filed an amended complaint charging an additional ten individuals and four entities with illegal insider trading that generated nearly $8 million more in unlawful profits.

On November 4, 2009, the Court entered a case management plan setting a deadline of December 15, 2009 for amendment of pleadings without leave of court, an April 30, 2010 discovery deadline and an August 2, 2010 trial date. Discovery in the case is currently proceeding. The Commission has produced numerous documents to the defendants, and is awaiting document production from certain defendants, including Rajaratnam. No depositions have taken place.

## II. The Proposed Amendment

As described in additional detail in the attached SAC, the Commission has learned of an arrangement between Rajaratnam and Kumar in which Rajaratnam paid Kumar for material non-public information which Rajaratnam then used to generate almost $20 million in illicit profits for Galleon. According to a criminal information filed against Kumar on January 7, 2010, (Decl. Ex. C), Rajaratnam approached Kumar in or around 2003 and offered to pay him up to $500,000 annually for information Kumar obtained from McKinsey's clients. Kumar accepted

---

[1] Section 17(a) of the Securities Act of 1933 prohibits fraud in connection with the offer or sale of a security. 15 U.S.C. §77q(a). Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder prohibit fraud in connection with the purchase or sale of a security. 15 U.S.C. §78j(b); 17 C.F.R. §240.10b-5.

2

Rajaratnam's proposal. From 2003 to October 2009, Rajaratnam paid Kumar $1.75 to $2 million for inside information. Because some of that compensation was reinvested in a nominee account at Galleon for the benefit of Kumar, Kumar earned a total of roughly $2.6 million for his participation in the scheme.

To avoid detection, Rajaratnam and Kumar conspired to set up foreign-based nominee accounts at Galleon for Kumar's benefit. One account was set-up in the name of a domestic worker that Kumar employed. In 2007, because Galleon was under increased scrutiny, Rajaratnam recommended that Kumar no longer keep his investment in Galleon under the name of his domestic worker. Kumar complied and substituted an overseas entity as the holder of the account.

In addition to the insider trading involving AMD alleged in the Commission's initial complaint against Kumar and Rajaratnam, Kumar also provided Rajaratnam with material non-public information regarding AMD's July 2006 acquisition of ATI Technologies Inc. ("ATI"). Rajaratnam proceeded to trade ATI stock on the basis of that information, generating more than $19 million in profits for Galleon. In October 2008, Kumar also provided Rajaratnam with material non-public information regarding eBay Inc. Rajaratnam traded on this information, generating more than $500,000 in illegal profits. The amendment includes a claim against Kumar for violating Section 17(a) of the Securities Act based on these allegations.

On January 7, 2010, Kumar pleaded guilty to a criminal information based on the conduct described above. Kumar's counsel has informed the Commission's counsel that Kumar takes no position on the Commission's present motion.

# ARGUMENT

A motion to amend the complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be "freely given" unless an extraordinary reason – such as undue delay, bad faith on the part of the movant, or undue prejudice to an opposing party – exists to deny it. Foman v. Davis, 371 U.S. 178, 182 (1962); S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg.1 Housing Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979). Thus, courts have often permitted the Commission to amend its complaints. E.g., SEC v. DCI Telecom., Inc., 207 F.R.D. 32 (S.D.N.Y. 2002) (no undue delay where Commission sought leave to amend complaint six years after the start of its investigation and 21 months after commencement of the action); SEC v. Cavanagh, 98 Civ. 1818 (DLC), 1998 WL 440029 (S.D.N.Y. July 27, 1998) (granting leave to amend complaint adding three new defendants and ten new relief defendants).

Rule 15 itself contains no specific time limitation within which leave to amend must be sought. Wright & Miller have observed that:

> permission has been granted under Rule 15(a) at various stages of the litigation: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal.

6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1488 (2009). Indeed, the liberal granting of motions to amend is consistent with Second Circuit precedent. See Block v. First Blood Assocs., 988 F.2d 344 (2d Cir. 1993) (upholding amendment of answer nine days before discovery cutoff and four years after filing of complaint); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) ("parties ... have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims.") (citations omitted).

There is no basis to deny the Commission's request to amend its complaint. No claim of undue delay, bad faith, dilatory motive, failure to cure prior deficiencies, undue prejudice, unfair disadvantage, or deprivation of the opportunity to present facts or evidence can be made here. The Commission has acted with all due speed. The Commission learned the new facts concerning the insider trading scheme of Rajaratnam and Kumar around the time of the filing of the criminal information against Kumar on January 7. Thus, the Commission has moved swiftly to amend its pleading. The proposed amendment, which adds no new parties or theories but merely outlines a more robust insider trading scheme and additional instances of insider trading by Rajaratnam and Kumar, should not require any extensions of existing deadlines in this case. Since the additional allegations are entirely consistent with the previous illegal conduct involving Rajaratnam and Kumar, there is no risk that they would add unnecessary complexity to this case or confuse a jury.[2]

Moreover, neither Rajaratnam, Kumar, nor any other defendant will be prejudiced by the proposed amendment. Discovery in the case is at a relatively early stage and will continue through April. The parties are still exchanging documents – Rajaratnam has yet to produce a single document in response to the Commission's document requests – and no depositions have taken place. Rajaratnam, Kumar and other defendants will have roughly two and a half months to take discovery on the Commission's new proposed allegations.

---

[2] The proposed amendment would not add any new parties; it merely adds factual allegations regarding the insider trading claims against Rajaratnam and Kumar. The proposed amendment would add a claim that Kumar violated Section 17(a) of the Securities Act of 1933, which prohibits fraud in connection with the offer or <u>sale</u> of any securities, based on the allegation that Kumar tipped Rajaratnam to negative news about eBay, and that Rajaratnam then short sold securities on the basis of that news.

Kumar takes no position as to the present motion. Rajaratnam can claim no prejudice because he has been on notice since the early stages of the Commission's investigation underlying this action of the possibility that his additional insider trading would be discovered. As early as June 2007, when Rajaratnam gave testimony in the Commission's underlying investigation, Rajaratnam was asked questions concerning the AMD/ATI transaction. (Decl. Ex. B.) Additionally, the SEC's first production of documents to Rajaratnam included materials it had gathered during its investigation relating to that same transaction. (Decl. ¶ 5.) See Cornell & Co. Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978) ("prejudice to the non-moving party is the touchstone for the denial of an amendment") (citations omitted).

Finally, the amended complaint will enable the Commission to obtain complete relief against defendants Rajaratnam and Kumar for their securities fraud. See Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 470 (D.N.J. 1990) ("[t]he pleadings must be permitted to catch up with the facts where . . . no undue prejudice is visited upon the party opposing the amendment"). The evidence of defendant Rajaratnam's and Kumar's payment arrangement demonstrates scienter, and is relevant to, among other things, the Commission's claims for relief.

## CONCLUSION

For all the foregoing reasons, and those set forth in the accompanying Declaration and the exhibits thereto and in all prior proceedings herein, the Commission respectfully requests that the Court grant the Commission's motion for leave to file a second amended complaint in the form annexed as Exhibit A to the Declaration.

Dated: New York, New York
January 20, 2010

SECURITIES AND EXCHANGE COMMISSION

By: _____
Valerie A. Szczepanik
3 World Financial Center
New York, NY 10281-1022
Tel: (212) 336-0175
Fax: (212) 336-1317
szczepanikv@sec.gov
*Attorney for Plaintiff*
*Securities and Exchange Commission*