John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION      §
                                        §
            Plaintiff,                   §
                                        §
                                        §
            v.                           §              No. 09-CV-8811-JSR
                                        §              ECF CASE
GALLEON MANAGEMENT, LP, et al.          §
                                        §
            Defendants.                  §
                                        §

**DEFENDANT RAJ RAJARATNAM'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**TABLE OF CONTENTS**

I.    Introduction...............................................................................................................1

II.   Argument ..................................................................................................................3

      A.    The SEC Has Not Shown Good Cause to Amend the Complaint.........................3

      B.    If the SEC is Permitted to Amend Its Complaint, Mr. Rajaratnam Will be

           Materially Prejudiced. ....................................................................................5

III.  Conclusion ................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.,*
    607 F.Supp.2d 600, 602 (S.D.N.Y. 2009) ................................................................3

*Lincoln v. Potter,*
    418 F.Supp.2d 443, 454 (S.D.N.Y. 2006) ..............................................................3

*Nairobi Holdings Ltd., v. Brown Bros. Harriman & Co.,*
    No 02 Civ. 1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) ....................3

*Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.,*
    No. 08 Civ. 3697, slip. op., at 2 (S.D.N.Y. July 31, 2009).....................................3

*Parker v. Columbia Pictures Indus.,*
    204 F.3d 326, 340 (2d Cir. 2003)....................................................................2, 3, 5

*Rambarran v. Mount Sinai Hosp.,*
    No. 06 Civ. 5109, 2008 WL 850478, at *3 (S.D.N.Y. March 28, 2008)................3

*Rent-A-Center Inc. v. Mamaroneck Ave. Corp.,*
    215 F.R.D. 100, 104 (S.D.N.Y. 2003) ...............................................................3, 4

*Sforza v. City of New York,*
    No. 07 Civ. 6122, 2009 WL 857496, at *8 (S.D.N.Y. March 31, 2009)................3

*Sokol Holdings, Inc. v. BMB Munal, Inc.,*
    No. 05-cv-3749, slip op., at *2 (S.D.N.Y. Oct. 28, 2009) .....................................3

*Trezza v. NRG Energy, Inc.,*
    No. 06 Civ. 11509, 2008 WL 540094, at *6 (S.D.N.Y. Feb. 28, 2008) .................3

*Zomba Recording Corp. v. MP3.Com, Inc.,*
    No. 00 Civ. 6831, 2001 WL 770926, at *1 (S.D.N.Y. July 10, 2001).....................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16..................................................................................................2, 3, 4, 5

Fed. R. of Civ. P. 15.....................................................................................................2, 3

John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 09-CV-8811-JSR<br>ECF CASE |
| GALLEON MANAGEMENT, LP, et al. | § § | |
| Defendants. | § § § | |

### DEFENDANT RAJ RAJARATNAM'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

## I.  Introduction

The SEC's Motion for Leave to Amend the Complaint ("Motion") should be denied.[1]

The instant motion is a product of the SEC's rush to file this case at the same time as the United

States Attorney's Office filed its criminal complaint so that they could hold a joint press

conference trumpeting their purported achievements.  The SEC's decision to launch its case has

consequences, including being prepared to prove its allegations within the parameters of the

---

[1] Galleon Management LP concurs with and adopts the arguments set forth in this Opposition.

Court's scheduling order. The SEC was presumably well aware that additional information might come forth as part of the criminal case, yet it consented to the Court's scheduling order and chose to proceed with this litigation.

As the Second Circuit has stated, the purpose of a scheduling order is to provide a measure of certainty, ensuring that the parties and the pleadings will become fixed at a date determined by the court. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2003). Allowing the SEC to amend its complaint to add allegations it knew or should have known about prior to the deadline would frustrate the purpose of the scheduling order, rendering it meaningless. *Id.* As the SEC's motion fails to show good cause to amend and attempts to read Rule 16(b) out of the Federal Rules of Civil Procedure, it should be denied.

Contrary to the SEC's assertion, the legal standard applicable to its Motion is the Rule 16 "good cause" standard, not the lenient Rule 15 standard. The SEC cannot meet the Rule 16 standard. First, the SEC cannot show that the facts it claims support its proposed amendment could not have been discovered through reasonable diligence prior to December 15, 2009, the date to amend the pleadings set by this Court's scheduling order. Second, the SEC admits in its Memorandum of Law In Support of Plaintiff's Motion for Leave to Amend the Complaint ("Pl.'s Memorandum") that its investigation was incomplete at the time it filed its complaint against Mr. Rajaratnam. Pl.'s Memorandum at 6. The SEC's failure to conduct a thorough investigation before filing its complaint is hardly good cause to amend. Finally, if the Court were to permit the SEC's requested amendment, it would seriously prejudice Mr. Rajaratnam's ability to defend himself and would undoubtedly cause a delay in these proceedings.

## II. Argument

### A. The SEC Has Not Shown Good Cause to Amend the Complaint.

For reasons that are not apparent, the SEC fails to acknowledge the general view of the Second Circuit that Rule 16, not Rule 15, governs a party's request for leave to amend a pleading after the entry of a scheduling order.[2] Rule 15(a) applies only to requests for leave to amend made prior to the entry of a scheduling order. Because a scheduling order was entered in this case on November 4, 2009, the SEC's Motion is governed by Rule 16(b).

Under Rule 16, the SEC must establish good cause why it should be allowed to amend its complaint after the Court's deadline for such amendments has passed. Fed. R. Civ. P. 16(b)(4) ("a schedule may be modified only for good cause and with the judge's consent") (emphasis added). Specifically, the SEC must show that, despite its diligence, it could not have reasonably met the December 15, 2009 deadline to amend.[3] The SEC has not, and cannot, make such a showing.

---

[2] *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining the First, Eighth, and Ninth Circuits as well as multiple New York district courts in holding that, despite the lenient standard of Rule 15, a court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.).

[3] *See, e.g., Parker*, 204 F.3d at 340; *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 607 F.Supp.2d 600, 602 (S.D.N.Y. 2009); *Rent-A-Center Inc. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *Lincoln v. Potter*, 418 F.Supp.2d 443, 454 (S.D.N.Y. 2006); *Sokol Holdings, Inc. v. BMB Munal, Inc.*, No. 05-cv-3749, slip op. at 2 (S.D.N.Y. Oct. 28, 2009); *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697, slip. op. at 2 (S.D.N.Y. July 31, 2009); *Sforza v. City of New York*, No. 07 Civ. 6122, 2009 WL 857496, at *8 (S.D.N.Y. March 31, 2009); *Rambarran v. Mount Sinai Hosp.*, No. 06 Civ. 5109, 2008 WL 850478, at *3 (S.D.N.Y. March 28, 2008); *Trezza v. NRG Energy, Inc.*, No. 06 Civ. 11509, 2008 WL 540094, at *6 (S.D.N.Y. Feb. 28, 2008); *Nairobi Holdings Ltd., v. Brown Bros. Harriman & Co.*, No 02 Civ. 1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006).

3

Courts in the Southern District of New York have found that a movant is not diligent when, for example, it fails to request that the court extend its deadline to amend or the alleged new evidence is lacking in specificity or could have been asserted prior to the deadline to amend. *See, e.g., Sokol Holdings*, No. 05-cv-3749, at *3; *Rambarran*, No. 06 Civ. 5109, at *3; *Rent-A-Center*, 215 F.R.D. at 104. When the movant presents no adequate reason for its delay in obtaining facts underlying its proposed amended pleading, it is sufficient for leave to amend to be denied on that ground alone. *Nairobi Holdings*, No. 02 Civ. 1230, at *3.

First, the SEC did not request any modification of the December 15, 2009 deadline to amend the pleadings and provides no excuse for not doing so in its Memorandum. Second, the SEC's alleged new evidence could have been asserted prior to the deadline had the SEC been at all diligent. To claim otherwise, the SEC would have to argue that the Rule 16 requirement of diligence was somehow satisfied by the SEC's sitting back and waiting for the United States Attorney to do the SEC's work for it. The SEC's failure to do its own investigation is hardly good cause to amend its complaint. The SEC cannot run to this Court and ask to amend its complaint every time an alleged fact emerges in the criminal action that the SEC would like to use in the civil case.

Additionally, the SEC cannot possibly show that it exercised diligence because the SEC's delay was totally within its own control. It could have discovered this allegedly new evidence weeks, months, or even years ago. As the SEC admits, it has been investigating the AMD/ATI transaction and Galleon since at least 2007. Pl.'s Memorandum at 6. The SEC also admits that it received, and has now produced back to Mr. Rajaratnam, "materials it had gathered during its investigation" relating to the AMD/ATI transaction. *Id.* Indeed, Mr. Rajaratnam was questioned

4

by the SEC concerning trading around the AMD/ATI transaction in 2007. Pl.'s Memorandum at 6; Decl. of M. Watkins, Ex. B.

The SEC had plenty of time and opportunity to investigate prior to filing its original complaint against Mr. Rajaratnam. The SEC's failure to file its proposed amended complaint prior to December 15, when all the facts supporting the amendment were, or should have been, known to it, undermines the Court's ability to control its docket and disrupts the agreed upon course of the litigation. *Parker*, 204 F.3d at 340. By asking the Court to overlook its failures, the SEC is really asking the Court to reward "the indolent and the cavalier." *Id.* Rule 16 was drafted to prevent this very situation. *Id.*

### B. If the SEC is Permitted to Amend Its Complaint, Mr. Rajaratnam Will be Materially Prejudiced.

Courts may use their discretion not to apply the Rule 16 "good cause" standard when there has been no showing of prejudice to the non-movant. *Zomba Recording Corp. v. MP3.Com, Inc.*, No. 00 Civ. 6831, 2001 WL 770926, at *1 (S.D.N.Y. July 10, 2001) (the Rule 16 "good cause" standard was not applicable, even in light of a missed scheduling order deadline, when the defendant "utterly failed" to show how it would be materially prejudiced by the amendment). That is not the case here.

Allowing the SEC to delay without cause is highly prejudicial to Mr. Rajaratnam. Although the SEC asserts that the case is still at an "early stage," that is simply not the case. There are many important case deadlines fast approaching.

First, the current deadline for expert witness disclosures is February 16, 2010. One expert Mr. Rajaratnam will put forth is an economics expert who will testify about information in

the marketplace and stock price movements. As the Court may recall, Mr. Rajaratnam had

sought until early March to make this expert disclosure given the volume of work that was

required. The Court granted him until February 16 to make his disclosures. While he will be

able to meet the Court's deadline, it will not be with significant time to spare. The addition of a

new stock, the ninth stock charged against Mr. Rajaratnam, will significantly increase the

expert's workload and jeopardize his ability to complete his report by the February 16 deadline.[4]

This is especially the case as the proposed amended complaint alleges that Mr. Rajaratnam

received additional illicit profits of $19 million, which were not previously charged. This figure

represents more than the combined amounts in all the rest of the stocks alleged in the current

complaint. Also, the facts alleged in the proposed amended complaint may require the retention

of an additional expert. There is simply no way Mr. Rajaratnam would be in a position to receive

additional discovery materials from the SEC and third parties, provide that material to the expert,

have the expert perform his or her analysis, and meet the deadline set by the Court.

Second, at the Court's direction, Mr. Rajaratnam's deposition is in the process of being

scheduled for early March. The new allegations will require additional discovery requests to the

SEC and additional Rule 45 subpoenas to third parties such as AMD and possibly other

individuals involved in the transaction. As far as Mr. Rajaratnam knows, the SEC has not

collected any evidence from AMD/ATI concerning the new allegations. The limited amount of

time he will have to take discovery on the SEC's new claims and prepare to be deposed about

them puts Mr. Rajaratnam at an unfair disadvantage. It would take weeks for these entities and

---

[4] Galleon was a large hedge fund that made nearly 1,000 trades – encompassing over 50 million shares –
per day. The SEC alleges that there is at least a five month period of trading potentially relevant to its new claims.
Pl.'s Proposed Second Am. Compl. at ¶ 134. Putting aside a myriad of other new documents that might be relevant
to the opinions of Mr. Rajaratnam's experts, and focusing on the trades alone, the experts would still need to review
and analyze over 150,000 trades. This is a substantial undertaking requiring a substantial time commitment.

individuals to respond to those requests and for Mr. Rajaratnam to adequately review and analyze their responses. Even though the SEC claims that it has already produced documents relevant to the AMD/ATI transaction, there is no evidence that those documents are the complete universe of materials relevant to the SEC's proposed amendments. Moreover, Mr. Rajaratnam's review of new discovery may well identify individuals or entities who would have to be deposed by the April 30, 2010 deadline for close of discovery.

The very things the SEC claims eliminate this prejudice – that Mr. Rajaratnam has already given testimony on AMD and that the SEC has produced documents gathered in its 2007 investigation of the AMD/ATI transaction – are the precise events that should have alerted the SEC to its supposedly new allegations. Pl.'s Memorandum at 6. The SEC admits as much by claiming in its Memorandum that these events should have put Mr. Rajaratnam on notice of the possibility of additional claims. *Id.*

Finally, the SEC will not have the evidence to establish the new claims that it puts forward in the proposed amended complaint. The amendments to the complaint are based on the guilty plea of Defendant Anil Kumar. Given that the government has publically stated that it will obtain a superseding indictment against Mr. Rajaratnam, it is extremely unlikely that a trial date in the criminal action will be set before the August 2010 trial date set by the Court for this case. Certainly, the trial date in the criminal action will not precede the April 30 discovery cut off date set by the Court. As a result, Mr. Kumar is very likely to assert his Fifth Amendment privilege in this case. *See* Ans. of A. Kumar (Nov. 9, 2009) (Mr. Kumar repeatedly asserted his right not to be a witness against himself). If he does so, the SEC will be without evidence to prove a violation of the insider trading laws by Mr. Rajaratnam in connection with the new allegations in the proposed amended complaint. Amending the complaint, creating prejudice to Mr.

7

Rajaratnam, and disturbing the timetables set by this Court would seem to constitute a waste of resources if the SEC will have no witness to ultimately prove its case.

### III. Conclusion

Because the SEC has not, and cannot, show good cause to amend its complaint, Mr. Rajaratnam respectfully requests that the SEC's Motion for Leave to Amend the Complaint be denied.

Dated:  January 22, 2010

By:  _____

John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

*Attorneys for Raj Rajaratnam*