

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 20, 2010

**BY FACSIMILE**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, NY 10007

      **Re: SEC v. Galleon Management, LP, et al., 09 Civ. 8811 (JSR)**

Dear Judge Rakoff:

      At the Court's request, the Government respectfully submits this letter to set forth its position concerning whether the defendants can provide the wiretap evidence in their possession to the Securities and Exchange Commission ("SEC") in discovery in the above-captioned matter. Because certain defendants currently possess that evidence, because it is clearly relevant to the issues in the SEC case, and because the wiretap statute does not preclude the defendants from producing it, the Government submits that the defendants can produce that evidence in discovery in this matter.

      The Government alone can lawfully intercept wire communications pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522 ("Title III"). Accordingly, Title III primarily addresses the limits on the *Government* obtaining that evidence and on the *Government's* use and disclosure of that evidence. *See National Broadcasting Co. v. U.S. Dept. Of Justice*, 735 F.2d 51, 53 (2d Cir. 1984) ("NBC"). The Second Circuit has held, however, that Title III does not address *all* questions concerning the disclosure of Title III evidence. For example, in *In Re Application of Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990), the Second Circuit concluded: "Congress sought to strike an acceptable balance between the privacy rights of individuals and the needs of legitimate law enforcement. The statute does not, however, address the issue of public access to intercepted communications when those communications become part of a public document after having been used by the government in the course of its law enforcement activities." Just as the statute does not fully address access to wiretap evidence contained in public documents, Title III does not address what a criminal defendant, such as the defendants in this case, may do with wiretap evidence once the Government has produced it to him or her in a criminal case.

      In addition, the cases concerning disclosure of Title III evidence generally address a situation entirely different from the circumstances presented in this case. Those cases address

whether a third party who does not have the wiretap evidence, such as a litigant in a private civil action or a member of the news media, can obtain that evidence from the Government or from a sealed court record. *See. e.,g., In re New York Times Co.*, 577 F.3d 401 (2d Cir. 2009); *Newsday*, 895 F.2d 74; *NBC*, 735 F.2d 51; *In re Motion to Unseal Electronic Surveillance Evidence*, 990 F.2d 1015 (8th Cir. 1993); *United States v. Dorfman*, 690 F.2d 1230 (7th Cir. 1982).

In the instant case, the issue is different. Certain parties to this lawsuit have the wiretap evidence because the Government produced it to them either in pre- or post-indictment discovery in the parallel criminal cases. As far as the Government is aware, noone disputes that that evidence is either highly relevant or, at a minimum, may lead to relevant evidence in this civil SEC action. The Government submits that Title III does not prohibit the defendants from making that disclosure, and therefore the materials should be produced in discovery.[1] The Government further submits that to the extent the defendants are withholding the evidence based on the privacy interests of those intercepted (including themselves), those privacy interests can be protected with a protective order enforced by this Court.

Counsel for Raj Rajaratnam has informed the SEC and the Government that he cannot produce the wiretap materials in discovery in this matter because Title III does not explicitly permit him to do so. Rajaratnam cites 18 U.S.C. § 2517, which permits various uses and disclosures of wiretap materials, *Dorfman*, 690 F.2d at 1232, a Seventh Circuit case, and *In Re Motion to Unseal Electronic Surveillance Evidence*, 990 F.2d at 1020, an Eighth Circuit case, for the proposition that Title III prohibits all disclosures not specifically authorized therein. However, the Second Circuit has specifically rejected this interpretation of Title III and expressly rejected that holding of *Dorfman*. *Newsday*, 895 F.2d at 77-78 ("In short, nowhere does Title III state rules regarding disclosure of intercepted communications to the public incident to, or after, their use under § 2517... No doubt the framers of Title III expected that the main channel of public disclosure of intercepted communications would be testimonial, but they did not so confine it.").

In this case, the Government has, in "the proper performance of [its] official duties," 18 U.S.C. § 2517(2) made "use" of wiretap evidence to support the allegations in numerous publicly filed criminal complaints[2] and has produced that evidence to certain of the defendants in criminal

---

[1] Indeed, there can be little doubt that if, in the cases such as *NBC*, 735 F.2d 51 or *Motion to Unseal Electronic Surveillance Evidence*, 990 F.2d 1015, one of the litigants had in fact had the Title III evidence – as some of the defendants do in this case – that litigant would have been required to produce it in discovery.

[2] *See United States v. Donlan*, 825 F.2d 653, 656 (2d Cir. 1987) (18 U.S.C. § 2517(1) and (2) permit law enforcement officers to use and disclose the contents of tapped conversations, including to establish probable cause for arrest or probable cause to search); *United States v. Vento*, 533 F.2d 838 (3rd Cir. 1976) (same regarding probable cause to search). In the legislative history to Title III, Congress explained that "[o]nly use that is appropriate to the proper performance of official

discovery. Contrary to the defendants claim and consistent with *Newsday*, the statute does not preclude the defendants from using that evidence in various ways, including producing it in response to a duly issued discovery request. Indeed, the Second Circuit has recently noted that the production of discovery in a criminal case has the effect of unsealing those materials, at least in terms of the uses the defendant can make of them. *See New York Times Co.*, 577 F.3d at 403-404 ("in the ordinary course, wiretap orders and applications are unsealed during criminal proceedings or discovery. *See* 18 U.S.C. § 2518(9)(requiring disclosure of a wiretap application and order to a party before intercepted communications may be used against the party in court.)").

In addition to having been rejected by the Second Circuit, Rajaratnam's position that he may not use the wiretap evidence except as expressly permitted in Title III produces absurd results. He claims that the only provision under which he is permitted to disclose wiretap evidence to anyone is 18 U.S.C. § 2517(3). That provision provides, in its entirety:

> Any person who has received, by any means authorized by this chapter, any information concerning a wire, oral, or electronic communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any proceeding held under the authority of the United States or any State or political subdivision thereof.

If Rajaratnam's interpretation is correct, since that provision only provides for disclosure "while giving testimony under oath or affirmation" in an official proceeding, he could not, in preparing either his criminal defense or his defense to this SEC action, take a whole range of steps that he no doubt has taken and plans to take in defending these cases.

For example, under Rajaratnam's interpretation, the defendants could not show any wiretap evidence to potential witnesses prior to such a witness actually taking the stand at a court proceeding. But surely the defendants plan to do just that (and should be able to). Indeed, while negotiating with the undersigned about a stipulation concerning uses of draft transcripts of the wiretap recordings, counsel for Rajaratnam insisted counsel be able to show those draft transcripts to potential witnesses, even though according to Rajaratnam's current interpretation of Title III, he cannot do that. In addition, under Rajaratnam's proposed interpretation of Title III, unless actually presenting evidence at a court proceeding, he would not be able to share any Title III evidence with counsel representing his co-defendants or other witnesses. However, the

---

duties may be made" and that this "provision envisions use of the contents of intercepted communications, for example, to establish probable cause for arrest, to establish probable cause to search, or to develop witnesses." S.Rep. No. 1097, 90th Cong., 2d Sess. 99, *reprinted in* 1968 U.S.Code Cong. & Admin.News 2112, 2188 (citations omitted).

Government has learned that Rajaratnam has done just that multiple times in this case.[3] Moreover, under Rajaratnam's interpretation, the defendants would not be able to show Title III evidence to an expert witness until that witness actually took the stand at a proceeding. To compound the absurdity of these limits on his ability to defend himself, the Government would meanwhile be free to do those things prior to his criminal trial pursuant to 18 U.S.C. § 2517(2).[4]

Rajaratnam's proposed interpretation would produce additional absurd results in this SEC action to be tried before Your Honor. Under § 2517(3), the defendants would be permitted to present Title III evidence that they view as favorable during the trial of this SEC action since it is "a proceeding held under the authority of the United States." However, under his interpretation, the defendants could not and would not produce that evidence to the SEC prior to presenting it at trial. It is a well-established principal of statutory construction that a statute should not be interpreted in a way that produces absurd results. *See, e.g., U.S. v. Venturella*, 391 F.3d 120, 126 (2d. Cir. 2004); *United States v Dauray*, 215 F.3d 257, 264 (2d Cir. 2000); *United States v. Wilson*, 503 U.S. 329, 334 (1992); *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 333 (1938).

Moreover, even if Rajaratnam is correct that 18 U.S.C. § 2517(3) entirely governs his disclosure of the evidence, subsumed within his ability to present that evidence at the trial of this SEC action must be the ability to meet his basic discovery obligations in this matter. A narrow construction of Section 2517(3) that distorts the discovery process not only creates an absurd result, but it runs contrary to basic tenants of discovery. *See, e.g., United States v. Nixon*, 418 U.S. 683, 710 (1974) ("[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.").

These results all demonstrate that Rajaratnam's proposed limitation on his disclosure of Title III evidence is wrong and that, as the Second Circuit held in *Newsday*, Title III does not address all permissible disclosures of wiretap evidence. Indeed, the much more plausible interpretation §§ 2517 (1), (2), and (3) is that those provisions are primarily meant to address only what use law enforcement can make of that evidence. Section (1) sets forth that a "law enforcement officer" can share such evidence with other law enforcement officers; Section (2) sets forth that a "law enforcement officer" can use that evidence "to the extent such use is appropriate to the proper performance of his official duties"; and Section (3) sets forth that the Government (and others) can present that evidence in court. The fact that Section (3) expands courtroom disclosure to "any person" who is testifying no doubt was an acknowledgment by

---

[3] As explained herein, under the Government's interpretation of Title III, Rajaratnam was and is fully permitted to share that evidence with co-defendants and witnesses.

[4] *See, e.g., United States v. Ricco*, 566 F.2d 433, 435 (2d Cir. 1997) (Government may disclose wiretapped conversations to third-parties under subsection 2517(2) for purposes of refreshing recollections before trial); *United States v. Rahstein*, 554 F.2d 190, 193 (5th Cir. 1977) (sharing with witnesses for purposes of voice identification permitted under subsection 2517(2)).

Congress that the Government may sometimes seek to admit wiretap evidence through cooperating witnesses or expert witnesses who are not "law enforcement officers."

Both the statutory structure and the legislative history support this interpretation. First, the provision of Title III requiring the sealing of wiretap evidence clearly contemplates that Section (3) is the means by which the Government can present that evidence at trial. After explaining the sealing requirements, 18 U.S.C. § 2518(8)(a) provides:

> Duplicate recordings may be made for use or disclosure pursuant to the provisions of subsections (1) and (2) of section 2517 of this chapter for investigations. The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.

Moreover, the legislative history of Section (3) supports the view that that provision was enacted to allow the Government to disclose the evidence in court. The Second Circuit has noted "[t]he analysis of s 2517(3) in the Senate Report, S.Rep.No.1097, 90th Cong., 2d Sess. (1968), quoted in 2 (1968) U.S.Code Cong., & Admin.News at pp. 2188-89, had this to say: 'Paragraph (3) . . . envisions, of course, the use and disclosure of such evidence at trial to establish guilt directly, or to corroborate, or to impeach a witness' testimony or to refresh his recollection.'" *Ricco*, 566 F.2d at 436 (internal citations omitted). In sum, Title III does not address the defendant's ability to disclose the wiretap evidence in discovery, and therefore the Rules of Civil Procedure control.

Rajaratnam has also argued to the SEC and the Government that he cannot produce that evidence to the SEC in discovery because he believes the evidence was obtained in violation of Title III, and that he would thereby violate 18 U.S.C. § 2511(1)(c) and (d), which prohibit disclosure of illegally obtained wiretap evidence. First, the evidence was not obtained illegally, and the Government is prepared to demonstrate as much in response to any motion to suppress. Second, Rajaratnam need not worry about criminal or civil prosecution for disclosure of the evidence since, if Your Honor grants the SEC's motion to compel production, the statute gives him absolute immunity. *See* 18 U.S.C. § 2520(d)(1) ("A good faith reliance on (1) a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law" for improper disclosure of wiretap evidence).

Finally, if Your Honor grants the SEC's motion to compel and requires the defendants to produce the wiretap evidence in discovery, that production will not taint the evidence or result in its suppression in any court. Title III specifically sets forth the exclusive basis for suppression of wiretap evidence, including the illegal obtaining of the evidence. *See* 18 U.S.C. § 2518(10)(a). Improper disclosure is not a basis for suppression. Thus, even if this Court is incorrect in ordering the defendants to produce the evidence in discovery, the only available remedy is under 18 U.S.C. § 2520, and as noted above, this Court's order would preclude such an action. *See United States v. O'Connell*, 841 F.2d 1408, 1418 (8th Cir. 1988) (remedy of suppression is only

available for unlawful interceptions); *United States v. Cardall*, 773 F.2d 1128, 1134 (10th Cir.1985) (sole remedy for violations of 18 U.S.C. § 2517 is civil action under 18 U.S.C. § 2520); *United States v. Resha*, 767 F.2d 285, 289 (6th Cir. 1985) ("the extreme remedy of suppression is authorized only when the interception itself was unlawful" under 2518(10), not for the potential improper disclosure of wiretap evidence to revenue agents who use it to make a civil tax assessment); *Griffin v. United States*, 588 F.2d 521, 524-25 (5th Cir. 1979); *United States v. Horton*, 601 F.2d 319, 324 (7th Cir. 1979); *United States v. Vento*, 533 F.2d 838, 855 (3rd Cir.1976).

For the foregoing reasons, the Government submits that this Court can and should grant the SEC's motion to compel the defendants to produce any wiretap evidence that is in their possession.

          Respectfully submitted,

          PREET BHARARA
          Acting United States Attorney

By: *[signature]*
     JONATHAN R. STREETER
     REED M. BRODSKY
     Assistant United States Attorneys
     ANDREW Z. MICHAELSON
     Special Assistant United States Attorney
     (212) 637-2272/2492/2348

cc:    counsel for the SEC (by email)
       defense counsel (by email)