# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 806-7800

WASHINGTON, DC

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE 808-5185
EMAIL akaufman@kelleydrye.com

January 22, 2010 .

**VIA FACSIMILE**

The Honorable Jed S. Rakoff
United States District Judge
United States Courthouse
New York, New York 10007

Re:     *SEC v. Galleon Management, L.P. et al.,* 09 Civ. 8811 (JSR)

Dear Judge Rakoff:

This firm represents defendant Danielle Chiesi. We write in response to the Securities Exchange Commission's ("SEC") January 20, 2010 letter seeking to compel production of sealed intercepted wire communications (the "Sealed Title III Intercepts") and applications and authorizations (the "Sealed Title III Authorizations") that were provided to Ms. Chiesi by the U.S. Attorney's Office (the "USAO") in connection with its criminal action against Ms. Chiesi. This letter also responds to the January 20, 2010 letter submitted by the USAO.

Title III creates a "categorical presumption *against* disclosure of sealed wiretap applications" and intercepted communications. *In the Matter of the Application of the New York Times Company to Unseal Wiretap & Search Warrant Materials ("New York Times"),* 577 F.3d 401, 407 n.3 (2d Cir. 2009) (emphasis in original). The SEC and USAO's suggestion that Title III's restrictions on disclosure apply only to the government, but not to criminal defendants who receive sealed Title III materials pursuant to Fed. R. Crim. P. 16 is contrary to the plain language of Title III. *See, e.g.,* 18 U.S.C. § 2511(1) (prohibiting "any person" from disclosing "the contents of any wire . . . communications" under certain circumstances); 18 U.S.C. § 2517 (allowing "any person" to "disclose the contents" of properly obtained intercepted wire communications only "while giving testimony under oath").

Thus far, although the SEC has apparently requested the Sealed Title III Intercepts from the USAO, the USAO has not provided them. The SEC and USAO's position, that the Sealed Title III Intercepts may be obtained directly from Ms. Chiesi leads to the absurd and anomalous result that a federal agency not

**KELLEY DRYE & WARREN** LLP

Hon. Jed S. Rakoff
January 22, 2010
Page Two

authorized or legally entitled to receive Title III materials from the Department of Justice ("DOJ")[1] may nevertheless receive such materials by virtue of the DOJ's having to disclose them to criminal defendants under Fed. R. Crim. P. 16. If Title III does not permit the DOJ to make disclosure to the SEC, it is pure alchemy to assert that the SEC can obtain the materials from criminal defendants who received them from the DOJ as required by law. The SEC and USAO's position would vitiate the prohibitions against disclosure found in Title III because criminal defendants are always entitled to obtain sealed Title III materials upon indictment. Thus, if the SEC and USAO's interpretation of Title III were correct, a civil litigant could always obtain from a criminal defendant sealed Title III materials that could not be obtained from the court that authorized them or the government agency that created them, merely because they have some relevance to a civil action. There is nothing in Title III that warrants such an absurd result.

The SEC's argument that Title III permits Ms. Chiesi to produce the Sealed Title III Intercepts simply because the SEC requested them under Fed. R. Civ. P. 26 and 34, and because 18 U.S.C. § 2511(c) does not specifically prohibit Ms. Chiesi from producing them, lacks merit and has been rejected by several Courts of Appeals. "When addressing disclosure of the contents of a wiretap, the question is whether Title III specifically *authorizes* such disclosure, not whether Title III specifically prohibits the disclosure, for Title III prohibits all disclosures not authorized therein." *In re Motion to Unseal Elec. Surveillance Evid.* ("*Motion to Unseal*"), 990 F.2d 1015, 1018 (8th Cir. 1993)(emphasis in original). The only section of Title III that authorizes disclosure of sealed intercepts is 18 U.S.C. § 2517. *See Nat'l Broad. Co. v. Dep't of Justice*, 735 F.2d 51, 53-54 (2d Cir. 1984). As stated by the Seventh Circuit in *United States v. Dorfman*, 690 F.2d 1230, 1232 (7th Cir. 1992) "by permitting disclosure of lawfully obtained wiretap evidence only under the specific circumstances listed in 18 U.S.C. s 2517, Title III implies that what is not permitted is forbidden . . . , though not necessarily under pain of criminal punishment." Thus, Ms. Chiesi cannot disclose the Sealed Title III Intercepts unless she is expressly authorized by section 2517 to do so.[2]

18 U.S.C. § 2517 does not authorize Ms. Chiesi to produce the Sealed Title III Intercepts. The only provision that authorizes disclosure by a "person," such as Ms. Chiesi, who is not a "law enforcement officer" is § 2517(3). That section provides:

> Any person who has received, by any means authorized by this chapter, any
> information concerning a wire or oral communication, or other evidence

---

[1] SEC personnel are not "investigative or law enforcement officers," which are defined in Title III as officers that are "empowered by law to conduct investigations or make arrests," or to "participate in the prosecution of" any of the offenses described in Title III. 18 U.S.C. § 2510(7). The Title 15 crimes that the SEC is empowered to enforce are not among the offenses described in Title III. 18 U.S.C. § 2516 (listing Title III offenses). Thus, the USAO may not disclose the contents of the intercepted communications to the SEC under 18 U.S.C. §§ 2517(1).

[2] The SEC's contention that *Motion to Unseal* and *Dorfman* were erroneously decided, and that the Second Circuit has rejected their holdings in *In re Application of Newsday, Inc.*, 895 F.2d 74 (2d Cir. 1990) is wrong. In fact, *Newsday* deals with publicly filed documents such as search warrants, and the Second Circuit distinguished *Dorfman*, which like here, dealt "with materials that were not required to be, and were not, filed in the court's records." *Id.* at 77.

**KELLEY DRYE & WARREN LLP**

Hon. Jed S. Rakoff
January 22, 2010
Page Three

> derived there from intercepted in accordance with the provisions of this
> Chapter may disclose the contents of that communication or such derivative
> evidence *while giving testimony under oath or affirmation in any proceeding
> held under the authority of the United States* . . . .

18 U.S.C. § 2517(3)(emphasis added).

Ms. Chiesi cannot produce the Sealed Title III Intercepts in response to the SEC's requests under Fed. R. Civ. P. 34 because she can only disclose their contents publicly, if at all, "while giving testimony under oath." *Id.*; *see also Dorfman*, 690 F.2d at 1232-33. Indeed, every court that has addressed the issue has strictly construed section 2517(3), and held that it does not permit production of sealed Title III materials as part of the civil discovery process.

For example, in *National Broadcasting Co. v. Department of Justice*, the Second Circuit affirmed an order denying the defendant's request for Title III materials in connection with a civil libel action. 735 F.2d at 51. The defendant argued the materials should be disclosed because they were needed for an action pending in a federal district court, and, according to the defendant, section 2517 (3) "allows the government to disclose [Title III materials] 'in any proceeding held under the authority of the United States.'" *Id.* at 53 (citation omitted). The Second Circuit, relying in part on Title III's legislative history, rejected the defendant's argument:

> NBC's argument . . . has a surface plausibility, but only if one concentrates on
> the language alone and ignores the rest of Title III and the legislative struggle
> leading to its enactment. Title III was the culmination of a long battle between
> those who would have altogether prohibited wiretaps and the material obtained
> thereby and those who wanted to allow the government to use wiretap
> materials in criminal proceedings. In the resulting statute, Congress recognized
> that wiretapping could be highly intrusive of privacy; the legislation therefore
> specifically put strict limits on wiretapping and how it could be used . . . . In
> construing the statute, it should always be remembered that 'although Title III
> authorizes invasions of individual privacy rights under individual
> circumstances, the protection of privacy was an overriding Congressional
> concern.'

*Id.* (citations omitted). Thus, the Second Circuit affirmed the trial court's order denying access to the Title III materials at issue because "turning Title III into a general discovery mechanism would simply ignore the privacy rights of those whose conversations are overheard. We agree ... that this was not the intention of Congress." *Id.* (citing *Dorfman*, 690 F.2d at 1232 ("we find no evidence that [the draftsmen of section 2517(3)] wanted to create a right of public access")). The Second Circuit recently reaffirmed the central holding of *National Broadcasting Co.*, and reiterated that sealed Title III materials are not subject to civil discovery. *See New York Times*, 577 F.3d at 406-07.

**KELLEY DRYE & WARREN LLP**

Hon. Jed S. Rakoff
January 22, 2010
Page Four


Likewise, in *Motion to Unseal*, the trial court denied the plaintiff's request for production of surveillance evidence of conversations between the defendant and others to support the plaintiff's civil RICO claims. 990 F.2d at 1021-22. Relying in part on the Second Circuit's decision in *National Broadcasting Co.*, an *en banc* panel of the Eighth Circuit affirmed the trial court's order and held that "[a]t no point does section 2517 authorize pretrial disclosure to private civil litigants. Those courts that have addressed the request have been unanimous on this point." *Id.* at 1020 (citing *County of Oakland v. City of Detroit*, 610 F. Supp. 364 (E.D. Mich. 1984)).

The SEC's contention that *National Broadcasting Co.* and *Motion to Unseal* "are distinguishable because they do not involve situations where one party in a civil litigation has wiretap information that its adversary does not have" is irrelevant. The question here is not whether the restrictions found in Title III create "fair" results for civil litigants. Rather, the question is whether Title III authorizes disclosure of sealed materials as part of the civil discovery process, and the Second Circuit has held that it does not.

Indeed, neither the SEC nor the USAO cite a single case that authorizes disclosure of sealed Title III materials in civil discovery. Rather, they cite inapposite cases dealing with situations where, unlike here, the materials at issue were either public documents or were not subject to Title III restrictions. For example, *Newsday* involved redacted "search warrants and affidavits that precede their issuance [which] are public documents required ... to be filed with the clerk of the issuing court." 895 F.2d at 77. Here, no information contained in the Sealed Title III Intercepts has been previously disclosed publicly. Thus, the privacy interests of those persons whose communications were recorded requires that Section 2517(3) be strictly enforced. Additionally, *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation*, 291 F. Supp. 247 (E.D. Pa. 1968) and *In re High Fructose Corn Syrup Anti-Trust Litigation*, 216 F.3d 621 (7th Cir. 2000) each involved consensual recordings taped by a party to the conversations – not sealed communications intercepted by the government. Those cases, therefore, have no application to the circumstances here because "'federal statutes impose no restrictions on recording a conversation with the consent of one of the conversants'" and "there are *no* Title III restrictions on its use." *High Fructose Corn Syrup*, 216 F.3d at 624 (citations omitted) (emphasis in original). In contrast, the materials at issue here are subject to Title III restrictions and cannot be produced because 18 U.S.C. § 2717(3) does not permit their production.

The SEC's request for the Sealed Title III Authorizations should be denied as well. Title III applications shall only be unsealed "upon a showing of good cause." *See* 18 U.S.C. § 2518(b); *see also New York Times*, 577 F.3d 406. The Second Circuit has held that "good cause" exists where, unlike here, the "applicant seeking to unseal wiretap applications [is] an 'aggrieved person,' but not upon any lesser showing." *Id.; see also Nat'l Broad. Co.*, 735 F.2d at 55. The term "aggrieved person" is defined in section 2510(11), as "a party to any intercepted wire or oral communication or a person against whom the interception was directed." The SEC plainly does not fall within this definition, and cannot, therefore establish "good cause." *Nat'l Broad. Co.*, 735 F.2d at 55.

The SEC's contention that Ms. Chiesi should disclose the Sealed Title III Intercepts and Authorizations because, according to the SEC, she has "already disclosed certain of the wiretap materials to

**KELLEY DRYE & WARREN LLP**

Hon. Jed S. Rakoff
January 22, 2010
Page Five

co-defendants and non-parties" is completely baseless. We would ask the SEC to proffer its good faith basis for its assertion. In any event, even if Ms. Chiesi had disclosed the materials to her co-defendants, doing so would be appropriate as it would be consistent with the purposes for which the materials were provided to her, namely to prepare her defenses in the criminal action.

Even assuming that properly obtained Title III materials were discoverable in a civil action, which they are not, the SEC's request is premature because no court has determined whether the materials were obtained "in violation of [Title III.]" 18 U.S.C. § 2511(c). Title III strictly prohibits disclosure of wiretapped communications that a person "knows, or has reason to know" were obtained in violation of the statute. Here, Ms. Chiesi expects to move to suppress the Sealed Title III Intercepts on the grounds that they were obtained in violation of Title III and the Fourth Amendment to the United States Constitution. Until that motion is determined, Ms. Chiesi should not be compelled to produce the Sealed Title III Intercepts.

The SEC's contention that "[t]his argument has been asserted and rejected" is wrong. *McQuade v. Michael Grassner Mechanical & Electrical, Inc.*, 587 F. Supp. 1183 (D. Conn. 1984), relied upon by the SEC, is inapposite. That case involved a claim for damages against an individual that intercepted the plaintiff's conversations in violation of Title III. *Id.* at 1188-89. The court compelled production because "the unlawfulness of the eavesdropping or interception [was] one of the central issues to be determined at trial." *Id.* at 1188. In contrast, the legality of the Sealed Title III Intercepts need not be proved at trial, and there is no need for their production at this stage.

Finally, the USAO's statement that it does not object to production of the Sealed Title III Intercepts and Authorizations is completely irrelevant. Actually, it is an unwitting admission that the USAO recognizes that it is not authorized to make disclosure to the SEC and the only other possible way to provide it is via this backdoor prestidigitation. In any event, "Title III does not grant the government ... authority" to "determine when private litigants may make use of previously undisclosed wiretap information." *Motion to Unseal*, 990 F.2d at 1019-20.

For the foregoing reasons, we respectfully request that Your Honor deny the SEC's request that Ms. Chiesi to produce the Sealed Title III Intercepts and Authorizations.

Sincerely,

Alan R. Kaufman

cc:     All Counsel of Record (by email)
        Assistant United States Attorney Jonathan Streeter (by email)
        Assistant United States Attorney Reed Brodsky (by email)
        Special Assistant United States Attorney Andrew Michaelson (by email)