# AKIN GUMP
# STRAUSS HAUER & FELD ʟʟᴘ
━━━━━━━━━━ Attorneys at Law

**TERENCE J. LYNAM**
2028874045/fax: 2028874288
tlynam@akingump.com

January 29, 2010

VIA FACSIMILE

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10022

      Re:    *SEC v. Galleon Management, LP, et al.*, 09 Civ. 881 (JSR)

Dear Judge Rakoff:

      The parties are before this Court on the SEC's Motion to Compel the production of wiretap materials by Mr. Rajaratnam and Ms. Chiesi for this civil case in advance of their disclosure in criminal proceedings and in advance of review of their legality on a motion to suppress. The SEC has *not* asked this Court to compel the production of the wiretaps from the USAO, which is not a party to this case and was only asked by the Court to participate in the recent hearing so as to share its views on the instant Motion.

      Unable to answer the plain statutory text, uniform precedent, and established litigating position of the United States government, the SEC again offers only its complaint that it is unfair for Mr. Rajaratnam to have possession of these materials. However, (i) there is no unfairness because Mr. Rajaratnam has no intention of using the wiretap materials in this civil case and intends to move to suppress them in the criminal case; (ii) any alleged "unfairness" is entirely the government's own procedural creation; and (iii) there is more unfairness in preempting the criminal process and motion to suppress.

      The USAO, for its part, ignores the issue before the Court and instead devotes its brief to insisting that Title III gives it free rein to disclose the materials to the SEC of its own accord. That issue, however, has nothing to do with the SEC's ability to compel disclosure by the defendants in this case in advance of a motion to suppress and in advance of the criminal trial. Because of the USAO's stated position, on January 27, 2010, Mr. Rajaratnam and Ms. Chiesi jointly moved before Judge Holwell for a protective order that would prohibit the USAO from disclosing the wiretap materials to the SEC. As the Judge with authority over the sealed wiretap materials, Judge Holwell should decide that issue. Moreover, if the USAO believed its own argument, it long ago could have sought authorization from Judge Holwell, as it said it would.

The Honorable Jed S. Rakoff
January 29, 2010
Page 2

The obvious explanation for its failure to do so is that the *United States Attorney General*, in a ruling "controlling" on the USAO, has rejected the USAO's arguments.[1]

      1.      The SEC argues that Title III is no exception to routine discovery rules. Controlling precedent says the opposite.[2] Title III prohibits all disclosures of wiretap materials except as specifically permitted in the statute. That is the view of the Second Circuit,[3] and of every other court of appeals to address the issue.[4] And that is the express position of the Attorney General and Solicitor General.[5] If anything is unfair, it is the government's opportunistic about-face on this straightforward question of statutory interpretation. Nothing about Title III has changed since May 2009, when the United States argued that, "'[w]hen addressing the disclosure of the contents of a wiretap,' the question is thus 'whether Title III specifically *authorizes* such disclosure, not whether Title III specifically prohibits the disclosure.'"[6] If fairness means anything, it means that the government cannot oppose disclosure for other civil litigants (as it did in *NBC*) while insisting on a special exception for itself. Finally, the SEC contends that Title III is inapposite because it is not seeking the wiretap applications under 18 U.S.C. § 2518(8)(b). That argument simply begs the very question at issue: whether Title III's strict limitations on disclosure can be circumvented.[7]

---

[1] *See* Office of Legal Counsel, Dep't of Justice, *Sharing Title III Electronic Surveillance Materials with the Intelligence Community*, 2000 WL 33716983 (Oct. 17, 2000). Such formal published OLC opinions embody the Attorney General's statutory exercise of his authority to direct the legal positions of the Executive Branch and thus are "controlling on questions of law within the Executive Branch." Office of Legal Counsel, Dep't of Justice, *Best Practices for OLC Opinions* 1 (May 16, 2005), http://www.justice.gov/olc/best-practices-memo.pdf.

[2] *In re Application of Nat'l Broad. Co. (NBC)*, 735 F.2d 51, 54-55 (2d Cir. 1984) (sealed wiretap evidence may not be disclosed to a civil litigant for use in a civil lawsuit).

[3] *United States v. Marion*, 535 F.2d 697, 700 (2d Cir. 1976) (Title III "prohibits, in all but a few instances, the . . . disclosure of wire or oral communications."); *In re Application of Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990) ("Aside from these permitted uses, Title III requires sealing of intercepted communications."); *see also In re Application of N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 406 (2d Cir. 2009); *NBC*, 735 F.2d at 54-55.

[4] See cases cited in Mr. Rajaratnam's letter briefs of January 22 and 27, 2010.

[5] OLC, 2000 WL 33716983, at *8 ("Title III prohibits every disclosure that it does not explicitly authorize."); U.S. App. Br., *N.Y. Times, supra*, 16-17 (endorsing *Smith v. Lipton*, 990 F.2d 1015, 1018 (8th Cir. 1993) (en banc)).

[6] U.S. App. Br., *N.Y. Times, supra*, at 16-17 (quoting *Smith*, 990 F.2d at 1018).

[7] Having first argued that Title III's disclosure limitations do not apply in a civil discovery context, the SEC now attempts to have it both ways by contending that discovery is "logically" warranted under § 2517(3). But this is a complete misreading of that provision and its purposes. Section 2517(3) permits persons *already* in lawful possession of Title III information to testify

The Honorable Jed S. Rakoff
January 29, 2010
Page 3

2.      The USAO argues that it has the statutory authority under 18 U.S.C. §§ 2517(1) and (2) to disclose the wiretap materials to the SEC. That, of course, has nothing to do with whether the SEC can compel Mr. Rajaratnam to disclose wiretaps in civil litigation in advance of his motion to suppress and in advance of their disclosure in criminal proceedings. Section 2517(1) permits a "law enforcement officer" to "disclose" the contents of intercepted wire communications to another "law enforcement officer." Section 2517(2) permits a "law enforcement officer" to "use" the contents of wiretaps in the "proper performance of his official duties." Since all can agree that Mr. Rajaratnam is not a law enforcement officer, those provisions are irrelevant to the question before this Court.

The other problem with the USAO's argument is that it is incorrect. By its plain terms, Section 2517(1) only permits the disclosure of wiretap materials to an "investigative or law enforcement officer." That term is specifically defined by statute to mean a state or federal officer "empowered by law to conduct investigations of or to make arrests for offenses enumerated in this chapter [Chapter 119 of Title 18]" or an attorney "authorized by law to prosecute or participate in the prosecution of such offenses." 18 U.S.C. § 2510(7). The SEC has no independent criminal investigatory or prosecutorial authority for any of the offenses enumerated in Title III and, tellingly, the SEC does not even claim it. Nor could it. The SEC "has no power to bring criminal charges based on violation of the federal securities laws." *To Speak or Not to Speak*, 76 U. Cin. L. Rev. 939, 952 (2008). It is an independent agency not under the direct control of the Justice Department or the President, with purely civil enforcement power. *Cf. Morrison v. Olson*, 487 U.S. 654 (1988) (serious constitutional questions raised by housing criminal law enforcement authority outside the Attorney General's direct control). That is why, to participate in the related criminal prosecutions, Mr. Michaelson, an SEC attorney, had to be deputized a Special AUSA. Indeed, AUSA Streeter admitted during oral argument that "the Securities and Exchange Commission is not the investigative law enforcement officers [sic] that can conduct investigations for the statutes provided in Title III." 01/25/10 Hrg. Tr. at 10.

Now the USAO wants to switch horses and argue that SEC personnel *are* "investigative or law enforcement officers" within the meaning of § 2517. But all of its arguments simply underscore that the SEC has no more, and probably less, claim to such status than the intelligence officers whom the Attorney General has concluded are not Title III law enforcement officers except when participating directly in the criminal process. OLC, *supra*. The cases the USAO cites further weaken its hand, since each of them involved persons with investigatory or prosecutorial authority over Title III crimes.[8] The SEC lacks that authority.

---

about it in court; it is *not* a mechanism for unauthorized parties to receive such sealed information. The SEC's distorted view is simply contrary to Congress's intent and Second Circuit precedent. *See NBC*, 735 F.2d at 54; *N.Y. Times*, 577 F.3d at 407.

[8]  As the Attorney General has explained, *Berg v. Michigan Att'y Grievance Commission*, 49 F.3d 1188 (6th Cir. 1995), involved officers "empowered by law to investigate the offenses enumerated in 18 U.S.C. § 2516. OLC, *supra*, at *2. The other two cases are to the same effect. *In re Motion to Disclosed Intercepted Communications*, 594 F. Supp. 2d 993 (N.D. Ill. 2009)

The Honorable Jed S. Rakoff
January 29, 2010
Page 4

Finally, the USAO argues that SEC personnel qualify as "investigative or law enforcement officer[s]" because wire fraud is a Title III predicate offense and "any investigation of securities fraud is necessarily also an investigation of wire fraud." That sounds like "a comfortable doctrine, to which we can have but one objection: namely, that it is not true." *In re Globe Newspaper Co.*, 729 F.2d 47, 54 (1st Cir. 1984). The securities fraud alleged in this case is insider trading in violation of Title 15, U.S. Code, Section 78j(b), which is not the same offense as wire fraud under 18 U.S.C. § 1343. The elements are different.[9] Moreover, Title III's enumeration of offenses and precise definition of law enforcement officers is not just a suggestion to which U.S. Attorneys are free to add. Indeed, while Title III does include wire (and mail) fraud in the list of predicate offenses, it does *not* include many other offenses that are often *similar* to the covered crimes.[10] These omissions are not accidental. Instead, they are an integral part of the precise and constitutionally required balance Congress struck in Title III. Nothing the USAO says changes the plain text of the statute. Furthermore, the SEC is not broadly authorized to investigate wire fraud, and there is no indication that Congress intended to authorize the SEC to receive or make use of the fruits of wire surveillance when it added wire fraud to the list of Title III predicate offenses in 1985. If Congress had intended that result, presumably it would have amended § 2516 to include an offense that the SEC is actually authorized to investigate and prosecute .

The USAO's argument under 2517(1) boils down to the contention that SEC personnel are "investigative or law enforcement officer[s]" as defined in the statute because they are authorized to investigate offenses that are *similar* to a Title III predicate offense. But however close the resemblance between insider trading under Title 15 and wire fraud under Title 18, insider trading is *not* a Title III predicate offense, and SEC personnel are *not* "investigative or law enforcement officer[s]." Notably, Congress *did* include other Title 15 offenses, specifically

---

(Committee's investigatory authority was "broad enough to encompass those violations of the federal criminal code listed in section 2516"); *In re Motion to Disclose Intercepted Communications to U.S. Senate Select Committee on Ethics*, 610 F. Supp. 2d 954 (N.D. Ill. 2009) (Senate resolution "empowered [Committee] to conduct investigations of offenses enumerated in 18 U.S.C. § 2516").

[9] For example, to prove insider trading the SEC will have to establish a breach of duty by an insider in disclosing material, non-public information, and trading by the defendants on the basis of such information, none of which are elements of wire fraud. Criminal intent would also be required to be proven in a criminal case.

[10] For example, the following Title 18, U.S. Code, offenses are also *not* predicate offenses under Title III, even though they are "similar" to enumerated offenses: false and fraudulent claims (§ 287), conspiracy to defraud the Government with respect to claims (§ 286), false claims for pensions (§ 289), fraud and related activity in connection with electronic mail (§ 1037), false statements to an executive, legislative or judicial officer (§ 1001), offer of loan or gratuity to financial examiner (§ 212), and health care fraud (§ 1347).

The Honorable Jed S. Rakoff
January 29, 2010
Page 5

the anti-trust laws, among the list of Title III predicate offenses, *see* 18 U.S.C. § 2516(1)(r), so the omission of securities fraud was no accident.

        3.      The USAO also argues that Section 2517(2) authorizes release to the SEC as part of the "proper performance of [the Government's] official duties." (Ltr. at 2; USAO ellipsis and brackets). But the USAO cannot paraphrase its way around Title III's text. Section 2517(2) only permits uses as part of the law enforcement officer's "law enforcement" duties. As explained in Mr. Rajaratnam's letter of January 27th, the USAO's argument that wiretaps can be used to support the Government's mission generally has been expressly rejected by the Attorney General, OLC, *supra*, who agrees with Mr. Rajaratnam that none of the civil tax cases the USAO cites are relevant because they did not address the § 2517(2) disclosure question and disclosure post-dated the material's public release in a criminal trial.[11] In fact, as the Attorney General explains, "the only two cases directly addressing whether § 2517(2) authorizes law enforcement officers to provide Title III materials to tax authorities – *Scott* [*v. United States*, 573 F. Supp. 622 (M.D Tenn. 1983), *rev'd on other grounds*, *Resha v. United States*, 767 F.2d 285 (6th Cir. 1985)] and *Boettger* [*v. Miklich*, 633 A.2d 1146 (Pa. 1993)] – held that such disclosure violated the statute." OLC, 2000 WL 33716983, at *5 n.8.

        Finally, as explained in Mr. Rajaratnam's letter of January 27 at 4-5, the statutory text and legislative history confirm that Section 2517(2) only permits disclosures that are appropriate to the performance of the law enforcement duties *of the disclosing officer*. Here, although the USAO suggests that it might benefit from disclosing the wiretaps to the SEC, the express purpose of the motion to compel is to assist the SEC's presentation of its civil case. If the USAO needs help in the criminal case, it can seek authorization to disclose from Judge Holwell.

                                        Respectfully submitted,

                                        *Terence J. Lynam*

                                        Terence J. Lynam (*pro hac vice*)
                                        John M. Dowd (*pro hac vice*)
                                        William E. White (*pro hac vice*)

                                        *Attorneys for Defendant Raj Rajaratnam*

cc:    Assistant United States Attorney Jonathan Streeter

---

[11] *See* Office of Legal Counsel, Dep't of Justice, *Sharing Title III Electronic Surveillance Materials with the Intelligence Community*, 2000 WL 33716983, at *3 (Oct. 17, 2000) ("[H]ad Congress intended to permit broad sharing of Title III information among government entities with varying missions, it could more easily have done so in § 2517(1), by authorizing law enforcement officers to disclose Title III information to government employees generally rather than solely to other law enforcement officers.").

The Honorable Jed S. Rakoff
January 29, 2010
Page 6

      Assistant United States Attorney Reed Brodsky
      Special Assistant United States Attorney Andrew Michaelson
      Valerie A. Szczepanik, SEC Senior Trial Counsel

01/29/2010 17:00 FAX 2028332292          AKIN GUMP

The Honorable Jed S. Rakoff
January 29, 2010
Page 6

      Assistant United States Attorney Reed Brodsky
      Special Assistant United States Attorney Andrew Michaelson
      Valerie A. Szczepanik, SEC Senior Trial Counsel