# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Cynthia M. Monaco, Esq.
Cmonaco@andersonkill.com
(212) 278-1034

*By Facsimile*

January 29, 2010

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Securities and Exchange Commission v. Galleon
               Management, LP, et al. 09 Civ. 8811 (JSR)

Dear Judge Rakoff:

        This letter is respectfully submitted on behalf of Zvi Goffer in response to the letter submissions of the United States Attorney's Office for the Southern District of New York ("government") and Securities and Exchange Commission ("SEC") dated January 27, 2010. Mr. Goffer joins in the arguments of his co-defendants as to the impermissibility of compelling discovery of communications intercepted pursuant to court order under Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. §§ 2510 *et seq.* ("wiretap communications" and "Title III" respectively). Mr. Goffer writes principally to respond to the revelation that the SEC has been in possession of wiretap communications since December 15, 2009 by requesting a hearing before this Court to explore the facts of this unauthorized disclosure and to fashion an appropriate remedy.

        During a conference call between counsel for the SEC, and defendants Schottenfeld Group LLC ("Schottenfeld"), David Plate and Zvi Goffer on the afternoon of January 26, 2010, SEC counsel revealed that she had been blind copied[1] on a December 15, 2009 letter (attached hereto) transmitting pre-indictment discovery by the government to the defendants in United States v. Goffer.[2] That production included the full content of seven consensual recordings and twenty-one wiretap communications utilized by the government in its

---

[1] The fact that the government blind copied the SEC suggests the government's understanding that such disclosure was not proper.

[2] The call was arranged by defendants to explore the failure of the SEC to have produced any consensual recordings, cooperation agreements, reports of interview or other material relevant to government cooperators Gautham Shankar and David Slaine in the large productions made by the SEC.

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Ventura ■ Washington, D.C.

**Anderson Kill & Olick, P.C.**

The Honorable Jed S. Rakoff
January 29, 2010
Page 2

complaint in <u>United States v. Goffer, et al.</u>, 09 Mag. 2438 on ten CDs. In other words, the production contained the core of the government case and its view of the most damaging evidence it had against the seven co-defendants.[3] The CDs were individually labeled with the paragraph number of the complaint in which the conversation was excerpted.

       Counsel for the SEC indicated that she had not produced the material in discovery because she believed the defendants already had access to these recordings from the government in criminal discovery and agreed to produce them to counsel for Schottenfeld immediately. In an e-mail exchange in the late afternoon of January 26, 2009, undersigned counsel inquired as to whether anything other than the December 15, 2009 wiretap and consensual recordings were in the possession of the SEC. Counsel for the SEC forthrightly acknowledged:

> On December 15, 2009, we received from [the government] recorded conversations that I believe are all consensual. They relate to the following paragraphs of the criminal complaint: 11, 12, 14, 15, 16, 17, 20a, 20b, 20c, 20d, 23a, 23b, 23c, 31a, 31b, 31c, 31d, 31e, 32a, 32b, 32c, 34a, 34b, 34c, 34d, 35, 36b and 36c. [The AUSA] informed us that the Government had produced copies of these recordings to counsel for the defendants in the criminal case.
>
> Separately, I confirmed with Anthony Kelly that the DC SEC office has no 302s, cooperation agreements, or recordings apart from what I mention above.
>
> SEC Discs 94 and 95 contain the only other consensual recordings we have concerning the Galleon case.

       Following this exchange, an Assistant United State Attorney contacted counsel for Goffer and Schottenfeld to reveal that some wiretap materials *may* have been inadvertently produced to the SEC. The AUSA stated that all CDs were being returned to the USAO for review as to whether wiretap material had, in fact, been disclosed, and that the answer would be known the following morning. The AUSA further indicated that the government had been granted one or more orders by Judge Preska pursuant 18 U.S.C. § 2517(3) to utilize the Title III materials in its complaint and in the grand jury proceedings to indict the case but that no order had been sought to permit sharing of the Title III communications with the SEC. Undersigned counsel asked that the government to submit to the Court its findings after reviewing the returned CDs.

---

[3] Indeed, the only call referenced in the complaint that was not produced was one that took place on December 14, 2007 and referenced in paragraph 17 during which Mr. Goffer states that he had been untruthful when boasting of sources of information to cooperator David Slaine.

**Anderson Kill & Olick, P.C.**

The Honorable Jed S. Rakoff
January 29, 2010
Page 3

The submissions by the SEC dated January 27, 2010 make clear that contrary to the assertions before this Court, see Transcript of January 25, 2010 hearing ("Tr.") at 27,[4] the government had, in fact, turned over sealed wiretap communications to the SEC. Moreover, the email communication by counsel for the SEC indicates that the SEC's Washington office, which is litigating a separate case against Mr. Goffer, had the same production made to it.

Against this backdrop, the government's new position that it would not necessarily require any court authorization pursuant to Section 2517(3) to turn over wiretap communications to the SEC becomes understandable. They have already violated the sealing and disclosure requirements of Title III and are seeking an alternative means to justify the production. Title 18 USC 2518(a) provides:

> Duplicate recordings may be made for use or disclosure pursuant to the provisions of subsections (1) and (2) of section 2517 of this chapter for *investigations*. The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite *for the use or disclosure* of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.

(emphasis added). Accordingly, a court order must be sought to permit use of wiretap communications that have been sealed and a showing of the fact of sealing must be made before a judge can order the communications unsealed for use or disclosure pursuant to 2517(3). Since no application was made authorizing disclosure to the SEC, the government now seeks to justify that decision retroactively as within the duties of a law enforcement officer under subparagraphs (1) and (2).

This unauthorized disclosure also undercuts the SEC's position that it only seeks the wiretap communications to correct a serious imbalance in the informational advantage between the parties. In fact, the SEC chose to add Mr. Goffer as a party in this case on November 5, 2009, after it had learned that its case would not be subject to a stay and with the knowledge that he was already under a separate civil suit by the SEC, Securities and Exchange Commission v. Cutillo, et al., 09 Civ. 9208. The government's helpful pre-indictment production to the SEC on December 15, 2009 of what it considered the most incriminating wiretap communications culled from tens of thousands of interceptions, was clearly an effort to see that the SEC was promptly provided with these materials – both through discovery from the civil litigants and through direct and unauthorized sharing.

These revelations indicate that contrary to Judge Preska's orders, the government has turned over sealed wiretap communications without court authorization leaving them subject

---

[4] THE COURT: Did you disclose the wiretaps to them or not?
MR. STREETER: No, we didn't.
Tr. at 27.

**Anderson Kill & Olick, P.C.**

The Honorable Jed S. Rakoff
January 29, 2010
Page 4

to suppression for violation of Title III's requirements. Title 18, United States Code, Section 2515 provides: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, . . . agency, [or] regulatory body, if the disclosure of that information would be in violation of this chapter." Describing the reach of Section 2515, Judge Gleeson recently held in United States v. Simels, 2009 WL 1924746, *14 (E.D.N.Y. 2009), "Title III contains its own statutory exclusionary rule."

Accordingly, Mr. Goffer respectfully requests a hearing before this Court to explore the facts of this unauthorized disclosure and to fashion an appropriate remedy.

Respectfully submitted,

*Cynthia Monaco*

Cynthia M. Monaco

CMM
Attachment

cc:   AUSA Jonathan Streeter (by email)
      AUSA Reed Brodsky (by email)
      Valerie Szczepanik, SEC Senior Trial Counsel (by email)
      All defense counsel (by email)

# Exhibit A

01/29/2010 17:07 FAX 12122781733    ANDERSONKILL&OLICK,P.C.    ☒006/008



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2009

Unless Otherwise Noted
<u>By Federal Express (Overnight)</u>

Cynthia M. Monaco, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
*Counsel for Zvi Goffer*

Bryan Blaney
Norris, McLaughlin & Marcus, P.A.
875 Third Avenue
New York, NY 10022
*Counsel for Arthur Cutillo*

Jeffrey C. Hoffman, Esq.
Hoffman & Pollok
260 Madison Ave.
New York, NY 10016
*Counsel for Jason Goldfarb*

JaneAnne Murray, Esq.
Murray Law LLC
Woolworth Building
233 Broadway, 22nd Floor
New York, NY 10279
*Counsel for Craig Drimal*

Pery D. Krinsky
Law Offices of Michael S. Ross
60 East 42nd Street
Forty-Seventh Floor
New York, NY 10165
*Counsel for Emanuel Goffer*
(By Pick-Up)

Counsel
December 15, 2009

Michael S. Sommer, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
*Counsel for Michael Kimelman*
(by Pick-Up)

Roland G. Riopelle, Esq.
Sercarz & Riopelle, LLP
Carnegie Hall Tower
152 West 57th Street
New York, N.Y. 10019
*Counsel for David Plate*

    Re: United States v. Zvi Goffer et al.
       09 Mag. 2438

Dear Counsel:

  At your request, we are providing you with the following recorded conversations reflected in the following paragraphs of the above-captioned complaint: 11, 12, 14, 15, 16, 17, 20a, 20b, 20c, 20d, 23a, 23b, 23c, 31a, 31b, 31c, 31d, 31e, 32a, 32b, 32c, 34a, 34b, 34c, 34d, 35, 36b, and 36c.

              Yours truly,

              PREET BHARARA
              United States Attorney for the
              Southern District of New York

       By: *[signature]*
          Reed M. Brodsky
          Andrew Fish
          Assistant United States Attorneys
          (212) 637-2492/2548 (phone)
          (212) 637-2452 (fax)

Enclosures

2