

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 29, 2010

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, NY 10007

Re: SEC v. Galleon Management, LP, et al., 09 Civ. 8811 (JSR)

Dear Judge Rakoff:

The Government respectfully submits this letter in response to letters of Raj Rajaratnam and Danielle Chiesi dated January 27, 2010. For the reasons set forth below and in the Government's prior letters and oral arguments, the Government submits that: 1) this Court can and should order the defendants to produce the wiretap evidence to the SEC in discovery in this matter; and 2) the Government is permitted under 18 U.S.C. § 2517 to provide that evidence directly to the SEC.

## I. 18 U.S.C. § 2517(2)

In each of their January 27, 2010 letters, defendants Rajaratnam and Chiesi argue that the Government's position that Section 2517(2) permits disclosure to the SEC is inconsistent with an opinion of the Office of Legal Counsel ("OLC") concerning disclosure of wiretap evidence to the intelligence community. *See* Office of Legal Counsel, Dep't of Justice, *Sharing Title III Electronic Surveillance Materials with the Intelligence Community*, 2000 WL 33716983 (Oct. 17, 2000)(the "OLC Memo").[1] The defendants are wrong. The position adopted in that opinion fully supports the position taken by the Government in this case. In that opinion, OLC considered the circumstances under which law enforcement officers such as AUSAs or FBI agents could share wiretap evidence with members of the intelligence community who are clearly not "investigative or law enforcement officers" under Title III. OLC concluded that Section 2517(2) permits a law enforcement officer to share Title III evidence with other non-law enforcement government personnel "where the officer seeks to obtain assistance in preventing, investigating, or prosecuting a crime." *Id.* at *7.

---

[1] This opinion was issued prior to passage of the Patriot Act in 2001, in which Congress amended Title III to provide law enforcement officers with specific authority to share wiretap evidence with the intelligence community. *See* 18 U.S.C. § 2517(6); The Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (USA Patriot Act), Pub.L.No. 107-56, 115 Stat. 272.

The Honorable Jed S. Rakoff
Page 2

As explained both orally and in the Government's letter of January 27, 2010, that is precisely what the Government seeks to do here. It seeks to share the wiretap evidence obtained in its criminal investigation with the SEC in order to obtain assistance and expertise from the SEC in evaluating that evidence, both with respect to charged defendants and others under investigation—assistance which the SEC intends to provide to further its own investigation and pending litigations. The SEC providing that assistance is entirely consistent with the cooperative relationship between the Department of Justice and the SEC contemplated both by Congress and the courts. *See* 1/27/10 letter of Jonathan R. Streeter at page 4. In addition, the Government seeks to make that evidence available to the SEC in order to ensure basic fairness in discovery in this civil case—fairness that will "assist[] in prosecuting [the] crime[s]" charged in the Government's parallel criminal cases, OLC Memo, 2000 WL 33716983 at *7, because many witnesses are common to both the SEC's civil and the Government's criminal cases.

Consistent with this analysis, Rajaratnam acknowledges that "the USAO can use the wiretap evidence when seeking the assistance or consultation of SEC personnel, 'to the extent such use is appropriate to the proper performance' of *criminal prosecutorial duties*." 1/27/10 letter of Terence Lynam at page 4 (emphasis in original). *See also* 1/27/10 letter of Alan Kaufman at page 4 (agreeing that the USAO can disclose Title III material to the SEC "for purposes related to law enforcement"). The Government agrees with the defendants on this point, but there is nothing in Section 2517(2) that limits how the Government can obtain assistance from the SEC in its criminal prosecutions. Rather, as the defendants acknowledge, Section 2517(2) allows the Government to obtain such assistance from, and share wiretap evidence with, those who are not "law enforcement officers" under Title III in various ways so long as that assistance furthers criminal law enforcement purposes. As explained above and in our prior submissions, that is exactly why the Government seeks to share the wiretap evidence with the SEC in this case.

Nor does the Government's (and now the defendants') interpretation of Section 2517(2) allowing it to share wiretap evidence with government officials who are not "law enforcement officers" render Section 2517(1)'s authorization to "disclose" wiretaps *between* law enforcement officials "redundant surplusage," Lynam ltr. at 4, or "completely eviscerate the plain meaning of § 2517(1)," Kaufman ltr. at 4. Rather, Section 2517(1) allows such sharing when it serves the official purposes of either the recipient or the provider of the Title III information, while Section 2517(2) requires that the sharing serve the official purposes of the law enforcement official providing the information. The defendant's reading would mean that, pursuant to Section 2517(2), law enforcement could share wiretap evidence with informants, witnesses, and other non-government individuals in order to further a criminal investigation, but it could not share that same information with governmental personnel who are not "law enforcement officers" under Title III.

Accordingly, assuming *arguendo* that SEC personnel do not qualify as "investigative or law enforcement officers" under Title III, the Government can nonetheless share the wiretap

The Honorable Jed S. Rakoff
Page 3

evidence with the SEC under Section 2517(2) because such sharing will assist the Government's criminal investigations and prosecutions.

## II.    18 U.S.C. §§ 2518(9) and (10)

Rajaratnam argues in his letter of January 27, 2010 that 18 U.S.C. §§ 2518(9) and (10) "contemplate" that the lawfulness of wiretaps be adjudicated by a court prior to their disclosure. Lynam ltr. at page 5. Rajaratnam is wrong. Section 2518(9) merely requires that a party against whom wiretap evidence will be offered at a hearing, trial or proceeding be furnished with the underlying applications and orders prior to the hearing. Similarly, Section 2518(10) provides that a motion to suppress wiretap evidence "shall be made before the trial, hearing or proceeding." Neither provision says anything about the timing of disclosures or uses permitted under Sections 2517(1) and (2). Indeed it would be absurd to limit the Government's ability to make such disclosures during its investigation, including when the investigation is covert. As noted above and in the Government's prior letters, disclosures under Sections 2517(1) and (2) are permitted in order to, among other things, develop witnesses, get assistance from other government personnel (here the SEC), and establish probable cause for searches and arrests. Permitting such disclosures *only after* a court has adjudicated the defendant's suppression motions is putting the cart before the horse. Nothing in Title III imposes that requirement.

### Conclusion

For the foregoing reasons, as well as those provided at the conference and in the Government's letters of January 20 and 27, 2010, the Government submits that: 1) this Court should compel the defendants to produce the wiretap evidence in discovery, and 2) the Government is permitted to disclose that evidence directly to the SEC.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
JONATHAN R. STREETER
REED M. BRODSKY
Assistant United States Attorneys
ANDREW Z. MICHAELSON
Special Assistant United States Attorney
(212) 637-2272/2492/2348

cc:    counsel for the SEC (by email)
       defense counsel (by email)