Rakoff, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>GALLEON MANAGEMENT, LP,<br>RAJ RAJARATNAM,<br>RAJIV GOEL,<br>ANIL KUMAR,<br>DANIELLE CHIESI,<br>MARK KURLAND,<br>ROBERT MOFFAT,<br>NEW CASTLE FUNDS LLC,<br>ROOMY KHAN,<br>DEEP SHAH,<br>ALI T. FAR,<br>CHOO-BENG LEE,<br>FAR & LEE LLC,<br>SPHERIX CAPITAL LLC,<br>ALI HARIRI,<br>ZVI GOFFER,<br>DAVID PLATE,<br>GAUTHAM SHANKAR,<br>SCHOTTENFELD GROUP LLC,<br>STEVEN FORTUNA,<br>  and<br>S2 CAPITAL MANAGEMENT, LP,<br><br>Defendants. | <br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1-29-10<br><br>09 Civ. 8811 (JSR)<br><br>ECF CASE |

### FINAL JUDGMENT AS TO DEFENDANTS CHOO-BENG LEE AND ALI T. FAR

The Securities and Exchange Commission having filed an Amended Complaint

("Complaint") and Defendants Choo-Beng Lee (a.k.a. Richard Choo-Beng Lee) and Ali T. Far

("Defendants") having entered a general appearance; agreed that the Court has jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final Judgment;

waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for: (1) $1,335,618.17, representing profits gained and/or losses avoided as a result of the conduct alleged in the Complaint, together with (2) prejudgment interest thereon in the amount of $96,385.52, and (3) a civil penalty in the amount of $667,809.09 pursuant to Section 21(d)(3) and Section 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u-1], and Section 20(d) of the Securities Act [5 U.S.C. § 77t(d)]. Defendants shall satisfy this obligation

3

by paying $2,099,812.78 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Defendants' names as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1/28/10

_____
UNITED STATES DISTRICT JUDGE

Rakoff []

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| Plaintiff, : | |
| -against- : | |
| GALLEON MANAGEMENT, LP, : | |
| RAJ RAJARATNAM, : | |
| RAJIV GOEL, : | |
| ANIL KUMAR, : | |
| DANIELLE CHIESI, : | |
| MARK KURLAND, : | 09 Civ. 8811 (JSR) |
| ROBERT MOFFAT, : | |
| NEW CASTLE FUNDS LLC, : | ECF CASE |
| ROOMY KHAN, : | |
| DEEP SHAH, : | |
| ALI T. FAR, : | |
| CHOO-BENG LEE, : | |
| FAR & LEE LLC, : | |
| SPHERIX CAPITAL LLC, : | |
| ALI HARIRI, : | |
| ZVI GOFFER, : | |
| DAVID PLATE, : | |
| GAUTHAM SHANKAR, : | |
| SCHOTTENFELD GROUP LLC, : | |
| STEVEN FORTUNA, : | |
| and : | |
| S2 CAPITAL MANAGEMENT, LP, : | |
| Defendants. : | |

## CONSENT OF DEFENDANTS CHOO-BENG LEE AND ALI T. FAR

1. Defendants Choo-Beng Lee (a.k.a. Richard Choo-Beng Lee) and Ali T. Far

("Defendants") acknowledge having been served with the Amended Complaint ("Complaint") in

this action and enter a general appearance.

1

2. Defendants agree the Court has jurisdiction over Defendants and over the subject matter of this action.

3. Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently restrains and enjoins Defendants from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];
>
> (b) orders Defendants, jointly and severally, to pay disgorgement in the amount of $1,335,618.17, plus prejudgment interest thereon in the amount of $96,385.52, for a total of $1,432,003.69; and
>
> (c) orders Defendants, jointly and severally, to pay a civil penalty in the amount of $667,809.09 under Section 21(d)(3) and Section 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u-1], and Section 20(d) of the Securities Act [5 U.S.C. § 77t(d)].

4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

3

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this Consent affects Defendants': (i) testimonial obligations; (ii) right to take legal or

factual positions in litigation or other legal proceedings in which the Commission is not a party; or (iii) right to assert their Fifth Amendment rights in this and in related proceedings.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendants agree to cooperate with the Commission in connection with this action and any related investigation by the Commission staff. The Commission shall not require cooperation from Defendants that is inconsistent with their obligations under existing agreements they have entered into with other Government agencies.

15. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/18/09

_____
Choo-Beng Lee

On Dec. 18, 2009, Choo-Beng Lee, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

[Notary seal: KATHLEEN H. FENTON, Commission # 1822987, Notary Public - California, San Francisco County, My Comm. Expires Nov 18, 2012]

Kathleen H. Fenton
Notary Public - See attached Calif. Jurat
Commission expires:

Dated:_____

_____
Ali T. Far

On _____, 2009, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Jeffrey L. Bornstein, Esq.
K&L Gates LLP
Four Embarcadero Center, 12th Floor
San Francisco, CA 94111
Ph: (415) 249-1059
Attorney for Defendant Choo-Beng Lee

_____
Francisco J. Navarro, Esq.
Kobre & Kim LLP
800 3rd Ave.
New York, NY
Ph: (212) 488.1240
Attorney for Defendant Ali T. Far

6

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☐ See Attached Document (Notary to cross out lines 1-6 below)
☐ See Statement Below (Lines 1-5 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

Signature of Document Signer No. 1               Signature of Document Signer No. 2 (if any)

State of California
County of __San Francisco__

Subscribed and sworn to (or affirmed) before me on this __18th__ day of __December__, 20__09__, by

(1) __Choo-Beng Lee__,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature __Kathleen H. Fenton__
Signature of Notary Public

[Notary Seal: KATHLEEN H. FENTON, Commission # 1822887, Notary Public - California, San Francisco County, My Comm. Expires Nov 16, 2012]

Place Notary Seal Above

--- **OPTIONAL** ---

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Further Description of Any Attached Document**

Title or Type of Document: __Consent of Defs. Choo-Beng Lee & Ali T. Far__

Document Date: __12/18/09__   Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association• 9350 De Soto Ave., P.O. Box 2402 •Chatsworth, CA 91313-2402• www.NationalNotary.org Item #5910 Reorder: Call Toll-Free 1-800-876-6827

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Santa Clara

On _December 18th, 2009_ before me, _Nichelle Russien_, Notary Public, personally appeared _Ali T. Far_ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____



NICHELLE RUSSIEN
COMM. # 1806499
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
MY COMM. EXP. JULY 14, 2012

---

## ADDITIONAL OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

**DESCRIPTION OF THE ATTACHED DOCUMENT**

Consent of Defendant (Defendant)

(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages __1__ Document Date _12/18/2009_

_____
(Additional Information)

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual(s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ♦ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ♦ Indicate title or type of attached document, number of pages and date.
  ♦ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document.