

January 27, 2010

<u>**Via Facsimile**</u>

The Honorable Jed S. Rakoff
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *SEC v. Galleon Management, LP et al.; 09 Civ. 8811 (JSR)*

Dear Judge Rakoff:

      Plaintiff Securities and Exchange Commission ("Commission") writes in further support of its application that the Court order defendants to produce to the Commission recorded communications and related materials (the "wiretap materials") in their possession, custody or control. What is now undeniably clear is that the defendants enjoy an informational advantage that this Court should not tolerate. Certain defendants now have an abundance of relevant, non-privileged information at their disposal. Despite their attorneys' in-court assertions to the contrary, defendants cannot reasonably represent at this early stage of discovery that they will not introduce Title III evidence at trial. Moreover, even if defense counsel were to stipulate that they would not introduce Title III material at trial (all but counsel for Rajaratnam were not prepared to do so at this time), defense counsel cannot reasonably represent to this Court that they will not "use" the Title III material already in their possession to prepare their defense, prepare their witnesses and prepare to cross-examine the Commission's witnesses. The defendants can, have already, and will continue to use the materials in this action, and the law and fairness dictate that the Commission have immediate access to them as well.

      Defendants have not identified one provision of Title III or a single controlling precedent that prevents them from producing the wiretap materials in response to the Commission's discovery requests. In fact there is no such provision or precedent. Moreover, Title III restricts disclosure of wiretap materials "obtained or received ... in connection with a criminal investigation" only where it is done "with intent to improperly obstruct, impede, or interfere with

a duly authorized criminal investigation." § 2511(1)(e). Congress's express inclusion of this provision suggests that non-obstructive disclosures are not prohibited.[1]

Nor have the defendants adequately addressed the controlling Second Circuit precedent that specifically rejects their premise that Title III prohibits any disclosure not specifically authorized in § 2517. The Second Circuit has explained that § 2517, which relates solely to the use of intercepted communications in law-enforcement activities and judicial proceedings, does not forbid access to wiretap materials by another means. In re Newsday, 895 F.2d 74, 77 (2d Cir. 1990) ("We agree that Title III generates no right of [public] access, but it is a non-sequitur to conclude the obverse: that Congress intended in § 2517, which relates solely to use in law-enforcement activities and judicial proceedings, to forbid public access by any other means on any other occasion.") Defendants' continuing adherence to cases from other circuits is unavailing. See Newsday, 895 F.2d at 78 ("[N]owhere does Title III state rules regarding disclosure of intercepted communications to the public incident to, or after, their use under § 2517.")

One point on which the Commission and defendants agree is that "any person" – including the Commission – may call a witness at trial to testify about the contents of intercepts. See § 2517(3) ("Any person who has received [wiretap materials] ... may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any proceeding held under the authority of the United States.... ."); Fleming v. United States, 547 F.2d 872, 875 & n.2 (5th Cir. 1977) (Section 2517(3) "originally applied only to 'any criminal proceeding' but was amended in 1970 to include 'any proceeding.'"). However, defendants posit that, until trial, the Commission can have no access to the wiretap materials. Apparently, according to defendants, the Commission must present the witness's testimony at trial without any foreknowledge of the contents of the witness's testimony – a process that could only lead to the ineffective presentation of evidence and to an inefficient use of the Court's and jury's time. The only logical reading of §2517(3) is that the Commission may use discovery to obtain information to assist in its preparation for trial. Cf. Fleming, 547 F.2d at 875 ("A reasonable interpretation of [§ 2517(3)'s] authorization to give testimony may include the authorization to disclose the contents of the testimony before trial to the IRS revenue agents responsible for preparing the assessments on which the trial will be based."); accord In re High Fructose Corn Syrup Antitrust Litig., 216 F.3d 621, 624 (7th Cir. 2000) ("Another issue on which authority is scanty is whether section 2517(3) is limited to trials and so excludes discovery, which would be a particularly strange limitation ... .").[2]

---

[1] As discussed in our prior letter brief, defendants' claim that they are also restricted from disclosing the Title III material pursuant to § 2511(1)(d), which prohibits the intentional use of wiretap materials knowingly obtained in violation of § 2511(1), is inapplicable here.

[2] As the Court recognized at the January 25, 2010 hearing on this matter, defendants' position, taken to its logical conclusion, would prohibit defendants themselves from using the wiretap materials to prepare for trial, a conclusion they are unwilling to concede.

Just as the Commission is entitled to discovery of the recorded intercepts, it is entitled to discovery of the related applications and orders. These items were released to certain defendants in connection with parallel criminal proceedings against them, pursuant to Title III, § 2517(2), and Fed. R. Crim. P. 16. They are not subject to any protective order. Now that they are in the hands of the defendants, they are discoverable. The intercepts are relevant because they are direct evidence of defendants' communications. The applications and orders are relevant because they provide a roadmap through the voluminous intercepts.

In re New York Times Co., 577 F.3d 401 (2d Cir. 2009), does not preclude the Commission's access to the applications and orders here. In New York Times, the media sought to obtain applications, orders and related documents from the Government pursuant to §2518(8)(b). The Second Circuit, in determining whether the media could show "good cause" within the meaning of § 2518, held that a party seeking such disclosure must be an "aggrieved person." 577 F.3d at 408. The Commission is not seeking wiretap applications from the Government pursuant to § 2518(8)(b). The "good cause" requirement does not apply and New York Times is inapposite.

This dispute is not about the public dissemination of wiretap materials. The question for the Court is simply whether relevant, non-privileged materials in the hands of an adversary in civil litigation are discoverable. Defendants' privacy concerns can adequately be addressed by use of the protective order already entered in this case. Indeed, the Commission is producing and has already produced to defendants in discovery the majority of its investigative files. Those files contain highly sensitive information. That is why the Commission sought a protective order from the Court prior to producing any materials. The intercepts at issue are indistinguishable from a discovery standpoint from sensitive materials the SEC has already produced and from the types of non-public, confidential information routinely produced pursuant to protective orders in civil discovery.

The Commission is entitled to the wiretap materials under Rules 26 and 34 of the Federal Rules of Civil Procedure. Title III circumscribes when electronic surveillance may be used by the Government and controls the Government's use of information obtained by that electronic surveillance. Newsday, 895 F.2d at 76. Title III does not address what a private party, such as defendants, can do with wiretap evidence once such evidence has been produced to the private party by the Government in a criminal case. Cf. id. ("[Title III] does not ... address the issue of public access to intercepted communications when those communications become part of a public document after having been used by the government in the course of its law enforcement activities.").

Finally, the Commission's request should not be viewed in any way as an attempt to evade the strictures of Title III. It is the Commission's position that Title III permits the USAO to disclose these materials directly to the Commission pursuant to § 2517(2).[3] The USAO has

---

[3] After the Commission filed this action, the USAO produced certain consensual recordings to the Commission, a portion of which related to defendant Zvi Goffer. Yesterday, as a result of a conversation with Goffer's counsel, counsel for the Commission realized that a limited number

represented it intends to seek such an order for disclosure if necessary. Accord Fleming v. United States, 547 F.2d 872 (5th Cir. 1977) (evidence derived from lawful intercepts in criminal investigation, and disclosed to IRS agents before and after guilty pleas and testimony, may be admitted in civil tax proceedings, even though Title III does not authorize the use of wiretapping to investigate civil tax liability);[4] Griffin v. United States, 588 F.2d 521 (5th Cir. 1979) (evidence of lawful intercepts was admissible in subsequent civil action brought by taxpayers for refund of money seized during law enforcement raids); Spatafore v. United States, 752 F.2d 415 (9th Cir. 1985) (district court properly denied plaintiff taxpayer's motion to suppress wiretap evidence obtained in a criminal investigation); cf. Resha v. United States, 767 F.2d 285 (6th Cir. 1985) (evidence derived from lawful wiretap and later disclosed not subject to suppression). The Commission seeks a ruling on this issue from this Court, ordering the defendants to turn over the wiretap materials pursuant to Federal Rules of Civil Procedure 26 and 34, because the Commission believes the issue is ripe in this action and appropriate for decision by this Court.

---

of non-consensual recordings relating to Goffer may have inadvertently been produced by the USAO to the Commission on December 15, 2009, as part of a larger (10 disc) production of consensual recordings relating to Goffer. Before yesterday, the Commission had not reviewed the non-consensual calls. After speaking with Goffer's counsel, one Commission attorney began reviewing the recordings in question yesterday, and played only a short portion of one non-consensual recording before identifying the recording as potentially non-consensual. The Commission immediately notified the USAO, who informed the Commission that the inclusion of any non-consensual calls in the December 15, 2009 production to the Commission was unintentional and inadvertent, and the Commission immediately returned the entire 10 CD production to the USAO. The Commission kept no copies. The USAO then notified Goffer's counsel of its inadvertent production to the Commission. The Commission has learned that all of the inadvertently produced recordings had previously been publicly described in the criminal complaint captioned United States v. Zvi Goffer, 09 Mag. 2438, which was unsealed on November 5, 2009.

[4] The Fleming Court saw only two reasons to prevent the use of Title III materials in the subsequent civil tax proceedings: (1) to prevent the Government from using criminal investigations as a subterfuge for developing evidence for civil proceedings, and (2) to protect privacy interests. Fleming, 547 F.2d at 873-74. Here, the criminal proceedings are no pretext for the Commission's enforcement action, and the disclosure sought by the Commission is limited at this juncture to discovery under a protective order of this Court.

The Commission respectfully requests that the Court order the defendants to comply with the Commission's discovery requests and to immediately produce to the Commission all wiretap materials in their possession, custody or control.

Respectfully submitted,

Valerie A. Szczepanik
Senior Trial Counsel

cc: All defense counsel (by email)
Jonathan Streeter, AUSA (by email)
Reed Brodsky, AUSA (by email)
Andrew Michaelson, SAUSA (by email)