# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

WILLIAM E. WHITE
202.887.4000/fax: 202.887.4288
wwhite@akingump.com

February 9, 2010

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *Securities and Exchange Commission v. Galleon Management, LP, et al.*, No. 09-CV-8811 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

    Defendant Raj Rajaratnam responds to Defendant Roomy Khan's February 5, 2010 request for a protective order relating to three specific discovery requests: (1) Mr. Rajaratnam's request to Plaintiff Securities and Exchange Commission for copies of six forensic images of her computers; (2) financial statements of Ms. Khan that Mr. Rajaratnam has subpoenaed from a bank; and (3) Requests 20-25 of Mr. Rajaratnam's First Document Request to Ms. Khan (the "February 5 Letter"). Ms. Khan is one of the key witnesses in the SEC's case against Mr. Rajaratnam. Specifically, Ms. Khan is the SEC's sole witness in support of its insider trading allegations for three stocks alleged in the Complaint: Polycom, Hilton, and Google. Sec. Am. Compl. at ¶¶ 2(i)-(iii), 44-79 (Jan. 29, 2010). Her credibility is a critical issue. While discovery will undoubtedly yield further examples of her lack of truthfulness, at present counsel is aware of the following:

- Ms. Khan was fired from employment at Galleon in or about 2000 for violating company policy by engaging in significant stock trading in accounts that were located outside of Galleon. After concealing this activity for some time, Ms. Khan told Galleon management that this trading netted her millions of dollars. On information and belief, Ms. Khan failed to pay income taxes on those gains.

- During the period from in or about 2000 to 2002, Ms. Khan fabricated allegations of insider trading against Mr. Rajaratnam which were uncorroborated by the FBI and the SEC after an extensive investigation.

- Ms. Khan pleaded guilty to wire fraud in the Northern District of California on April 2, 2001 pursuant to a cooperation agreement and was sentenced on July 1, 2002 to six months' home confinement and three years probation.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Jed S. Rakoff
February 9, 2010
Page 2

- In an action brought by a domestic employee of Ms. Khan's in federal court in the Northern District of California, Ms. Khan fabricated evidence in 2009. By order dated August 28, 2009, the federal judge in that action issued a ruling in which he proposed to give a "strongly worded instruction about the inference of culpability that must be drawn from fabrication of evidence" by Ms. Khan.

- In the same federal court action, Ms. Khan made several declarations about which of her personal computers were in her possession in 2008 and 2009. The computers listed in her declaration do not appear to match the description of the computers that were forensically imaged and that the SEC now has.

- Ms. Khan has recently pled guilty to a count of obstruction of justice in connection with her destruction of an incriminating email that she received from a co-conspirator in early 2008 and her instructions to others (not Mr. Rajaratnam) to do the same. She engaged in this conduct while acting as a government cooperating witness.

Ms. Khan's central objection is that information that goes to her credibility as a witness is irrelevant and not discoverable. That conclusion is incorrect. Relevance, for the purpose of discovery in a civil case, is "an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Additionally, as a case Ms. Khan cites points out, "information showing that a person having knowledge of discoverable facts may not be worthy of belief is **always relevant** to the subject matter of the action." *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 461 (S.D.N.Y. 1988) (emphasis added). The court in that case went on to say that information about prior acts "may serve as the foundation for cross-examination of a witness...and [is] therefore discoverable on that basis." *Id.* at 461-62. Given Ms. Kahn's position as a key witness in the SEC case, this discovery is not only relevant but vital to Mr. Rajaratnam's defense. As we demonstrate below, and in light of the facts discussed above, each of Mr. Rajaratnam's discovery requests is proper.

Forensic Computer Images

Ms. Khan first objects to Mr. Rajaratnam's request to the SEC for the forensic images of five computers that Ms. Khan owned. Ms. Khan has voluntarily provided these images to the SEC. Nonetheless, Ms. Khan now claims that her privacy interests would be invaded if the images were provided to counsel for Mr. Rajaratnam. Ms. Khan also suggests the key word searches that the SEC performed should provide adequate information to Mr. Rajaratnam and that anything more was merely a fishing expedition. For the reasons set forth below, her claims are without merit.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Jed S. Rakoff
February 9, 2010
Page 3

First, the notion that forensic images of computers cannot be obtained through discovery is simply incorrect.[1] Courts have discretion to order the production of forensic images where issues have been fairly raised about the integrity of documents or of the document productions. *Gutman v. Klein*, No. 03 CV 1571, 2008 WL 4682208, at *1 (E.D.N.Y. Oct. 15, 2008) (ordering forensic imaging of hard drives when there was evidence of file tampering). Here, there are such issues, as noted above.

Second, Ms. Khan already provided these images voluntarily to the SEC. Whatever privacy interests Ms. Khan had in those images is surely diminished by that voluntary production. Ms. Khan knew or clearly should have known that by providing these images to the government they would be at significant risk of disclosure either in this litigation, related criminal litigation, or through a Freedom of Information Act request.

Third, the search terms utilized by the SEC are not a sufficient substitute for our review of the forensic images. Ms. Khan's own cited authority makes this point. In *Gross Construction Associates v. American Manufacturers Mutual Insurance*, Magistrate Judge Peck noted that "[k]ey word searches do not reflect context," and that lawyers should not "design key word searches in the dark." 256 F.R.D. 134, 135-36 (S.D.N.Y. 2009). Search terms are simply insufficient to identify other incidents in Ms. Khan's pattern of deceptive behavior.

Fourth, despite claims to the contrary, Mr. Rajaratnam has offered reasonable limitations and protections for this material, all of which were rejected by Ms. Khan's counsel, including an offer to stipulate that the images could be produced as confidential material pursuant to the Court's existing protective order and to refrain from reviewing medical records, photographs, and passwords without Ms. Khan's express permission or the Court's approval.

Finally, these forensic images are also responsive to the document request that was served directly on Ms. Khan. Ms. Khan has failed to timely provide objections to that discovery request

---

[1] *See, e.g., Caylon v. Mizuho Securities USA, Inc.*, No. 07 CIV 02241, 2007 WL 1468889, at *3-4 (S.D.N.Y. May 18, 2007) (citing *Ameriwood Indus. Inc. v. Liberman*, No. 4:06 CV 524, 2006 WL 3825291 (E.D.Mo. Dec. 27, 2006) ( noting that some electronically stored information might not be obtained during a typical search, and that problems with a party's discovery responses may justify a request for hard drive images); *Gutman v. Klein*, No. 03 CV 1571, 2008 WL 4682208, at *1 (E.D.N.Y. Oct. 15, 2008) (noting that Magistrate Judge Levy ordered the defendant to provide plaintiff's counsel with access to computers so that they could copy the computer's hard drives); *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2004 WL 1896913, at *8 (E.D.N.Y. July 15, 2004) (permitting forensic imaging of a defendant's computers to allow the discovery of emails "that may not be as inconsequential" as the plaintiff claimed).

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Jed S. Rakoff
February 9, 2010
Page 4

and she is currently twenty-one days late in responding. As a result, and as we discuss below, she has waived any objections that she may have had to the document request. If Mr. Rajaratnam can obtain those images directly from Ms. Khan, she should not be able to object to their production by a third-party.

Third Party Subpoena to First Republic Bank.

Ms. Khan next objects to Mr. Rajaratnam's subpoena to First Republic Bank requesting records concerning Ms. Khan's various mortgages, loans, and statements of net worth. That subpoena is proper and should be allowed  The records sought pertain not only to an initial mortgage application made in 2000, but also to various related documents, including financial disclosures, dated as recently as 2005. Based on what Mr. Rajaratnam knows of Ms. Khan's financial condition, including significant tax liabilities, he has reason to believe that statements Ms. Khan made on her mortgage documents were false.[2] Knowingly making a false statement on financial disclosures of this kind is a federal crime. If Ms. Khan made such a false statement, it would clearly be relevant to her credibility. Because Ms. Khan's credibility is relevant, and because her propensity to make false statements cannot be elicited by search terms, Mr. Rajaratnam is entitled to the documents he has sought from First Republic Bank.

Ms. Khan also objects to this subpoena because it seeks information that goes back twelve years. The fact that some of Mr. Rajaratnam's requests seek information going back to 1998 is not a bar to its discovery. Ms. Khan made false allegations of insider trading against Mr. Rajaratnam in 2000. Moreover, Mr. Rajaratnam is confident that the SEC intends to open the door to this earlier time period by bringing in evidence of Ms. Khan and Mr. Rajaratnam's relationship in the late 1990s and the claim by Ms. Khan that she provided material non-public information to Mr. Rajaratnam at that time. As a result, Mr. Rajaratnam is entitled to seek discovery from this time period.

Requests 20-25 of Mr. Rajaratnam's Document Request to Ms. Khan

Finally, Ms. Khan objects to Requests 20-25 of Mr. Rajaratnam's First Request for the Production of Documents from Ms. Khan.[3] As an initial matter, Ms. Khan has failed to timely

---

[2] The SEC has put Ms. Khan's financial status at issue, noting that she was experiencing financial difficulties in at least late 2005. Sec. Am. Compl. at ¶ 44.

[3] Those requests seek documents concerning legal matters involving Ms. Khan, her appointments and schedules, her federal and state tax returns, her financial assets and liabilities, her employment history, and any tax liability for which she was delinquent in payment.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Jed S. Rakoff
February 9, 2010
Page 5

respond to Mr. Rajaratnam's discovery requests, and as a result, she has waived her right to object to them.[4] Ms. Khan was served with the complaint and summons in this matter by the SEC in October 2009. Yet Ms. Khan has not responded to the complaint in any way and until last week no one had entered an appearance for her. Ms. Khan did not appear at the Rule 16 conference, did not make required initial disclosures, and has not responded to the SEC's discovery requests. Interestingly, notwithstanding the above, the SEC has not yet moved for the entry of default.

Despite Ms. Khan's failure to participate in this litigation, Mr. Rajaratnam personally served her with a document request on December 19, 2009. Rule 34 required a response to be served by Ms. Khan on January 19, 2010. To this date, no response has been made and is now twenty-one days late. Ms. Khan has given no explanation whatsoever for her failure to serve her responses and objections in the time required by the Federal Rules. In certain situations, courts have allowed parties to make late objections if they can meet a showing of good cause. *Eldaghar v. City of New York*, No. 02 Civ 9151, 2003 WL 22455224, *1 (S.D.N.Y. Oct. 28, 2003) (noting that absence of a valid explanation for a failure to timely serve objections and responses to discovery requests warranted a finding of waiver). But in her February 5 Letter, Ms. Khan has not even attempted to provide a basis for finding good cause. This may not be surprising given the steps that Mr. Rajaratnam went through to obtain a response from Ms. Khan. In addition to personally serving Ms. Khan with the request, the undersigned counsel sent a letter to Ms. Khan's criminal defense attorney on January 6, 2010 advising him of the upcoming deadline. Similarly, on January 29, 2010, having had no contact with Ms. Khan, the undersigned sent Ms. Khan a letter advising her that she had missed the response deadline and that sanctions could attach. Yet as of this date she has still not filed her responses or produced any documents.

---

[4] *See, e.g., Rahman v. Smith & Wollensky*, No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) ("Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases, and effectively turn Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding guidelines."); *Eldaghar v. City of New York*, No. 02 Civ 9151, 2003 WL 22455224, *1 (S.D.N.Y. Oct. 28, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver."); *Gorman v. County of Suffolk*, No. CV 08-533, 2010 WL 55935, *1 (E.D.N.Y. Jan. 6, 2010) ("Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581, 2009 WL 2496463, *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

The Honorable Jed S. Rakoff
February 9, 2010
Page 6

Conclusion

    Ms. Khan's objections to the discovery are without merit and her request for a protective order should be denied. Moreover, Ms. Khan should be directed to immediately and fully respond to Mr. Rajaratnam's document requests.

                                        Respectfully submitted,

                                        William E. White