

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, RM 400
NEW YORK, NEW YORK 10281-1022

February 11, 2010

**Via Facsimile and Email**

The Honorable Jed S. Rakoff
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *SEC v. Galleon Management, LP et al.;* 09 Civ. 8811 (JSR)

Dear Judge Rakoff:

      The Securities and Exchange Commission ("Commission") respectfully submits this letter to respond to the requests of defendants Rajaratnam and Chiesi that the Court stay its Order dated February 9, 2010 (the "Order") and certify the Order for appeal pursuant to 28 U.S.C. § 1292(b). Because defendants do not meet the standards of § 1292(b) and because a stay of the Order would substantially prejudice the Commission, the Commission opposes defendants' request.

      The Second Circuit has noted, "[p]retrial discovery orders are generally not appealable." See In re W.R. Grace & Co., 984 F.2d 587, 589 (2d Cir. 1993) (citations omitted); Barrick Group, Inc. v. Mosse, 849 F.2d 70, 72 (2d Cir.1988) (citations omitted). Under 28 U.S.C. § 1292(b), a District Court may certify to the Court of Appeals an otherwise unappealable order if the order involves " a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An application for appeal does not stay proceedings in the District Court unless the District Court or the Court of Appeals so orders. Id.

      The Order here does not meet the standards of § 1292(b). As Your Honor noted in the Order, the issue decided therein was a "relatively simple one." SEC v. Galleon Mgmt., LP, et al., 09 Civ. 8811 (Mem. Order Feb. 9, 2010), at 2. The issue boils down to whether highly relevant materials in the hands of certain defendants to the Commission's enforcement action should be turned over to the Commission pursuant to the Commission's timely discovery request. After considering the parties' briefing and oral argument, the Court properly ordered that the materials be turned over to the Commission. Given that there was no statutory authority for the defendants' position, the issue is not one where there is a substantial ground for difference of opinion.

Furthermore, an appeal would not hasten the resolution of this litigation. It would only prolong the inequitable status quo, in which "only one party to a litigation [has] access to some of the most important non-privileged evidence bearing directly on the case." SEC v. Galleon Mgmt., LP, et al., 09 Civ. 8811 (Mem. Order Feb. 9, 2010), at 4. The recordings would be produced under the protective provisions of the Court's Order, which prohibits their disclosure to any non-party until at least a court rules on any timely suppression motion. Any alleged error in the Court's Order can be reviewed on appeal from a final judgment in this case.

A stay of the Court's Order would only exacerbate prejudice to the Commission. Each day the Commission is deprived of the voluminous recordings is one less day that the Commission has these materials to prepare for the August trial. On the other hand, there can be no real prejudice to defendants in complying with the Order and producing the recordings by February 15, 2010. Finally, if defendants are successful in taking their appeal, the Commission may be forced to consider seeking a broader stay of discovery in order to prevent the prejudice perpetuated by the informational imbalance that now exists, and to prevent added inefficiencies and burdens on witnesses that may have to be deposed twice.

Respectfully submitted,

Valerie A. Szczepanik
Senior Trial Counsel

cc: Terence J. Lynam, Esq. (by email)
James M. Keneally, Esq. (by email)
All Counsel of Record (by email)

2