# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

- against -

GALLEON MANAGEMENT, LP, et al.,

                        Defendants.

09 Civ. 8811 (JSR)



FILED U.S. DC
FEB 11 2010
S.D. OF N.Y.

## NOTICE OF APPEAL

**PLEASE TAKE NOTICE** that Raj Rajaratnam, defendant in the above-captioned action, hereby appeals to the United States Court of Appeals for the Second Circuit from the Memorandum Order entered in this action on February 9, 2010 (a copy of which is attached) granting the Securities and Exchange Commission's Motion to Compel the production of sealed Title III materials protected by 18 U.S.C. § 2510 *et seq.*, and all other orders, rulings, or proceedings giving rise to the Order.

Dated: February 11, 2010
       New York, New York

                            AKIN GUMP STRAUSS HAUER & FELD LLP

                            By: _____

                            Robert H. Hotz, Jr. (rhotz@akingump.com)
                            Samidh Guha
                            One Bryant Park
                            New York, New York 10036
                            (212) 872-1000

                            John M. Dowd (admitted *pro hac vice*)
                            Terence J. Lynam (admitted *pro hac vice*)
                            William E. White (admitted *pro hac vice*)
                            Akin Gump Strauss Hauer & Feld LLP
                            1333 New Hampshire Ave, NW

Washington, DC 20036
(202) 887-4386

*Attorneys for defendant Raj Rajaratnam*

**TO:**

Valerie A. Szczepanik
Senior Trial Counsel
United States Securities and Exchange Commission
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
*Attorney for the SEC*

Alan Robert Kaufman
Kelley Drye & Warren
101 Park Avenue
New York, NY 10178
*Attorney for Danielle Chiesi
(Defendant)*

Cynthia Margaret Monaco
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
*Attorney for Zvi Goffer
(Defendant)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
            Plaintiff,                :    09 Civ. 8811 (JSR)
                                      :
       -v-                            :    MEMORANDUM ORDER
                                      :
GALLEON MANAGEMENT, LP, et al.,       :
                                      :
            Defendants.               :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

   Several months after the filing of this lawsuit, criminal indictments predicated on essentially the same allegations of "insider trading" as here alleged were returned against a number of the same defendants as here named. See United States v. Rajaratnam, 09 Cr. 1184, filed on December 15, 2009 and assigned to Judge Holwell; and United States v. Goffer, 10 Cr. 056, filed on January 21, 2010 and assigned to Judge Sullivan. As the pleadings and other filings in those cases make clear, the prosecutors in those cases had previously obtained wiretap recordings of the defendants and others that they intend to use in the criminal cases and have already partially disclosed publicly. But, although the Department of Justice (the "Government") and the Securities and Exchange Commission (the "S.E.C.") were, in the Government's word, "partner[s]" in the investigation of the underlying allegations, see transcript of hearing, 1/25/10, at 30, 31, 33, the Government did not share the wiretap recordings with the S.E.C. at any time during the

investigation and, with one exception mentioned below, has not shared them since. However, subsequent to the filing of the indictment in <u>United States v. Rajaratnam</u>, the Government provided the wiretap recordings to the defendants in that case, Raj Rajaratnam and Danielle Chiesi, and presumably will do the same in the criminal case before Judge Sullivan. It also appears that the defendants in the case before Judge Holwell may share the recordings with counsel for some other defendants pursuant to a "joint defense" agreement. <u>See</u> Letter from Valerie A. Szczepanik, Esq., at 4 n.3 (Jan. 20, 2010).

Since, as a result, certain of the defendants have had access to these recordings, while the S.E.C. has not, the S.E.C. timely propounded discovery demands, pursuant to Federal Rules of Civil Procedure 26 and 34, for production of the recordings from these defendants. The defendants opposed, and the Court then received extensive written and oral submissions from the relevant parties, as well as from interested third parties such as the Government. Although, in the process, adroit counsel raised numerous interesting and even esoteric arguments, in the end the Court finds the issue to be a relatively simple one.

The parties agree that the recordings are highly relevant to this case and that they would ordinarily be discoverable. <u>See</u> Fed. R. Civ. P. 26(b)(1). For example, if it were the defendants who had themselves made the recordings, they would not have any basis to

2

refuse production of the recordings to their adversary, even if they did not themselves intend to use the recordings at trial. The parties also agree that the Government, in providing these recordings to the defendants as part of discovery in the criminal case, did not seek any protective order barring the defendants from using these recordings in any way in this parallel case or, for that matter, in any other respect.

The defendants in possession of the recordings nonetheless argue that they are precluded by law from disclosing the tapes to the S.E.C. or, indeed, to anyone not involved in the joint defense of the criminal cases. But they have proved unable to cite any statutory authority for this restriction. Instead, they argue that, because of privacy and other concerns that animated Congress in passing the applicable statue, 18 U.S.C. §§ 2510-2522 (more commonly called "Title III," because these sections were collectively Title III of the Omnibus Crime Control and Safe Streets Act of 1968), the statute should be read as implicitly prohibiting any disclosure of the recordings not expressly authorized by the statute. See also In re New York Times Co., 577 F.3d 401, 407 (2d Cir. 2009) ("[T]urning Title III into a general civil discovery mechanism would simply ignore the privacy rights of those whose conversations are overheard." (quoting In re NBC, 735 F.2d 51, 54 (2d Cir. 1984)) (internal quotation mark omitted)).

3

It is true that the statute, in § 2517, specifies the conditions under which the Government is authorized to disclose the contents of wiretap recordings; but as the Second Circuit long ago concluded, "it is a non-sequitur to conclude the obverse: that Congress intended in § 2517 . . . to forbid . . . access by any other means on any other occasion." In re Newsday, Inc., 895 F.2d 74, 77 (2d Cir. 1990). Moreover, while most of § 2517 is directed at specifying the scope and conditions for disclosure of wiretap materials by "any investigative or law enforcement person," the section was amended in 1970 to provide that "[a]ny person" who has lawfully received wiretap recordings may disclose their contents while giving testimony "in any proceeding held under the authority of the United States or of any State or political subdivision thereof." § 2517(3). As two sister circuits have noted, since this means, at a minimum, that in a civil enforcement action a government agency could call to the stand a criminal enforcement agent who had lawful access to the wiretaps to testify to their contents, it would be absurd for the civil attorneys preparing the witness not to have access to the wiretap recordings beforehand. See In re High Fructose Corn Syrup Antitrust Litig., 216 F.3d 621, 624 (7th Cir. 2000); Fleming v. United States, 547 F.2d 872, 875 (5th Cir. 1977). More broadly, the notion that only one party to a litigation should have access to some of the most important non-privileged evidence bearing directly on the case runs counter to basic principles of civil discovery in an adversary

4

system and therefore should not readily be inferred, at least not when the party otherwise left in ignorance is a government agency charged with civilly enforcing the very same provisions that are the subject of the parallel criminal cases arising from the same transactions.[1]

It follows that the S.E.C.'s demand for production of wiretap recordings presently in the possession of certain of the defendants here should be granted and the recordings produced to the S.E.C. by no later than February 15, 2010, and production of the recordings should also be promptly made to any other party to this case that makes a similar demand on the applicable defendants.

This is not to say, however, that Congress' concern with privacy, which underlay much of the debate over Title III, should be ignored, particularly in light of the defendants' indication that they intend to move, in this or some other court, for suppression of the wiretap recordings on the ground that they were allegedly obtained in violation of law. But the simple way to satisfy this concern at this juncture is to cover the wiretap recordings with a protective order prohibiting their disclosure to any non-party until, at a minimum, a court of competent jurisdiction rules on any suppression motion that is timely filed (keeping in mind that the trial of this action is firmly set for August 2, 2010).

---

[1] By contrast, one could readily imagine cases where a court might find that the presumption in favor of protecting privacy might easily outweigh a similar discovery request by a purely private plaintiff, let alone a third party. See In re New York Times Co., 577 F.3d at 406-07.

5

Accordingly, defendants Rajaratnam and Chiesi are hereby ordered to produce to the S.E.C. by February 15, 2010 copies of all the wiretap recordings received by those defendants from the Government, and to promptly produce the same materials to any other party to this case who so demands in writing, provided that all parties to this case who have or receive such recordings shall not provide them to any person who is not a party to this case pending further order of this Court.[2]

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
February 9, 2010

---

[2] The above ruling obviates the need for the Court to consider the defendants' request that the Court hold a hearing on a small group of wiretap recordings that were inadvertently provided by the Government to the S.E.C. and then retracted. Similarly, the Court has no occasion to rule on the Government's contention that, under its reading of § 2517, it is free at any time to provide the entire set of recordings to the S.E.C., since, in fact, it has not done so.