**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION :

               Plaintiff,            :

                  v.             :     09 Civ. 8811 (JSR)
                                  :     ECF Case

GALLEON MANAGEMENT, LP,           :
RAJ RAJARATNAM,                  :     **Electronically Filed**
RAJIV GOEL,                       :
ANIL KUMAR,                     :
DANIELLE CHIESI,               :
MARK KURLAND,                :
ROBERT MOFFAT,               :
NEW CASTLE FUNDS LLC,        :
ROOMY KAHN,                 :
DEEP SHAH,                    :
ALI HARIRI,                      :
ZVI GOFFER,                    :
DAVID PLATE,                  :
GAUTHAM SHANKAR,         :
SCHOTTENFELD GROUP LLC,    :
STEVEN FORTUNA,           :
and                                 :
S2 CAPITAL MANAGEMENT, LP,    :

             Defendants.       :

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER ON BEHALF OF DEFENDANT NEW CASTLE FUNDS LLC

    Defendant New Castle Funds LLC ("New Castle"), by its attorneys, Skadden, Arps, Slate,

Meagher & Flom LLP, answers the Securities and Exchange Commission's ("Plaintiff") Second

Amended Complaint (the "Complaint") as follows:

1

## SUMMARY

1.      Denies the allegations of paragraph 1 of the Complaint as they relate to New Castle.  New Castle denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint.

2.      Denies the allegations of paragraph 2 of the Complaint as they relate to New Castle.  New Castle denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

       (i)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (ii)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (iii)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (iv)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (v)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (vi)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

       (vii)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

(viii)        Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

(ix)        Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

(x)        Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph, except admits that Danielle Chiesi and Mark Kurland directed trading in Akamai securities on behalf of New Castle accounts.

(xi)        Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph, except admits that Danielle Chiesi and/or Mark Kurland directed trading in SUN, IBM and AMD securities on behalf of New Castle accounts.

(xii)        Denies knowledge or information sufficient to form a belief as to the truth of the allegations of this sub-paragraph.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

3.      Paragraph 3 of the Complaint contains a listing of the forms of relief Plaintiff is seeking in this action and the purported authority under which it seeks them.  To the extent a responsive pleading is deemed to be required, New Castle denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the

Complaint.

## JURISDICTION AND VENUE

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, except admits that Plaintiff purports to premise jurisdiction on the cited statutory provisions.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, except admits that Plaintiff purports to premise venue on the cited statutory provisions, that Danielle Chiesi and Mark Kurland reside within the Southern District of New York and that New Castle conducts business within the Southern District of New York.

## DEFENDANTS

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.     Denies the allegations of paragraph 10 of the Complaint, except admits that Danielle Chiesi is 43 years old, resides in New York, New York, was a consultant for New Castle from January 1, 2009, until approximately October 16, 2009, and holds Series 7 and 63 securities licenses.

11.     Denies the allegations of paragraph 11 of the Complaint, except admits that Mark Kurland is 60 years old, resides in Mount Kisco, New York and was a General Partner of New Castle from January 1, 2009, until taking a leave of absence on approximately October 16, 2009.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Denies the allegations of paragraph 13 of the Complaint, except admits that New Castle is a Delaware limited liability company, is a registered investment advisor based in White Plains, New York, and as of April 17, 2009, had assets under management of over $971 million.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

## RELEVANT INDIVIDUALS AND ENTITIES

23. Admits the allegations of paragraph 23 of the Complaint.

24. Admits the allegations of paragraph 24 of the Complaint.

25. Admits the allegations of paragraph 25 of the Complaint.

26. Admits the allegations of paragraph 26 of the Complaint.

27. Admits the allegations of paragraph 27 of the Complaint.

28. Admits the allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Admits the allegations of paragraph 31 of the Complaint.

32. Admits the allegations of paragraph 32 of the Complaint.

33. Admits the allegations of paragraph 33 of the Complaint.

34. Admits the allegations of paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, except admits that McKinsey is a global management consulting firm headquartered in New York, New York that advises businesses, governments and other institutions on issues of strategy, organization, technology and operations.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, except admits that Moody's is a rating agency that performs research and analysis on borrowers' creditworthiness.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, except admits that PeopleSupport was a business process outsourcing provider offering customer management, transcription, captioning and other services, and its stock traded on the Nasdaq under the symbol "PSPT."

41.     Admits the allegations of paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, except admits that SUN's stock trades on the Nasdaq under the symbol "JAVA," and that Oracle Corporation announced that it had entered into a definitive merger agreement pursuant to which it would acquire SUN.

## FACTS

**A.     Insider Trading in Polycom Securities**

44.     Denies knowledge or information sufficient to form a belief as to the truth

7

of the allegations of paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint.

**B.**     **Insider Trading in Hilton Securities**

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

C.      **Insider Trading in Google Securities**

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint.

**D.      Insider Trading in Kronos Securities**

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint.

**E.**     **Insider Trading in Intel Securities**

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint.

**F.    Insider Trading in Clearwire Securities**

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Complaint.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint.

**G.      Insider Trading in PeopleSupport Securities**

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Complaint.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Complaint.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Complaint.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 of the Complaint.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Complaint.

**H.      Insider Trading in Akamai Securities**

119.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Complaint.

120.     Paragraph 120 does not contain any allegations.  To the extent a responsive pleading is deemed to be required, New Castle denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Complaint.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 of the Complaint, except admits that Danielle Chiesi and/or Mark Kurland directed trading in Akamai securities on or about the dates listed on behalf of New Castle accounts.

122. Denies the allegations of paragraph 122 of the Complaint as they relate to New Castle. New Castle denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 of the Complaint.

123. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 of the Complaint.

124. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 of the Complaint.

I. **Insider Trading in SUN Securities**

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Complaint.

126. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint.

127. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint.

128. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint.

130. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 130 of the Complaint, except admits that Danielle Chiesi directed the purchase of Sun securities on or about the date listed on behalf of New Castle accounts.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.

**J.    Insider Trading in ATI Securities**

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint.

**K.    Insider Trading in AMD Securities**

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 of the Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 140 of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 of the Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 of the Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145 of the Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146 of the Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint, except admits that Danielle Chiesi and/or Mark Kurland directed the purchase of AMD securities on or about the date listed on behalf of New Castle accounts.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Complaint.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149 of the Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint, except admits that Danielle Chiesi and/or Mark Kurland directed the purchase of AMD securities in or about the time period listed on behalf of New Castle accounts, including the purchase of approximately 127,600 AMD shares on or about September 30, 2008.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 of the Complaint.

**L.      Insider Trading in eBay Securities**

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint.

**M.      Insider Trading in IBM Securities**

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 of the Complaint, except admits that Danielle Chiesi directed the trading of IBM securities in or about the time period listed on behalf of New Castle accounts.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 of the Complaint, except admits that Danielle Chiesi directed the trading of IBM securities in or about the time period listed on behalf of New Castle accounts..

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint.

159. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint, except admits that Danielle Chiesi directed the sale of IBM securities in or about the time period listed on behalf of New Castle accounts.

**N.** **Insider Trading in Atheros Securities**

160. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint.

161. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint.

162. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint.

163. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint.

**CLAIMS FOR RELIEF**

**CLAIM I**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**
(Against all Defendants)

164. In response to paragraph 164 of the Complaint, New Castle repeats and reasserts paragraphs 1 through 163 of this Answer as if fully set forth herein.

165. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint.

166. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 of the Complaint.

167. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the Complaint.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint.

171.     Denies the allegations of paragraph 171 of the Complaint as they relate to New Castle. New Castle denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 171 of the Complaint.

172.     Denies the allegations of paragraph 172 of the Complaint as they relate to New Castle. New Castle denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 172 of the Complaint.

173.     Paragraph 173 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, New Castle denies the allegations of paragraph 173 insofar as they relate to New Castle, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 insofar as they relate to the other defendants named therein.

174.     Paragraph 174 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, New Castle denies the allegations of paragraph 174 insofar as they relate to New Castle, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174 insofar as they relate to the other defendants named therein.

## Violations of Section 17(a) of the Securities Act
**(Against Galleon, Rajaratnam, Goel, Chiesi, Kurland, New Castle, Khan, Far, Lee, Far & Lee, Spherix Capital, Hariri, Shankar, Schottenfeld, Fortuna and S2 Capital)**

175.    In response to paragraph 175 of the Complaint, New Castle repeats and reasserts paragraphs 1 through 174 of this Answer as if fully set forth herein.

176.    Paragraph 176 of the Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, New Castle denies the allegations of paragraph 176 insofar as they relate to New Castle, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 insofar as they relate to the other defendants named therein.

177.    Paragraph 177 of the Complaint contains conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, New Castle denies the allegations of paragraph 177 insofar as they relate to New Castle, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177 insofar as they relate to the other defendants named therein.

### RELIEF SOUGHT

178.    New Castle denies that Plaintiff is entitled to any relief as against New Castle in this action.

### GENERAL DENIAL

179.    Denies each and every allegation, statement, matter and thing in the Complaint not expressly admitted or qualified herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

180.     The Complaint fails to state a claim against New Castle upon which relief can be granted.

### Second Affirmative Defense

181.     New Castle did not itself engage in any unlawful conduct, and New Castle is not liable for any unlawful acts that may have been committed by Danielle Chiesi and Mark Kurland.

182.     New Castle began conducting business on or about January 1, 2009. Prior to that date, the New Castle funds were managed and advised by entities affiliated with Bear Stearns & Co Inc. and/or JPMorgan Chase & Co., which were responsible for all compliance functions with respect to the New Castle funds prior to January 1, 2009.

183.     From and after its commencement of operations on or about January 1, 2009, New Castle has at all times had a comprehensive Code of Ethics and Policy Statement on Insider Trading, which sets forth New Castle's strong commitment to the highest standards of business ethics and flatly prohibits insider trading. New Castle has at all times had a compliance officer whose responsibilities include taking appropriate measures to assure compliance by all New Castle personnel with all applicable laws, rules and regulations, as well as with New Castle's Code of Ethics and Policy Statement on Insider Trading. New Castle and its compliance officer did take reasonable and appropriate measures to assure such compliance by New Castle personnel, including, among other things, explaining and reviewing applicable laws, rules and regulations and New Castle's Code of Ethics and Policy Statement on Insider Trading to all personnel, obtaining written certifications from all personnel stating that they understood and

agreed to comply with New Castle's Code of Ethics and Policy Statement on Insider Trading, and engaging in periodic and random reviews of trading.

184. Danielle Chiesi and Mark Kurland each executed such written certifications attesting to their compliance with New Castle's Code of Ethics and its Policy Statement on Insider Trading.

185. To the extent that Danielle Chiesi and Mark Kurland may have violated any applicable laws, rules, regulations, policies or procedures on or after January 1, 2009, they acted far beyond the scope of their authority, and in a manner that was unauthorized by New Castle and directly in conflict with New Castle's Code of Ethics and Policy Statement on Insider Trading, and New Castle is not responsible for any such unauthorized, improper and wrongful conduct.

186. To the extent that any such violations by Danielle Chiesi and Mark Kurland may have occurred prior to January 1, 2009, such conduct likewise was beyond the scope and in violation of their authority and duties to Bear Stearns & Co. Inc. or JPMorgan Chase & Co., who were responsible for the compliance function of the funds currently managed by New Castle prior to January 1, 2009, and in any case cannot be charged to New Castle, which did not manage the funds or assume responsibility for the compliance function until January 1, 2009.

187. New Castle hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this Answer and assert all such defenses.

188. New Castle hereby joins the affirmative defenses asserted by other defendants in this action, to the extent applicable.

WHEREFORE, New Castle demands judgment dismissing the Complaint and awarding New Castle such other, further and different relief as the Court deems just and proper.

Dated: February 12, 2010

Steven R. Glaser
Michael P. Holland
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Steven.Glaser@skadden.com
Michael.Holland@skadden.com

Attorneys for Defendant New Castle Funds LLC