John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh J. Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 09-CV-8811-JSR |
| | § | ECF CASE |
| GALLEON MANAGEMENT, LP, et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT RAJ RAJARATNAM

Defendant Raj Rajaratnam ("Mr. Rajaratnam"), by his attorneys Akin Gump Strauss Hauer & Feld LLP and in Answer to the Second Amended Complaint of the Securities and Exchange Commission ("SEC"), states as follows:

## GENERAL DENIALS AND PRELIMINARY STATEMENT

A.      Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Akamai, Advanced Micro Devices, ATI Technologies,

1

Dockets.Justia.com

Clearwire, eBay, Google, Hilton, Intel, PeopleSupport, or Polycom as alleged in the Second Amended Complaint.

B.    Galleon employed professional analysts who covered various companies and provided in-depth analysis that was utilized for investment decisions.  Those analysts conducted their own examination of the companies at issue in this Second Amended Complaint, utilizing their own expertise as well as third party research reports and other publicly available information to formulate their opinions.  The research performed by the Galleon analysts was more detailed and precise than any of the information that the Second Amended Complaint alleges was purportedly conveyed to Mr. Rajaratnam.

C.    In each of the stocks where Mr. Rajaratnam is alleged to have traded based on inside information, the information that was allegedly conveyed to Mr. Rajaratnam was already public as it was widely disseminated through the press or through analysts.

D.    Galleon pursued a strategy that was in place before the alleged inside information described in the Second Amended Complaint was purportedly conveyed to Mr. Rajaratnam.  His subsequent securities transactions were consistent with those positions and strategies.

E.    Mr. Rajaratnam did not know, and could not have reasonably known, that anyone breached a duty of trust or confidence in any discussions that he had regarding the stocks alleged in the Second Amended Complaint.

F.    Mr. Rajaratnam did not provide any benefit to anyone in exchange for any alleged inside information.

G.      The Government's unprecedented use of electronic surveillance in this

case violated Title III and Mr. Rajaratnam's constitutional rights.  Under Title III, electronic

surveillance is permitted only when necessary for the investigation of specified crimes and only

when alternative investigative procedures have been tried or appear unlikely to succeed.  At or

around the time the Government sought authorization to intercept communications, the SEC,

under the guise of an investigation of another unrelated hedge fund, had already interviewed

numerous witnesses under oath, including Mr. Rajaratnam, and questioned them about the

conduct alleged in the Amended Complaint.  In response to requests made by the SEC, Galleon

produced tens of thousands of pages of documents.  None of these facts were brought to

the Court's attention as required by Title III of the Omnibus Crime Control and Safe Streets Act

of 1968 (18 U.S.C. § 2510-2522) in connection with the wire tap applications (which are, by

their nature, *ex parte*) despite the fact that the lead SEC staff attorney who participated in that

SEC investigation is now a Special Assistant United States Attorney assigned to the parallel

criminal case and who submitted applications in support of the Government's requests for

electronic surveillance.  Although these facts were well known to the Government, the

Government misrepresented to the court that interviews of Mr. Rajaratnam and others could not

be done and were "too risky," and that a "failed interview" would "seriously compromise the

entire insider trading investigation."  Furthermore, there were additional materially false

statements made to the court by the Government in support of these wiretap applications

including, but not limited to, the misrepresentation that CS-1, who has been identified as Roomy

Khan, had "not yet been charged with any crimes," when in truth and in fact, Khan had been

convicted of wire fraud in the United States District Court for the Northern District of California

in 2001.  Khan also pleaded guilty as part of her cooperation agreement to destroying evidence in

connection with an SEC investigation in early 2008. The destruction of evidence occurred at the time Khan was a cooperating government witness and prior to the time that most of the wiretap applications were made to the court. In addition, Khan fabricated evidence in a civil case in federal court in the Northern District of California, further calling her credibility and reliability into question.

**SUMMARY**

1. Mr. Rajaratnam currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 as to Robert Moffat ("Moffat"), New Castle, Spherix Capital, and S2 Capital. Mr. Rajaratnam admits that Galleon, at times relevant to the Second Amended Complaint, was a multi-billion dollar New York hedge fund that he co-founded and where he served as Managing General Partner. Mr. Rajaratnam admits that Rajiv Goel ("Goel") was employed by Intel Corporation. Mr. Rajaratnam admits that Anil Kumar ("Kumar") was employed by McKinsey & Co ("McKinsey"). Mr. Rajaratnam denies the remaining allegations in paragraph 1.

2. Mr. Rajaratnam denies the allegations in paragraph 2 to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to other defendants.

> (i) Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(ii)     Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(iii)    Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(iv)    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

(v)     Mr. Rajaratnam denies the allegations in this sub-paragraph.

(vi)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(vii)   Mr. Rajaratnam denies the allegations in this sub-paragraph.

(viii)  Mr. Rajaratnam denies the allegations in this sub-paragraph.

(ix)    Mr. Rajaratnam denies the allegations in this sub-paragraph.

(x)     Mr. Rajaratnam denies the allegations in this sub-paragraph to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph as to the other defendants.

(xi)     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

(xii)    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this sub-paragraph.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

3.      To the extent that paragraph 3 consists of a description of the SEC's enforcement authority, it does not require a response.  Mr. Rajaratnam denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4.      Mr. Rajaratnam admits the allegations in paragraph 4.

5.      Mr. Rajaratnam admits the allegations in the first sentence.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, except he admits he lives in New York, New York and works at Galleon's New York, New York headquarters.

## DEFENDANTS

6.      Mr. Rajaratnam admits the allegations in paragraph 6, except he denies that the Diversified Fund is a tech fund.

7.      Mr. Rajaratnam admits the allegations in the first sentence.  As to the second sentence, he admits he is the co-founder and the Managing General Partner of Galleon and that he serves as a portfolio manager of the Galleon Tech funds.  He admits the allegations in the third and fourth sentences.  Mr. Rajaratnam denies the remaining allegations in paragraph 7.

8. Mr. Rajaratnam admits the allegations in the first sentence. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Mr. Rajaratnam admits the allegations in the third and fourth sentences.

9. Mr. Rajaratnam admits that Kumar was a friend and that Kumar was employed by McKinsey, a global business consulting firm. Mr. Rajaratnam admits that Kumar attended the Wharton School of the University of Pennsylvania with Mr. Rajaratnam in the early 1980s. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Mr. Rajaratnam admits that Chiesi resides in New York, New York and that she was a portfolio manager at New Castle, a hedge fund investment adviser. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Mr. Rajaratnam admits that Kurland was employed by New Castle. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Mr. Rajaratnam admits that New Castle was formerly part of Bear Stearns Asset Management, and that New Castle serves as an investment adviser to several hedge funds. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.     Mr. Rajaratnam admits that Khan was employed by Intel in the late 1990s and subsequently was employed at Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Mr. Rajaratnam admits that Hariri worked at Atheros.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.     Mr. Rajaratnam admits that Goffer was affiliated with Schottenfeld and Incremental Capital.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

## RELEVANT INDIVIDUALS AND ENTITIES

23.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except that Mr. Rajaratnam admits that Akamai provides services for facilitating the delivery of content and applications over the internet and that Akamai's stock trades on the Nasdaq under the symbol "AKAM."

24.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except that Mr. Rajaratnam admits that AMD is a semiconductor company headquartered in Sunnyvale, California and that AMD's stock trades on the NYSE under the symbol "AMD."

25.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, except Mr. Rajaratnam admits that Atheros is a developer of semiconductor systems for wireless and other network communication products, and that Atheros's stock trades on the Nasdaq under the symbol "ATHR."

26.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, except Mr. Rajaratnam admits that ATI was a Canadian corporation acquired by AMD, that ATI designed and manufactured graphics chips, and that ATI's securities traded on the Nasdaq under the symbol "ATYT."

27.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except Mr. Rajaratnam admits that Clearwire builds

and operates wireless broadband networks in the United States and abroad, that it is headquartered in Washington, and that Clearwire's stock trades on the Nasdaq under the symbol "CLWR." Mr. Rajaratnam admits that Intel or an Intel subsidiary provided financing for Clearwire's joint venture with Sprint.

28.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 except Mr. Rajaratnam admits that eBay is headquartered in San Jose, California, provides online marketplaces for the sale of goods and services as well as online payment services, and that eBay's securities are traded on the Nasdaq under the symbol "EBAY."

29.     Mr. Rajaratnam admits that Far resides in California, that during the relevant period, he was a managing partner, portfolio manager, and co-founder of Spherix Capital, a hedge fund investment adviser, and that he was previously a managing director, portfolio manager, and analyst at Galleon. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except that Mr. Rajaratnam admits that Google hosts an internet search engine, that it is headquartered in Mountain View, California, and that Google's stock trades on the Nasdaq under the symbol "GOOG."

32. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except that Mr. Rajaratnam admits that Hilton is an international hotel chain, that Hilton was taken private by The Blackstone Group, and that Hilton ceased trading on the NYSE, but formerly traded under the symbol "HLT."

33. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except that Mr. Rajaratnam admits that IBM is a computer technology and IT consulting firm and that IBM's stock trades on the NYSE under the symbol "IBM."

34. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except that Mr. Rajaratnam admits that Intel is a microprocessor manufacturer headquartered in Santa Clara, California, that Intel or an Intel subsidiary invested $1 billion in a joint venture in which Clearwire and Sprint agreed to combine their wireless broadband or WiMax businesses, and that Intel's stock trades on the Nasdaq under the symbol "INTC."

35. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except Mr. Rajaratnam admits that Kronos makes workforce management software for businesses, that Kronos was acquired by Hellman & Friedman, and that Kronos's stock traded on the Nasdaq under the symbol "KRON."

36. Mr. Rajaratnam admits that Lee resides in California, that during the relevant period he was a managing partner, portfolio manager, and co-founder of Spherix Capital, a hedge fund investment adviser. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, except Mr. Rajaratnam admits that McKinsey is a global management consulting firm that advises on issues of strategy, organization, technology, and operations, and that McKinsey provided consulting services to AMD.

39.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, except Mr. Rajaratnam admits that Moody's is a rating agency that performs research and analysis on borrower credit-worthiness, and that Moody's is a registered Nationally Recognized Statistical Rating Organization.

40.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, except that Mr. Rajaratnam admits that PeopleSupport was a business process outsourcing provider offering customer management, transcription, captioning and other services, that it merged with Aegis BPO Services Ltd., and that PeopleSupport's stock traded on the Nasdaq under the symbol "PSPT."

41.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, except that Mr. Rajaratnam admits that Polycom produces applications for voice, video, and data networking and that Polycom's stock trades on the Nasdaq under the symbol "PLCM."

42.     Mr. Rajaratnam admits that Spherix Capital is a Delaware limited liability company, is a hedge fund investment adviser based in California, and is in the process of

winding down its operations.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

43.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, except that Mr. Rajaratnam admits that SUN provides network computing infrastructure, that it is headquartered in Santa Clara, California, that SUN's stock trades on the Nasdaq under the symbol "JAVA," and that Oracle Corporation announced that it had entered into a definitive merger agreement pursuant to which it would acquire SUN.

## FACTS

### A.  Insider Trading in Polycom Securities

44.     Mr. Rajaratnam admits that he first met Khan in the late 1990s, when she was employed at Intel.  Mr. Rajaratnam admits that Khan worked at Galleon for a time.  Mr. Rajaratnam admits that Khan approached him to inquire about working at Galleon but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that she was facing financial difficulties at that time.  Mr. Rajaratnam denies the remaining allegations in paragraph 44.

45.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Mr. Rajaratnam denies the second and third sentences of paragraph 49.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49.

50.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date, number of shares, or number of call option contracts.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.

51.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, price, or alleged profit.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom.  Mr. Rajaratnam denies the remaining allegations in paragraph 51.

52.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Mr. Rajaratnam denies the allegations in paragraph 53, except that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.

54.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning price or date. Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55.     Mr. Rajaratnam admits that Galleon traded in Polycom but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning price, date, or alleged profit.  Mr. Rajaratnam denies the third sentence.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Polycom.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

**B.  Insider Trading in Hilton Securities**

56.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, except that he denies the allegations to the extent

they suggest that he received and/or traded on the basis of material non-public information in the securities of Hilton.

59.     Mr. Rajaratnam admits that Galleon traded in Hilton but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of shares.   Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Hilton.  Mr. Rajaratnam denies that the stated purpose of the Galleon Tech funds is to make investments in the technology sector to the exclusion of other industries.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Mr. Rajaratnam admits that Galleon traded in Hilton but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date or alleged profit.

64.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

**C. Insider Trading in Google Securities**

68.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Mr. Rajaratnam denies the allegations in paragraph 70.

71.     Mr. Rajaratnam admits that Galleon traded in Google but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Google.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.

72.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Mr. Rajaratnam denies the allegations in paragraph 74.

75.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

### D.  Insider Trading in Kronos Securities

80.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

### E. Insider Trading in Intel Securities

93.     Mr. Rajaratnam denies the allegations in the first sentence.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     Mr. Rajaratnam denies the allegations in paragraph 94.

95.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, price, or number of shares.  Mr. Rajaratnam denies that the purpose of any contact with Goel was to exchange material, nonpublic information.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95.

96.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, except that he denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, price, number of shares, or alleged profit.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.  To the extent the phrase "abruptly shifted course with respect to Intel" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

97.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Mr. Rajaratnam denies the allegations in the first sentence.  Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99.

100.    Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.  To the extent that the phrase "reversed course" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

101.    Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101.

102.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102.

103.     Mr. Rajaratnam denies the allegations in paragraph 103.

104.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104.

105.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, price, or alleged profit.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Intel.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105.

**F. Insider Trading in Clearwire Securities**

106.     Mr. Rajaratnam denies the allegations in paragraph 106.

107.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108.

109.     Mr. Rajaratnam admits that Galleon traded in Intel but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.  To the extent the phrase "timely contacts" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

110.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110.

111.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.     Mr. Rajaratnam admits that Galleon traded in Clearwire but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, or price.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Clearwire.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

113.     Mr. Rajaratnam denies the allegations in paragraph 113.

## G.  Insider Trading in PeopleSupport Securities

114.     Mr. Rajaratnam denies the allegations in paragraph 114.

115.     Mr. Rajaratnam admits that Galleon once held a 25% ownership stake in PeopleSupport and that a Galleon designee was a member of the Board for some period of time.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115.

116.     Mr. Rajaratnam denies the allegations in paragraph 116.

117.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, except that he denies that he received and/or traded on the basis of material non-public information in the securities of PeopleSupport.

118.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, except that he denies that he received and/or traded on the basis of material non-public information in the securities of PeopleSupport.

**H. Insider Trading in Akamai Securities**

119.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.     Mr. Rajaratnam denies the allegations in paragraph 122 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

123.     Mr. Rajaratnam admits that Galleon traded in Akamai but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date, number of shares, price, or alleged profit.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of Akamai.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph

123. To the extent the phrase "dramatic increase" is a characterization, it requires no response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

124. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

## I. Insider Trading in SUN Securities

125. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131. Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

**J.  Insider Trading in ATI Securities**

132.    Mr. Rajaratnam denies the allegations in paragraph 132.

133.    Mr. Rajaratnam denies the allegations in paragraph 133.

134.    Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences.  Mr. Rajaratnam admits that Galleon traded in ATI securities but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date.  Mr. Rajaratnam denies the remaining allegations in paragraph 134.

135.    Mr. Rajaratnam admits that AMD publicly announced a transaction to acquire ATI on July 24, 2006 and that ATI's stock price increased as a result.  Mr. Rajaratnam denies that he received, traded, and/or made illicit profits on the basis of any material non-public information in the securities of ATI.  Mr. Rajaratnam admits that Galleon traded in ATI securities but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date or alleged profit.  Mr. Rajaratnam denies the remaining allegations in paragraph 135.

136.    Mr. Rajaratnam denies the allegations in paragraph 136.

137.    Mr. Rajaratnam denies the allegations in paragraph 137.

138.    Mr. Rajaratnam denies the allegations in the first sentence.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138.

**K. Insider Trading in AMD Securities**

139.     Mr. Rajaratnam admits that AMD announced a spinoff of its semiconductor manufacturing operations into a joint venture with a company formed by the government of Abu Dhabi and that an Abu Dhabi sovereign wealth fund would be investing in AMD.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139.

140.     Mr. Rajaratnam denies the allegations in paragraph 140.

141.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.     Mr. Rajaratnam denies the allegations in the first sentence of paragraph 142.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142.

143.     Mr. Rajaratnam denies the allegations in the second and fourth sentences.  Mr. Rajaratnam denies that he received and/or traded on the basis of any material non-public information in the securities of AMD.  Mr. Rajaratnam admits that AMD negotiated with various entities during 2008 in an effort to sell its manufacturing business.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143.

144.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.     Mr. Rajaratnam admits that Galleon traded in AMD but lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning date or number of shares.  Mr. Rajaratnam denies that he received and/or traded on the basis of material non-public information in the securities of AMD.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146.  To the extent the phrase "dramatically increased" is a characterization, it does not require a response, but to the extent a response is required, Mr. Rajaratnam denies the allegation.

147.     Mr. Rajaratnam denies that he and Chiesi exchanged material, nonpublic information about the AMD Transactions.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147.

148.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.     Mr. Rajaratnam denies that he and Chiesi exchanged material nonpublic information about the AMD Transactions.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150.

151.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

**L.  Insider Trading in eBay Securities**

154.     Mr. Rajaratnam denies the allegations in the second sentence.  Mr. Rajaratnam denies that he received, traded, or made illicit profits on the basis of material non-public information in the securities of eBay.  Mr. Rajaratnam admits that Galleon traded in eBay but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning date or alleged profit.  Mr. Rajaratnam admits that Galleon had established a short position in eBay securities prior to eBay's announcement of a work force reduction.  Mr. Rajaratnam admits that eBay publicly announced its plans to implement a significant reduction of its global workforce.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154.

**M. Insider Trading in IBM Securities**

155.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

**N.  Insider Trading in Atheros Securities**

160.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.     Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

**<u>CLAIMS FOR RELIEF</u>**

**CLAIM 1**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**
**(Against all Defendants)**

164.     Mr. Rajaratnam re-alleges and incorporates his answers to paragraphs 1 through 163, as though fully set forth herein.

165.     Mr. Rajaratnam denies the allegations in paragraph 165 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 as they apply to other defendants.

166.     Mr. Rajaratnam denies the allegations in paragraph 166 to the extent they relate to Goel or Kumar.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 166.

167.     Mr. Rajaratnam denies the allegations in paragraph 167 to the extent they relate to Goel or Kumar.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167.

168.     Mr. Rajaratnam denies the allegations in paragraph 168 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 168.

169.     Mr. Rajaratnam denies the allegations in paragraph 169 to the extent they apply to him.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 169.

170.     Mr. Rajaratnam denies the allegations in paragraph 170.

171.     Mr. Rajaratnam denies the allegations in paragraph 171 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 as they apply to other defendants.

172.     Mr. Rajaratnam denies the allegations in paragraph 172 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 as they apply to other defendants.

173.     Mr. Rajaratnam denies the allegations in paragraph 173 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 as they apply to other defendants.

174.     Mr. Rajaratnam denies the allegations in paragraph 174 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 as they apply to other defendants.

## CLAIM II

### Violations of Section 17(a) of the Securities Act
**(Against Galleon, Rajaratnam, Goel, Kumar, Chiesi, Kurland, New Castle, Khan, Hariri, Shankar, Schottenfeld, Fortuna and S2 Capital)**

175.     Mr. Rajaratnam re-alleges and incorporates his answers to paragraphs 1 through 174, as though fully set forth herein.

176.     Mr. Rajaratnam denies the allegations in paragraph 176 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 as they apply to other defendants.

177.     Mr. Rajaratnam denies the allegations in paragraph 177 to the extent they apply to him or to Galleon.  Mr. Rajaratnam lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 as they apply to other defendants.

## RELIEF SOUGHT

Mr. Rajaratnam denies that the Commission is entitled to the relief sought in sub-sections I-VI of this section to the extent the relief sought applies to him.

To the extent any allegation in the Second Amended Complaint is not admitted herein, it is denied.


Dated:  February 16, 2010


By:    /s/ Robert H. Hotz, Jr

John M. Dowd (admitted *pro hac vice*)
Terence J. Lynam (admitted *pro hac vice*)
William E. White (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington, DC 20036
(202)887-4000

Robert H. Hotz, Jr. (RH-4456)
Samidh J. Guha (SG-5759)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212)872-1000

*Attorneys for Raj Rajaratnam*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by causing a copy to be filed via the Court's CM/ECF system on this 16th day of February 2010.

/s/ Robert H. Hotz, Jr
Robert H. Hotz, Jr. Esq.

| Party | Counsel |
|---|---|
| **Securities and Exchange Commission** | **Valerie A. Szczepanik**<br>U.S. Securities and Exchange Commission<br>Three World Financial Center<br>New York , NY 10281<br>(212) 336-0175 |
| **Galleon Management, LP** | **Adam S. Hakki**<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York , NY 10022<br>(212) 848-4924 |
| **Rajiv Goel** | **Norman A. Bloch**<br>Thompson Hine LLP<br>335 Madison Avenue, 12th Floor<br>New York , NY 10017<br>(212) 908-3942 |
| **Anil Kumar** | **Gregory R. Morvillo**<br>Morvillo, Abramowitz, Grand, Iason, Anello, & Bohrer, P.C.<br>565 Fifth Avenue<br>New York , NY 10017<br>(212) 880-9435<br><br>**Robert G. Morvillo**<br>Morvillo, Abramowitz, Grand, Iason, Anello, & Bohrer, P.C.<br>565 Fifth Avenue<br>New York , NY 10017<br>(212) 856-9494 |

| | |
|---|---|
| **Danielle Chiesi** | **Alan R. Kaufman**<br>Kelley Drye & Warren<br>101 Park Avenue<br>New York , NY 10178<br>(212) 661-0040 |
| **Mark Kurland** | **Theodore Altman**<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York , NY 10020<br>(212) 335-4560 |
| **Robert Moffat** | **Kenneth I. Schacter**<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York , NY 10022<br>(212) 705-7487 |
| **New Castle Funds LLC** | **Steven R. Glaser**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>42nd floor<br>New York , NY 10036<br>(212) 735-2465 |
| **Roomy Khan** | **David Wikstrom**<br>26 Broadway, 19th Floor<br>New York , NY 10004<br>(212) 248-5511 |
| **Ali Hariri** | **Harlan J. Protass**<br>Law Offices of Harlan J. Protass, PLLC<br>305 Madison Avenue, Suite 1301<br>New York, New York 10165<br>(212) 682-4426 |
| **Zvi Goffer** | **Cynthia M. Monaco**<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York , NY 10020<br>(212) 278-1000 |

| | |
|---|---|
| **David Plate** | **Roland G. Riopelle**<br>Sercarz & Riopelle, L.L.P.<br>152 West 57th Street, 24th Floor<br>New York , NY 10019<br>(212) 586-4900 |
| **Gautham Shankar** | **Frederick L. Sosinsky**<br>Law Offices of Frederick L. Sosinsky<br>225 Broadway, Suite 715<br>New York , NY 10007<br>(212) 285-2270 |
| **Schottenfeld Group LLC** | **Kenneth M. Breen**<br>Fulbright & Jaworski L.L.P.<br>666 Fifth Avenue<br>New York , NY 10103<br>(212) 318-3340 |
| **Steven Fortuna** | **Adler C. Bernard**<br>Dornbush Schaeffer Strongin & Venaglia, LLP<br>747 Third Avenue<br>New York , NY 10017<br>(212) 750-3300 |