# BINGHAM

Kenneth I. Schacter
Direct Phone: (212) 705-7487
Direct Fax: (212) 752-5378
kenneth.schacter@bingham.com

February 22, 2010

**VIA FACSIMILE - 212-805-7935**

Hon. Jed S. Rakoff
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Securities and Exchange Commission v. Galleon Management LP et al.*, No. 09 Civ. 8811 (JSR)

Dear Judge Rakoff:

We represent defendant Robert Moffat in the above-referenced matter. I am writing to address a legal issue that arose during the conference on Friday, February 19, 2010, concerning the Government's motion to adjourn the trial in this matter until after the conclusion of the trial in *United States v. Rajaratnam et al.*, No. 09 Cr. 1184 (RJH).

During the conference, I requested that, in considering the Government's application, the Court take into account the potential prejudice that would inure to individual defendants like Mr. Moffat if the civil trial occurred prior to the criminal trial. Among other things, I noted that, if the civil trial were held before the criminal trial, then as a practical matter, individual defendants would be precluded from testifying on their own behalf based on Fifth Amendment considerations. In addition, witnesses who may be in a position to provide relevant information (such as, in Mr. Moffat's case, defendant Danielle Chiesi) would be unavailable to testify for the same reason. Conversely, if the civil trial were held after the criminal trial then, depending on the result of the criminal trial, Ms. Chiesi might be in a position to testify in this case.

During this discussion, the Court raised the question of whether, following the criminal trial, Ms. Chiesi may nonetheless decline to testify in this case based on possible exposure to state criminal charges, and cited the "dual sovereignty" rule. In responding to the Court's question, I stated that we believed that, under New York state law, a previous federal prosecution would preclude a later New York state charge arising from the same transactions or occurrences, although I could not immediately cite authority to support that proposition. Having now researched the issue, I wanted to provide the Court with the relevant authority.

It is correct that, as a matter of constitutional law, under the "dual sovereignty" doctrine, the Double Jeopardy Clause does not bar successive federal and state prosecutions for the same conduct. *Bartkus v. Illinois*, 359 U.S. 121 (1959); *United States v. Lanza*, 260

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com

U.S. 377 (1922). However, New York has enacted a statute, Section 40.20 of the Criminal Procedure Law ("CPL"), that provides broader protection against double jeopardy than the Constitution. Section 40.20 provides that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction," subject to certain enumerated exceptions. "CPL 40.20, New York's statutory double jeopardy provision, generally prohibits successive prosecutions for two offenses based on a single act or criminal transaction." *People v. Bryant*, 92 N.Y.2d 216, 226, 699 N.E.2d 910, 913, 677 N.Y.S.2d 286, 288 (1998) (citing cases). Section 40.20 has been held to bar a state prosecution following a federal prosecution based on the same conduct. *See, e.g., Matter of Seda v. Sise*, 231 A.D.2d 36, 661 N.Y.S.2d 76 (3d Dep't 1997) (dismissing state indictment based on same transactions that were the subject of previous federal prosecution).

As the New York Court of Appeals recently observed, "New York does indeed have relatively broad statutory protection against double jeopardy, and our statutory law does reject, in large part, the dual sovereignty doctrine." *Matter of Polito v. Walsh*, 8 N.Y.3d 683, 691, 871 N.E.2d 537, 541, 840 N.Y.S.2d 1, 6 (2007). Here, the operation of CPL 40.20 would appear to preclude a subsequent state prosecution of Ms. Chiesi, or others, based on the same conduct. Absent a concern regarding a subsequent New York state prosecution, Ms. Chiesi may be able to testify at the trial of this case if it comes after the criminal trial.

While it is not possible to state definitively at this point whether the outcome of the criminal case would in fact result in Ms. Chiesi testifying at a subsequent trial in this case, moving the trial date would, at a minimum, create the real possibility that that would occur. This is something that we can say with a high degree of assurance will *not* happen if the present order of trials is not altered.

Thank you for your attention to this matter.

Respectfully,

Kenneth I. Schacter

cc: All Counsel (via email)