Securities and Exchange Commission v. Galleon Management, LP et al                                                                Doc. 154

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :

                   Plaintiff,       :

        -against-                   :

GALLEON MANAGEMENT, LP,             :    09 Civ. 8811 (JSR)
RAJ RAJARATNAM,
RAJIV GOEL,                         :    PROTECTIVE ORDER
ANIL KUMAR,
DANIELLE CHIESI,                    :
MARK KURLAND,
ROBERT MOFFAT,                      :
NEW CASTLE FUNDS LLC,
ROOMY KHAN,                         :
DEEP SHAH,
ALI T. FAR,                         :
CHOO-BENG LEE,
FAR& LEE, LLC,                      :
SPHERIX CAPITAL LLC,
ALI HARIRI,                         :
ZVI GOFFER,
DAVID PLATE,                        :
GAUTHAM SHANKAR,
SCHOTTENFELD GROUP, LLC,
STEVEN FORTUNA,
   and                              :
S2 CAPITAL MANAGEMENT, LP,
                                    :
                   Defendants.
                                    :
------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-10
```

JED S. RAKOFF, U.S.D.J.

Whereas a party to this action has issued requests for discovery and subpoenas pursuant to the Federal Rules of Civil Procedure calling for the production of communications between the recipient of the discovery request or subpoena and either the Office of the United States Attorney for the Southern District of New York or the Federal Bureau of Investigation ("Protected

Communications"), and upon the application of the United States of America, by Preet Bharara, United States Attorney, Jonathan R. Streeter, Assistant United States Attorney, of counsel, an intervenor in this matter, for a protective Order preventing discovery of Protected Communications, and the Court having found that good cause exists for the issuance of a protective order upon the aforementioned application, it is therefore hereby

ORDERED that any person or entity subject to this Order - including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order - shall adhere to the following terms, upon pain of contempt:

1. No person or entity shall, in response to a request for discovery or subpoena issued pursuant to the Federal Rules of Civil Procedure in this action, produce any Protected Communication absent further order of this Court or consent of the United States Attorney's Office.

2. To the extent a Protected Communication is or has already been produced in response to a request for discovery or subpoena issued pursuant to the Federal Rules of Civil Procedure in this action, any recipient of such production shall (a) immediately return any and all documents that contain or reflect

a Protected Communication to the producing party, and (b) destroy any copies of such documents as well as any derivative materials that reflect a Protected Communication.

3. Any party to this action that issues a request for discovery or subpoena calling for the production of a Protected Communication shall simultaneously provide the recipient of the discovery request or subpoena with a copy of this Protective Order. To the extent a party to this action has already issued such a request or subpoena, such party shall provide a copy of this Protective Order to the recipient within three business days of the entry of this Order.

4. Any person who receives a request for discovery or subpoena in this action calling for the production of a Protected Communication shall, without revealing the substance or content of a Protected Communication, provide both the issuing party and the United States Attorney's Office with a general description of that Protected Communication so that the issuing party can make an application to this Court for production of that Protected Communication, and the United States Attorney's Office can respond to that application.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:
    New York, New York
    2-24-10

3